IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF | : | |
| 634 Fountain Street | : | CIVIL ACTION NO:  02-CV-4615 |
| Philadelphia, PA  19128, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEARS ROEBUCK & CO. | : | |
| 7300 Bustleton Avenue | : | |
| Philadelphia, PA  19152, | : | |
| | : | |
| and | : | |
| | : | |
| BAUGHAN & BUSHNELL | : | |
| MANUFACTURING CO. | : | |
| P.O. Box 390 | : | |
| 11414 Maple Avenue | : | |
| Hebron, Illinois 60034-0390 | : | |
| | : | |
| Defendants. | : | |

## MOTION TO STAY ADDITIONAL DISCOVERY

AND NOW come the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell

Manufacturing Co. (improperly identified in the caption as "Sears Roebuck & Co." and

"Baughan & Bushnell Manufacturing Co."), by and through their undersigned counsel, and file

the within Motion To Stay Additional Discovery, averring as follows:

1.       This Court entered a discovery order on September 4, 2002 ordering in part that

discovery be completed by July 1, 2003, a copy of which is attached hereto as Exhibit "A."

2.       By Order of Court dated June 16, 2003, discovery was extended until October 1,

2003.  A copy of said Order is attached hereto as Exhibit "B."

3.      Plaintiff's First Set of Interrogatories Directed to Defendants was served upon Defendants on September 4, 2002 and Request for Production of Documents Addressed to Defendant was served on September 5, 2002.  Defendants responded on January 31, 2003. Additional responses to Plaintiff's discovery requests were provided to Plaintiff by letter dated July 10, 2003.

4.      Defendants' First Set of Interrogatories Directed To Plaintiff and Defendants' First Request for Production of Documents were served on September 26, 2002.  Plaintiff responded on February 11, 2003.

5.      Defendants' Second Set of Interrogatories and Request for Production of Documents Directed to the Plaintiff was served on June 11, 2003.  Plaintiff's Answers to Defendants' Second Set of Interrogatories and Request for Production of Documents Directed to the Plaintiff were served on August 13, 2003.

6.      Defendants' Third Set of Interrogatories and Request for Production Directed to Plaintiff and Defendants' First Set of Expert Interrogatories Directed to Plaintiff were served on September 24, 2003.

7.      Defendants conducted the deposition of Plaintiff Scott Gangloff on April 23, 2003.

8.      Defendants conducted two depositions of the Plaintiff's parents on April 24, 2003.[1]

9.      On August 7, 2003, a hearing was held before U.S. District Court Judge Eduardo C. Robreno, at which time Plaintiff's motion to compel was granted in part and denied in part.

---

[1]      Defendants conducted these three depositions in April, 2003, after they had been noticed two times and were in each instance rescheduled by the Defendants at Plaintiff's counsel's request.

10.     The Court entered an Order on August 7, 2003, directing that Defendants file supplemental answers to interrogatories and requests for production on or before September 22, 2003.

11.     Defendants conducted three depositions of fact witnesses on August 12, 2003.

12.     Defendants served supplemental answers to interrogatories on August 29, 2003, and produced additional documentation on September 11, 2003.

13.     To date, Plaintiff never issued any notices of deposition for any witnesses, although defendants have provided multiple dates.

14.     Moreover, the original Scheduling Order of September 4, 2002 (Exhibit "A") contemplated expert discovery to be completed within the final sixty (60) days of discovery.[2]

15.     Plaintiff has failed to respond to any interrogatories or request for production regarding expert discovery.

16.     Notwithstanding, and in full compliance with the Court's October 1, 2003 discovery deadline, Defendants retained a consultant to examine the subject Craftsman hammer and other related hammers on August 12, 2003.

17.     Likewise, again in full compliance with the Court's October 1, 2003 discovery deadline, Defendants requested and Plaintiff submitted to an independent medical examination on September 22, 2003, notwithstanding the fact that Plaintiff has never identified their medical expert and has not produced an expert report.

18.     By Order of this Court dated June 16, 2003, discovery is to be completed by October 1, 2003.

---

[2]     Discovery should generally proceed in five phases:  (1) written discovery and production of documents, (2) depositions, (3) production of Plaintiff's expert report and deposition of Plaintiff's expert, (4) production of defendant's expert report and deposition of defendant's expert, (5) filing of motions for summary judgment.  Counsel for both parties shall decide inter se how best to proceed in accordance with the court's general directions.

19.     Plaintiff has not filed a motion for any extension of time of the discovery deadline.

20.     Pursuant to Federal Rule 56 and in compliance with this Court's prior Order of June 16, 2003, Defendants are filing a motion for summary judgment which is ripe for determination by this Court at this time.

21.     Defendants' Motion for Summary Judgment can be determined as a matter of law without any additional discovery as explained in the Motion for Summary Judgment filed contemporaneously on this date.

22.     Defendants' Motion for Summary Judgment is filed timely pursuant to the Court's prior Order dated June 16, 2003.

WHEREFORE, based on the court-ordered discovery deadline of October 1, 2003, and the interests of judicial efficiency and economy, any additional discovery in this case should be stayed pending determination of Defendants' Motion for Summary Judgment.

CIPRIANI & WERNER, P.C.

By: _____
Mike Adams, Esquire
Pa. I.D. No.  49688
Michael R. Lettrich, Esquire
Pa. I.D. No.  80653

1100 Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within MOTION TO STAY ADDITIONAL DISCOVERY was served upon Plaintiff's counsel via first class mail, postage prepaid, on October 1, 2003, as follows:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102

CIPRIANI & WERNER, P.C.

By: _____
Mike Adams, Esquire
Pa. I.D. No.  49688
Michael R. Lettrich, Esquire
Pa. I.D. No.  80653

1100 Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF                          :
634 Fountain Street                     :        CIVIL ACTION NO:  02-CV-4615
Philadelphia, PA  19128,                :
                                        :
            Plaintiff,                  :
                                        :
        v.                              :
                                        :
SEARS ROEBUCK & CO.                     :
7300 Bustleton Avenue                   :
Philadelphia, PA  19152,                :
                                        :
        and                             :
                                        :
BAUGHAN & BUSHNELL                      :
MANUFACTURING CO.                       :
P.O. Box 390                            :
11414 Maple Avenue                      :
Hebron, Illinois 60034-0390             :
                                        :
            Defendants.                 :


## <u>ORDER OF COURT</u>


    AND NOW, this _____ day of _____, 2003, upon

consideration of the foregoing Motion to Stay Additional Discovery, it is hereby ORDERED that

any additional discovery in this case is stayed pending determination of Defendants' Motion for

Summary Judgment.


                        _____J.