UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | : Civil Action No. 02-CV-4615 |
| Plaintiff, | : |
| v. | : |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | : Hon. Eduardo C. Robreno |
| Defendants, | : |

**ORDER**

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED AND DECREED that Defendants' Motion for Summary Judgment is denied without prejudice. It is further ORDERED that Plaintiff's Rule 56(f) application is granted and that Plaintiff shall have until December 31, 2003 to conduct further discovery in this case. Plaintiff may conduct further discovery in this case if necessary after December 31, 2003 upon proper application to this Court.

BY THE COURT:

_____
Honorable Eduardo C. Robreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

SCOTT GANGLOFF,  :  Civil Action No. 02-CV-4615
:
Plaintiff,  :
:
v.  :
:
SEARS ROEBUCK & CO., and  :
VAUGHAN & BUSHNELL MANUFACTURING CO.  :  Hon. Eduardo C. Robreno
:
Defendants,  :
_____

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby responds in opposition to the Motion for Summary Judgment filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"). For the reasons set forth in the attached Memorandum of Law, it is respectfully requested that this Honorable Court deny Defendants' Motion for Summary Judgment without prejudice as it is premature.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE: October 21, 2003      BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800
Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

SCOTT GANGLOFF,                   :     Civil Action No. 02-CV-4615
                                  :
         Plaintiff,             :
                                  :
         v.                     :
                                  :
SEARS ROEBUCK & CO., and          :
VAUGHAN & BUSHNELL MANUFACTURING CO. :  Hon. Eduardo C. Robreno
                                  :
         Defendants,            :
_____


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby respectfully submits this Memorandum of Law in Support of Plaintiff's Response in Opposition to the Motion for Summary Judgment filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"). Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for Summary Judgment without prejudice pursuant to Rule 56(f) of the Federal Rules of Civil Procedure as the motion is premature and discovery has not been completed by the parties.

**I.    STATEMENT OF FACTS**

This is a products liability action brought by Plaintiff, Scott Gangloff, against Defendants, Sears and Vaughan, as a result of serious and permanent injuries sustained while using a defective Craftsman hammer on June 17, 2000. This hammer was sold by Defendant Sears and

manufactured by Defendant Vaughan. On the date of the accident, Plaintiff was using the hammer in a foreseeable manner when, suddenly and without warning, a sharp metal fragment broke away from the hammer's striking surface and propelled into Plaintiff's right eye. The metal fragment became deeply lodged within Plaintiff's eye and has caused serious and permanent injury to the Plaintiff. The injuries sustained by the Plaintiff are the direct and proximate result of Defendants' defective manufacture, design, and failure to warn Plaintiff of the known dangers associated with this hammer. In the Complaint, Plaintiff sets forth claims against Defendants, Sears and Vaughan, sounding in negligence, breach of warranty, and strict products liability due to the hammer's manufacturing, design, and warning defects.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Upon consideration of a motion for summary judgment, the court must draw the inferences from the underlying facts in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir.1988). The court should not, however, consider a motion for summary judgment until the non-moving party has had "adequate time for discovery." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548, 2552 (1986).

Federal Rule of Civil Procedure 56(f) gives the court discretion to delay action on a motion for summary judgment "should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition. This court may refuse the application for judgment or may order . . . depositions to be taken or discovery to be had . . ." Fed.R.Civ.P. 56(f). Under Rule 56(f), a party seeking relief is typically required to submit an affidavit that identifies the remaining discovery that is sought, sets forth the reason that the discovery was not previously obtained, and indicates how the discovery would affect summary judgment. Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir. 1989). The purpose of the affidavit requirement is to ensure that the non-moving party is invoking the protection of Rule 56(f) in good faith and to afford the trial court the opportunity to assess the merits of a party's opposition. St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994). Upon consideration of a Rule 56(f) application, district courts typically grant the non-moving party the opportunity to conduct further discovery "as matter of course." Id.; see also International Raw Materials, Ltd. v. Stauffer Chemical Company, 898 F.2d 946, 949 (3d Cir. 1990) (where facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as matter of course).

### B. THE COURT SHOULD DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AS PLAINTIFF HAS NOT HAD ADEQUATE TIME AND OPPORTUNITY FOR DISCOVERY.

This Honorable Court should deny Defendants' Motion for Summary Judgment without prejudice pursuant to Federal Rule of Civil Procedure 56(f) because Plaintiff has not had adequate time and opportunity to conduct discovery in this case. Pursuant to Rule 56(f) of the

3

Federal Rules of Civil Procedure, Plaintiff hereby attaches as Exhibit "A" and incorporates by reference an Affidavit, which sets forth the basis for the within request. As stated in the attached Affidavit, this Honorable Court issued an Order on August 7, 2003, upon consideration of Plaintiffs' Motion to Compel Discovery and the arguments made by counsel during oral argument, which compelled Defendants to provide supplemental discovery responses to Plaintiff by September 22, 2003, and provided that discovery would proceed in accordance with the directives placed on the record by the Court at the August 7, 2003 hearing. During the hearing, the Court specifically ordered Defendants to provide supplemental discovery responses to Plaintiff and that Plaintiff would be permitted to conduct corporate designee depositions of the Defendants' representatives pursuant to Federal Rule of Civil Procedure 30(b)(6) after the supplemental discovery responses were provided. The Court also ordered that Plaintiff would be afforded the opportunity to return to the Court if further discovery is needed after Plaintiff's counsel conducted the 30(b)(6) corporate designee depositions of Defendants' representatives.

Shortly before the September 22, 2003 deadline, Defendants provided supplemental responses to Plaintiff's Interrogatories and Request for Production of Documents. Defendants' supplemental responses were unverified and failed to address many of the deficiencies discussed on the record during the August 7, 2003, hearing. Nevertheless, despite the shortcomings in Defendants' supplemental responses, Plaintiff agreed to proceed with the 30(b)(6) corporate designee depositions of Defendants' representatives. It was mutually agreed among counsel that these depositions would be respectively conducted on October 7 and 14, 2003. Accordingly, Plaintiffs served Defendants with Notices of Deposition scheduling the deposition of Dan Chambers of Defendant Vaughan for October 7, 2003 and the deposition of

4

Farlin Caufield of Defendant Vaughan for October 14, 2003. Copies of these deposition notices are attached hereto as Exhibit "B".

Shortly thereafter, counsel for the Defendants unilaterally cancelled all 30(b)(6) corporate designee depositions of Defendants' representatives. Defendants' unilateral cancellation of these depositions has effectively precluded Plaintiff from conducting discovery in accordance with the Court's directives during the August 7, 2003 hearing and thwarted Plaintiff's ability to discover critical information regarding the manufacture, design, sale, and distribution of the defective hammer. Defendants' refusal to permit Plaintiff's counsel to conduct the depositions of Defendants' corporate designees is a direct affront to the directives issued by the Court at the August 7, 2003 hearing.

Plaintiff anticipates that the depositions of Defendants' corporate designees will provide and reveal further evidence and information to support Plaintiff's claims against the Defendants and defeat any application for summary judgment. The information sought by Plaintiff through discovery is in the exclusive control of the Defendants and Plaintiff has been and will continue to be severely prejudiced in his ability to prepare for trial without Defendants' full and complete discovery responses in this matter.

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Plaintiff requests that this Honorable Court deny Defendants' Motion for Summary Judgment without prejudice as it is premature and essential discovery has not been completed by the parties. Plaintiff respectfully requests that this Honorable Court permit Plaintiff to conduct further discovery, including but not limited to the 30(b)(6) corporate designee depositions of Defendants' representatives, before considering the merits of Defendants' Motion for Summary Judgment. Accordingly,

Plaintiff requests that this Court deny Defendants' Motion for Summary Judgment without prejudice and allow the parties to complete essential discovery in this case.

## IV.     **CONCLUSION**

For the reasons set forth above, it is respectfully requested that this Honorable Court deny Defendants' Motion for Summary Judgment without prejudice pursuant to Federal Rule of Civil Procedure 56(f) as the motion is premature and discovery has not been completed by the parties.

Respectfully Submitted,

SHERIDAN & MURRAY


DATE: October 21, 2003        BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiff

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

### AFFIDAVIT

I, THOMAS W. SHERIDAN, ESQUIRE, hereby certify and state as follows:

1. I am an attorney-at-law licensed to practice law in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania and I am counsel for Plaintiff, Scott Gangloff, in the above-captioned matter. As such, I am fully competent to testify to the within matter.

2. This is a products liability action involving a defective Craftsman hammer that caused serious and permanent injuries to the Plaintiff on June 17, 2000, while he used the hammer in a foreseeable manner. Plaintiff's Complaint sets forth claims against Defendants, Sears and Vaughan, sounding in negligence, breach of warranty, and strict products liability due to the hammer's manufacturing, design, and warning defects.

3. In this case, Plaintiff served the Defendants with a First Set of Interrogatories and Request for Production of Documents on September 5, 2002. Responses were due on

October 8, 2002, but were not provided until January 31, 2003 (nearly four months beyond the date said responses were due).

4. Defendants' responses were deficient in multiple respects and Plaintiff's counsel specifically advised counsel for the Defendants of these deficiencies and demanded supplemental responses. Plaintiff's counsel confirmed this demand in a letter dated April 23, 2003, and requested that Defendants provided full and complete discovery responses to obviate the need for judicial intervention.

5. Defendants failed to provide supplemental responses in response to Plaintiff's April 23, 2003 letter and prompted Plaintiff's counsel to send, yet another, letter to counsel for the Defendants on June 2, 2003, requesting supplemental responses.

6. Despite Plaintiff's efforts to resolve this discovery matter without judicial intervention, Plaintiff was forced to file a Motion to Compel Discovery against the Defendants on July 28, 2003, seeking full and complete responses to Plaintiff's discovery requests.

7. This Honorable Court heard oral argument on Plaintiff's Motion to Compel Discovery on August 7, 2003.

8. During oral argument, this Honorable Court carefully considered the deficiencies in Defendants' discovery responses and ordered that Defendants provide supplemental discovery responses to Plaintiff by September 22, 2003. The Court further ordered that Plaintiff would be permitted to conduct corporate designee depositions of the Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6) after supplemental discovery responses were provided. The Court indicated that discovery was extended until December, 2003. The Court further ordered that Plaintiff would be afforded the opportunity to return to the Court if

further discovery is needed after Plaintiff's counsel conducted the 30(b)(6) corporate designee depositions of Defendants' representatives.

9.  Following the hearing, this Honorable Court entered an Order, dated August 7, 2003, which stated that: (1) Plaintiff's Motion to Compel Discovery was granted in part and denied in part; and (2) Defendants' "shall amend their responses to plaintiff's interrogatories and request for production of documents by **September 22, 2003**, in accordance with the court's oral directions on the record."  The Order also contained a footnote, which stated that "further discovery shall also proceed in accordance with the court's oral directions on the record."

10. Shortly before the September 22, 2003 deadline, Defendants provided supplemental responses to Plaintiff's Interrogatories and Request for Production of Documents.  Defendants' supplemental responses were unverified and failed to address many of the deficiencies discussed on the record during the August 7, 2003, hearing.

11. Despite the shortcomings in Defendants' supplemental responses, Plaintiff agreed to proceed with the 30(b)(6) corporate designee depositions of Defendants' representatives.

12. Due to the respective schedules of counsel, corporate designee depositions were scheduled to be conducted in October, 2003.  Specifically, it was mutually agreed that the Defendants would produce Dan Chambers, Quality Control Manager of Defendant Vaughan, for deposition on October 7, 2003, in Philadelphia, Pennsylvania and Farlin Caufield, Executive Vice President of Defendant Vaughan, on October 14, 2003, in Chicago, Illinois.

13. On October 1, 2003, Plaintiffs served Defendants with Notices of Deposition scheduling the deposition of Dan Chambers of Defendant Vaughan for October 7, 2003, the

deposition of Defendant Sears' corporate designee for October 10, 2003, and the deposition of Farlin Caufield of Defendant Vaughan for October 14, 2003.

14. On the same date, Defendants filed a Motion to Stay Discovery seeking to preclude Plaintiff from conducting further discovery and a Motion for Summary Judgment.

15. Defense counsel then unilaterally cancelled all 30(b)(6) corporate designee depositions of Defendants' representatives.

16. Defendants' unilateral cancellation of these depositions has effectively precluded Plaintiff from conducting discovery in accordance with the Court's directives during the August 7, 2003 hearing and thwarted Plaintiff's ability to discover critical information regarding the manufacture, design, sale, and distribution of the defective hammer.

17. Defendants' refusal to permit Plaintiff's counsel to conduct the depositions of Defendants' corporate designees is a direct affront to the directives issued by the Court at the August 7, 2003 hearing.

18. It is anticipated that the depositions of Defendants' corporate designees will provide and reveal further evidence and information to support Plaintiff's claims against the Defendants and defeat any application for summary judgment.

19. The information sought by Plaintiff through discovery is in the exclusive control of the Defendants and Plaintiff has been and will continue to be severely prejudiced in his ability to prepare for trial without Defendants' full and complete discovery responses in this matter.

20. Plaintiff, on the other hand, has served full and complete responses to all of the Defendants' written discovery requests, produced multiple witnesses for deposition, allowed for the inspection of the products, and fully and fairly engaged in discovery in good faith.

21.    Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, I hereby request that this Honorable Court deny Defendants' Motion for Summary Judgment without prejudice as it is premature and essential discovery has not been completed by the parties.

22.    Plaintiff respectfully requests this Honorable Court permit Plaintiff to conduct further discovery, including but not limited to the 30(b)(6) corporate designee depositions of Defendants' representatives, including Sears, and such further discovery as necessary, before considering the merits of Defendants' Motion for Summary Judgment.

                        CERTIFIED TO THE COURT BY:

DATE:  October 21, 2003       BY:    _____
                                         Thomas W. Sheridan, Esquire (ID# 56939)
                                         Sean E. Quinn, Esquire (ID# 86346)
                                         3800 Centre Square West
                                         Philadelphia, Pennsylvania 19102
                                         (215) 972-7800

                                         Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment was served upon the following via facsimile and/or first class mail on   October 21, 2003  :

>Michael R. Lettrich, Esquire
>Cipriani & Werner
>Two Chatham Center
>Suite 1100
>Pittsburgh, PA  15219-3437

>SHERIDAN & MURRAY


BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiffs