IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF

        v.           NO. 02-CV-4615

SEARS ROEBUCK & CO. and VAUGHAN
& BUSHNELL MANUFACTURING CO.

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Scott Gangloff, by and through his undersigned counsel, hereby submits this Supplemental Opposition to Defendants' premature Motion for Summary Judgment for the reasons set forth more fully in the supplemental Affidavit of Thomas W. Sheridan, Esquire, submitted pursuant to Rule 56(f) of the Federal Rules of Civil Procedure which is attached hereto as Exhibit "A".

Plaintiff respectfully requests that the Defendants' premature Motion for Summary Judgment be denied pursuant to Rule 56(f) as the Motion is premature and discovery has not been completed by the parties.

                          SHERIDAN & MURRAY

                        BY:  _____
                                THOMAS W. SHERIDAN, ESQUIRE
                                Identification No. 56939
                                3800 Centre Square West
                                Philadelphia, PA  19102
                                (215) 972-7800

                                Attorney for Plaintiff

Date: October 22, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF

v.   NO. 02-CV-4615

SEARS ROEBUCK & CO. and VAUGHAN
& BUSHNELL MANUFACTURING CO.

**SUPPLEMENTAL AFFIDAVIT PURSUANT TO RULE 56(f)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

I, Thomas W. Sheridan, Esquire, hereby certify and state as follows:

1. I am an attorney-at-law licensed to practice law in the Commonwealth of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania and I am counsel for Plaintiff, Scott Gangloff, in the above-captioned matter. As such, I am fully competent to testify to the within matter.

2. On October 21, 2003, the undersigned submitted an Affidavit pursuant to Rule 56(f) of the Federal Rules of Civil Procedure setting for additional discovery necessary in this case for Plaintiff to prepare for trial and to oppose Defendants' Motion for Summary Judgment.

3. The deposition of the corporate designees of both Defendants pursuant to Rule 36(b)(6) as well as the depositions of Dan Chambers, Quality Control Manager of Defendant Vaughan, and Farlin Caufield, Executive Vice President of Defendant Vaughan, are necessary in order for Plaintiff to adequately prepare this case for trial and to oppose the Defendants' premature Motion for Summary Judgment.

4.      Moreover, additional witnesses may be identified by the corporate designees of the Defendants and/or Messrs. Chambers and Caufield and it will be necessary for Plaintiff to depose any such individuals in order to properly prepare for trial and to oppose the Defendants' premature Motion for Summary Judgment.

5.      These depositions are particularly necessary for Plaintiff to oppose the Defendants argument for Summary Judgment when they contend that adequate warnings were provided with the hammer at issue.  Plaintiff must have an opportunity to depose the defense witnesses with knowledge of these warnings issues prior to any consideration of dismissal of this action pursuant to Rule 56.

6.      Once the depositions of the corporate designees of the Defendants, Messrs. Chambers and Caufield, and any additional witnesses identified through these depositions are completed, Plaintiff anticipates the need for expert testing of the hammer at issue in this case, including possible destructive testing of the hammer (with the obvious participation of any applicable defense expert) in order to properly prepare this case for trial.

7.      Plaintiff also intends, once the aforementioned discovery is completed, to be in a position to provide expert reports relating to the defective design of the hammer, the manufacturing defects associated with the hammer, and the inadequate warning(s) associated with this hammer.

8.      Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, it is hereby respectfully requested that this Honorable Court deny Defendants' premature Motion for Summary Judgment since essential discovery has not been completed by the parties and in fact, Plaintiff has not been permitted to date to take any depositions of any defense witnesses.

9. Plaintiff respectfully requests that this Honorable Court permit Plaintiff to conduct further discovery, including but not limited to the aforementioned depositions, the depositions of additional witnesses identified during the depositions of the corporate designees set forth above, all appropriate expert discovery and testing, including that set forth above, and such further discovery as becomes necessary, prior to considering the merits of Defendants' Motion for Summary Judgment.

CERTIFIED TO THE COURT BY:

SHERIDAN & MURRAY

BY: _____
THOMAS W. SHERIDAN, ESQUIRE
Identification No. 56939
3800 Centre Square West
Philadelphia, PA 19102
(215) 972-7800

Attorney for Plaintiff

Date: October 22, 2003

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Supplemental Response to Defendants' Motion for Summary Judgment has been served on counsel listed below, on <u>October 22, 2003</u>, via facsimile and United States first class mail, postage prepaid:

Michael Adams, Esquire
**Cipriani & Werner**
Two Chatham Center
Suite 1100
Pittsburgh, PA  15219-3437

                              BY: _____
                                   THOMAS W. SHERIDAN, ESQUIRE
                                   Attorney for Plaintiff