```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SCOTT GANGLOFF, | : | CIVIL ACTION |
| | : | NO. 02-4615 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEARS, ROEBUCK AND CO. | : | |
| | : | |
| and | : | |
| | : | |
| VAUGHN & BUSHNELL MANUFACTURING CO., | : | |
| | : | |
| Defendants. | : | |

ORDER

**AND NOW**, this **22nd** day of **October 2003**, following a hearing on defendants' motion to stay additional discovery (doc. no. 26), it is hereby **ORDERED** that the motion is **DENIED**.

It is **FURTHER ORDERED** that defendants' motion for summary judgment (doc. no. 27) is **DENIED WITHOUT PREJUDICE**.[1]

**IT IS SO ORDERED.**

---

**EDUARDO C. ROBRENO,         J.**

---

1. Plaintiff has filed a response in opposition to defendants' motion for summary judgment (doc. no. 30). Although plaintiff's counsel's Rule 56(f) affidavit does not technically meet the requirements of the rule in that it does not identify with specificity what requested, but not yet produced information, is needed to meet the motion for summary judgment, it is evident from a review of the controversies between the parties concerning discovery that discovery is not yet competed in this case. No prejudice to defendant will result in that, at the completion of discovery, defendant will be afforded an opportunity to refile the motion for summary judgment.