IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF                          :
634 Fountain Street                     :          CIVIL ACTION NO:  02-CV-4615
Philadelphia, PA  19128,                :
                                        :
            Plaintiff,                  :
                                        :
    v.                                  :
                                        :
SEARS ROEBUCK & CO.                     :
7300 Bustleton Avenue                   :
Philadelphia, PA  19152,                :
                                        :
            and                         :
                                        :
BAUGHAN & BUSHNELL                      :
MANUFACTURING CO.                       :
P.O. Box 390                            :
11414 Maple Avenue                      :
Hebron, Illinois 60034-0390             :
                                        :
            Defendants.                 :

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S EXPERT DISCOVERY

AND NOW come the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell

Manufacturing Co. (improperly identified in the caption as "Sears Roebuck & Co." and

"Baughan & Bushnell Manufacturing Co."), by and through their undersigned counsel, and file

the within Motion To Compel Plaintiff's Expert Discovery, averring as follows:

1.     As the Court is aware, this is a products liability case involving a model 38094

hammer manufactured by Vaughan & Bushnell.  While striking the subject hammer with another

hammer, a metallic particle that Plaintiff alleges to have come from the hammer struck Plaintiff

in the eye.  Plaintiff's Complaint sets forth causes of action sounding in negligence, breach of

warranty, and strict liability under Section 402A.

2.      On September 26, 2002, Defendants issued interrogatories directed to Plaintiff requesting the identity of and information relating to Plaintiff's expert witnesses. (See Interrogatory Nos. 75 through 77, attached hereto as Exhibit "A".)

3.      On February 11, 2003, Plaintiffs served Answers to Defendants' First Set of Interrogatories, which indicated that Plaintiff had not determined who would be called as an expert at time of trial. (See answers to Interrogatory Nos. 75 through 77, attached hereto as Exhibit "B").

4.      On September 24, 2003, Defendants issued Defendants' First Set of Expert Interrogatories Directed to Plaintiff. (A true and correct copy of which is attached hereto as Exhibit "C").

5.      Pursuant to the Federal Rules of Civil Procedure, Plaintiff's Answers were due on October 24, 2003.  Plaintiff's answers, received on November 19, 2003, do not identify any expert witnesses.

6.      Pursuant to the Court's Order of October 22, 2003, all discovery is to close on January 22, 2004.

7.      Defendants will suffer severe prejudice and irreparable harm if Plaintiff fails to disclose the identity of any expert witness in a timely manner and corresponding expert report, sufficient for the Defendants to respond prior to the close of discovery on January 22, 2004.

8.      The Court's original scheduling order of September 4, 2002 contemplates discovery proceeding in three phases:  fact discovery, plaintiff's expert discovery, and defendants' expert discovery.  See footnote 1 to the Order of September 4, 2002.  (A true and correct copy of which is attached hereto as Exhibit "D").

9.    Accordingly, Defendants respectfully request that the Court enter an order compelling Plaintiff to identify any experts along with a curriculum vitae and to provide copies of expert reports no later than December 21, 2003 so that Defendants have sufficient time in which to conduct expert discovery prior to the close of discovery.

10.    In the alternative, Plaintiff should be compelled to answer the interrogatories by responding one, if they are not going to produce any expert witnesses.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY:    _____
Mike Adams, Esquire
Pa. I.D. No.  49688
Michael R. Lettrich, Esquire
Pa. I.D. No.  80653

1100 Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Counsel for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the within **Defendants' Motion To Compel Plaintiff's Expert Discovery** was served, this 21st day of November, 2003, via first class mail, upon the following:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102

CIPRIANI & WERNER, P.C.

By:  _____

Mike Adams, Esquire
Pa. I.D. No.  49688
Michael R. Lettrich, Esquire
Pa. I.D. No.  80653

1100 Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF                          :
634 Fountain Street                     :        CIVIL ACTION NO:  02-CV-4615
Philadelphia, PA  19128,                :
                                        :
            Plaintiff,                  :
                                        :
        v.                              :
                                        :
SEARS ROEBUCK & CO.                     :
7300 Bustleton Avenue                   :
Philadelphia, PA  19152,                :
                                        :
        and                             :
                                        :
BAUGHAN & BUSHNELL                      :
MANUFACTURING CO.                       :
P.O. Box 390                            :
11414 Maple Avenue                      :
Hebron, Illinois 60034-0390             :
                                        :
            Defendants.                 :

## ORDER OF COURT

        AND NOW, this ____ day of _____, 2003, it is hereby ORDERED,

ADJUDGED and DECREED that Plaintiffs shall identify any and all experts and provide all

expert reports by December 21, 2003 in order that Defendants may conduct the required expert

discovery prior to the close of discovery on January 22, 2004.  Plaintiff shall be required to

supplement his answers to Defendants' expert interrogatories accordingly.

        IT IS SO ORDERED.


                            _____
                            EDUARDO C. ROBRENO, J.