IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA  19128,<br><br>    Plaintiff,<br><br>    v.<br><br>SEARS ROEBUCK & CO.<br>7300 Bustleton Avenue<br>Philadelphia, PA  19152,<br><br>    and<br><br>BAUGHAN & BUSHNELL MANUFACTURING CO.<br>P.O. Box 390<br>11414 Maple Avenue<br>Hebron, Illinois 60034-0390<br><br>    Defendants. | :<br>:<br>: CIVIL ACTION NO:  02-CV-4615<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION FOR PROTECTIVE ORDER

AND NOW come the Defendants, Sears, Roebuck and Co. and Vaughan & Bushnell Manufacturing Co. (improperly identified in the caption as "Sears Roebuck & Co." and "Baughan & Bushnell Manufacturing Co."), by and through their undersigned counsel, and file the following Motion For Protective Order, averring as follows:

1. The within motion for protective order seeks to protect Edward M. Deglin, M.D. from being deposed until such time as Plaintiff identifies a medical expert and produces an expert report.

2. Plaintiff placed his medical condition at issue in this matter in that he seeks damages from the Defendants for alleged injuries to his eye.  It is believed that

1

Plaintiff intends to allege at trial that some or all of these injuries are permanent in nature.

3. On September 22, 2003, an independent medical examination of Plaintiff was conducted by Edward W. Deglin, M.D. at Defendants' request.

4. At the time of the examination, this Court's Amended Scheduling Order mandated that discovery be completed by October 1, 2003.

5. Defendants scheduled Dr. Deglin's examination for September 22, 2003 in order to remain in compliance with both the letter and the spirit of the Court's Amended Scheduling Order that was in effect at that time.

6. As of September 22, 2003, Plaintiff had not identified a medical expert witness, and had not supplied a medical expert report.

7. To date, the Plaintiff still has not identified any expert, including a medical expert. Without this information, Defendants have been unable to determine whether Dr. Deglin will be called as an expert witness at trial.

8. Plaintiff has requested a report from Dr. Deglin and noticed the deposition of Dr. Deglin for December 8, 2003. (A true and accurate copy of the Notice of Deposition and Subpoena Duces Tecum are attached hereto as Exhibit "A.")

9. The Notice of Deposition of Dr. Deglin does not set forth the topic or topics of proposed inquiry; however, the Subpoena Duces Tecum requests Dr. Deglin to bring the following information:

    a. Any and all reports, including all drafts, which pertain to the Plaintiff, Plaintiff's injuries, and/or his examination of Plaintiff;

    b. Any and all notes, including all drafts, which pertain to the Plaintiff, Plaintiff's injuries, and/or his examination of Plaintiff;

      c.    Any and all emails and/or correspondence between counsel for the Defendants and his representatives, which pertains to the Plaintiff, Plaintiff's injuries, and/or his examination of Plaintiff;

      d.    Any and all documents or information pertaining to the results and/or findings of any tests conducted in connection with his examination of Plaintiff;

      e.    Any and all documents or information pertaining to the compensation he has received or will receive for his examination of Plaintiff and/or participation in this lawsuit, including, but not limited to, preparing an expert report and testifying on behalf of Defendants;

      f.    Any and all documents or information pertaining to his findings, diagnoses and/or opinions based upon his examination of Plaintiff;

      g.    Any and all tapes or recordings, which pertain to Plaintiff, Plaintiff's injuries, his examination of Plaintiff and/or his findings, diagnoses and/or opinions; and

      h.    Any and all documents or information pertaining to conversations and/or discussions between counsel for the Defendants and him or his representatives which, directly or indirectly, concern the Plaintiff, Plaintiff's injuries, his examination of Plaintiff, his findings, diagnoses and/or opinions, and/or the preparation of an expert report in this case.

10.    The subpoena duces tecum seeks documents relative to an expert opinion from a person who has not been identified as a testifying expert to date, and the Plaintiff has failed to provide any extenuating circumstances for the need to seek such opinion evidence, and, therefore, the Defendants seek protection under F.R.C.P. 26(b)(4)(B) at this time.

11.    Rule 35(b)(1) of the Federal Rules of Civil Procedure states that, upon request, a party who caused a party to submit to a mental or physical examination to deliver to the party examined a copy of the detailed written report of the examiner's findings.

3

12. Nonetheless, Rule 35 does not provide that such a report be provided before Plaintiff identifies a medical expert witness and provides a medical expert report.

13. The purpose of a defendant requesting an independent medical examination is to prepare a defense and respond to the allegations made by a plaintiff.

14. It is fundamentally unfair to require the Defendants to request that Dr. Deglin prepare a report and to offer Dr. Deglin for deposition at this time, when Plaintiff has not identified an expert witness, or provided Defendants with Plaintiff's medical expert report.

15. To require Defendants to submit Dr. Deglin to a deposition and to incur the expense of the preparation of a report prior to Plaintiff even identifying an expert would be particularly unfair in light of the fact that Plaintiff has had approximately sixteen (16) months to retain a medical expert and produce a medical expert report; and Defendants' purpose in scheduling the IME on September 22, 2003 was in order to remain in compliance with the Court's Amended Scheduling Order that was in effect at that time.

16. The Federal Rules of Civil Procedure do not mandate that Dr. Deglin be required to issue a report or be produced for a deposition prior to the production of Plaintiff's medical expert report. Defendants request a reprieve from offering Dr. Deglin for deposition or issuing a medical report until a reasonable time after the Plaintiff identifies a medical expert and provides sufficient specificity of what the medical expert(s) will testify to relative to Plaintiff's medical condition.

WHEREFORE, the Defendants request that this Court grant the Defendants' Motion For Protective Order.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: _____
Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653

Suite 1100, Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA  19128,<br><br>        Plaintiff,<br><br>        v.<br><br>SEARS ROEBUCK & CO.<br>7300 Bustleton Avenue<br>Philadelphia, PA  19152,<br><br>        and<br><br>BAUGHAN & BUSHNELL MANUFACTURING CO.<br>P.O. Box 390<br>11414 Maple Avenue<br>Hebron, Illinois 60034-0390<br><br>        Defendants. | : <br>: <br>: CIVIL ACTION NO:  02-CV-4615<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

## **ORDER**

AND NOW, this ____ day of _____, 2003, it is ORDERED that Defendants' Motion for Protective Order relative to Edward M. Deglin, M.D. is GRANTED. Dr. Deglin shall not be required to produce a report or to submit to a deposition until _____ days after Plaintiff produces a medical expert report to Defendants.

   IT IS SO ORDERED.

                                                                         _____
                                                                         Eduardo C. Robreno, J.

## **CERTIFICATE OF SERVICE**

      That counsel for the defendants, SEARS, ROEBUCK and CO. and VAUGHAN & BUSHNELL MANUFACTURING CO, hereby certifies that a true and correct copy of its Motion For Protective Order has been served on all counsel of record as listed below, by first class mail, postage pre-paid, on the 21st day of November, 2003.

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102


CIPRIANI & WERNER, P.C.

BY: _____
Mike Adams, Esquire
Pa. I.D. No.  49688
Michael R. Lettrich, Esquire
Pa. I.D. No.  80653

Suite 1100, Two Chatham Center
Pittsburgh, PA  15219
Phone:  (412) 281-2500

Counsel for Defendants