UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF, | : | Civil Action No. 02-CV-4615 |
| Plaintiff, | : | |
| v. | : | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | : | Hon. Eduardo C. Robreno |
| Defendants, | : | |

**ORDER**

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED AND DECREED that Defendants' Motion to Compel Plaintiff's Expert Discovery is DENIED.

BY THE COURT:

_____
Honorable Eduardo C. Robreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL PLAINTIFF'S EXPERT DISCOVERY**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby responds in opposition to the Motion to Compel Plaintiff's Expert Discovery filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"). For the reasons set forth in the attached Memorandum of Law, it is respectfully requested that this Honorable Court deny Defendants' Motion to Compel Plaintiff's Expert Discovery.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE: December 3, 2003     BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

SCOTT GANGLOFF,                               :     Civil Action No. 02-CV-4615
                                              :
        Plaintiff,                            :
                                              :
        v.                                    :
                                              :
SEARS ROEBUCK & CO., and                      :
VAUGHAN & BUSHNELL MANUFACTURING CO.          :     Hon. Eduardo C. Robreno
                                              :
        Defendants,                           :
_____


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S EXPERT DISCOVERY**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby respectfully submits this Memorandum of Law in Support of Plaintiff's Opposition to the Motion to Compel Plaintiff's Expert Discovery filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"). Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Compel Plaintiff's Expert Discovery.

**I.     ARGUMENT**

On June 14, 2002, Plaintiff, Scott Gangloff, instituted this lawsuit against Defendants, Sears and Vaughan, due to the serious and permanent injuries that he sustained while using a defective Craftsman hammer on June 17, 2000. Since the institution of this lawsuit, the Defendants have used various dilatory tactics to abuse the discovery process and frustrate Plaintiff's ability to prepare this case for trial. The Defendants' refusal to produce discoverable information and documents to the Plaintiff during the past year is well documented and for the

sake of brevity, will not he rehashed. The instant motion is the Defendants' latest attempt to subvert the discovery process and frustrate Plaintiff's preparation of this case for trial.

In the instant motion, Defendants seek to compel Plaintiff to identify all trial experts and produce all expert reports by December 21, 2003, or be precluded from offering expert testimony at the time of trial. This motion is in violation of the Court's directives and conflicts with the Second Amended Scheduling Order issued on October 22, 2003. The Second Amended Scheduling Order specifically provides that Plaintiff is required to identify trial experts and produce expert reports by January 22, 2004. See Second Amended Scheduling Order at ¶ 1. This date was specifically established because the Court recognized that Plaintiff would need sufficient time and opportunity to conduct the depositions of Defendants' representatives and obtain further discovery. See Second Amended Scheduling Order at Footnote No. 1.

In compliance with the Court's directives, Plaintiff's counsel has: (1) duly noticed the depositions of Dan Chambers of Defendant Vaughan for December 10, 2003, Farlin Caufield of Defendant Vaughan for December 17, 2003, Jim Davidson of Defendant Sears for January 7, 2004, and the general counsel of both Sears and Vaughan for December 18, 2003; (2) participated in a meeting with defense counsel to resolve discovery-related issues on November 19, 2003; and (3) provided the Court with a detailed submission on November 21, 2003, setting forth the remaining discovery issues requiring adjudication. Despite the continuing efforts of the Defendants to impede Plaintiff's ability to obtain discoverable information and documents, Plaintiff intends to proceed with the depositions and seek the additional discovery that is required. Plaintiff should be afforded the opportunity to conduct all depositions and complete discovery before being required to identify trial experts and issue expert reports, as requested by Defendants in the instant motion.

In a proverbial sense, the instant motion seeks to place the cart before the horse in that Defendants seek to have the Plaintiff identify experts and produce expert reports before having the opportunity to conduct and complete discovery. This is unfair and inconsistent with the Court's prior directives and rulings. Defendants are seeking to improperly shorten the period of time for Plaintiff to produce expert reports when this deadline has already been set forth by this Court. Moreover, the Defendants should not be permitted to benefit from their own efforts to stonewall discovery in this case. Any delay that has occurred in this case to date has occurred due to the failure and refusal of the Defendants to provide discovery in a forthcoming manner as required by the Federal Rules of Civil Procedure. Defendants argument that it will somehow be prejudiced if Plaintiff is provided the opportunity to complete discovery and depositions before issuing expert reports is simply disingenuous.

Accordingly, Plaintiff requests that this Court deny Defendants' Motion to Compel Plaintiff's Expert Discovery.

## II. **CONCLUSION**

For the reasons set forth above, it is respectfully requested that this Honorable Court deny Defendants' Motion to Compel Plaintiff's Expert Discovery.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE: December 3, 2003     BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800
Attorneys for the Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Plaintiffs' Opposition to Defendants' Motion to Compel Plaintiff's Expert Discovery. was served upon the following via facsimile and/or first class mail on   December 3, 2003  :

Michael R. Lettrich, Esquire
**Cipriani & Werner**
Two Chatham Center
Suite 1100
Pittsburgh, PA  15219-3437

SHERIDAN & MURRAY

BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiffs