UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | : Civil Action No. 02-CV-4615 |
| Plaintiff, | : |
| v. | : |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | : Hon. Eduardo C. Robreno |
| Defendants, | : |

## ORDER

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED AND DECREED that Defendants' Motion for a Protective Order is DENIED and Plaintiff's Cross-Motion to Compel is GRANTED.  It is further ORDERED that Defendants shall produce the written report prepared by Edward Deglin, M.D., in connection with his September 22, 2003, medical examination of Plaintiff or produce Edward Deglin, M.D., for deposition within fifteen days of the date of this Order.

BY THE COURT:


_____
Honorable Eduardo C. Robreno

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL EDWARD DEGLIN, M.D.'S, REPORT AND/OR DEPOSITION

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby responds in opposition to the Motion for a Protective Order filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"), and files the within Cross-Motion to Compel Defendants to produce any written report prepared by Edward A. Deglin, M.D., in connection with his medical examination of Plaintiff on September 22, 2003, and/or the deposition of Dr. Deglin, pursuant to Fed.R.Civ.P. 35. For the reasons set forth in the attached Memorandum of Law, it is respectfully requested that this Honorable Court deny Defendants' Motion for a Protective Order and grant Plaintiff's Cross-Motion to Compel.

Respectfully Submitted,
SHERIDAN & MURRAY

DATE: December 3, 2003     BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION
TO COMPEL EDWARD DEGLIN, M.D.'S, REPORT AND/OR DEPOSITION**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby respectfully submits this Memorandum of Law in Support of Plaintiff's Opposition to the Motion for a Protective Order filed by Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan") and Plaintiff's Cross-Motion to Compel Defendants to produce any written report prepared by Edward A. Deglin, M.D., in connection with his medical examination of Plaintiff on September 22, 2003, and/or the deposition of Dr. Deglin, pursuant to Fed.R.Civ.P. 35. Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion for a Protective Order and grant Plaintiff's Cross-Motion to Compel.

**I.   INTRODUCTION**

This is a products liability action brought by Plaintiff, Scott Gangloff, against Defendants, Sears and Vaughan, as a result of serious and permanent injuries sustained while using a defective Craftsman hammer on June 17, 2000. During the course of this litigation, Defendants

requested that Plaintiff be made available for an independent medical examination to be conducted by Edward A. Deglin, M.D., in accordance with Federal Rule of Civil Procedure 35. Plaintiff's counsel voluntarily agreed to produce Plaintiff for a medical examination by the Defendants' physician and did not force the Defendants to seek an Order from the Court compelling the examination. The examination was conducted on September 22, 2003.

Pursuant to Fed.R.Civ.P. 35(b), Plaintiff's counsel sent a letter to counsel for the Defendants on October 21, 2003, requesting a copy of Dr. Deglin's report of the examination. See letter dated October 21, 2003, attached as Exhibit "A". Plaintiff's counsel has since reiterated this request to defense counsel on at least five separate occasions. In response to Plaintiff's requests, counsel for Defendants has refused to produce the report of Dr. Deglin's examination. In light of Defendants' refusal, Plaintiff's counsel has alternatively suggested conducting the deposition of Dr. Deglin and in fact, served a Notice of Deposition with accompanying Subpoena Duces Tecum tentatively scheduling the deposition for December 8, 2003. See Notice of Deposition and Subpoena Duces Tecum attached as Exhibit "B". Defense counsel has also refused to produce Dr. Deglin for deposition.[1]

This matter is now brought before the Court by way of Defendants' Motion for a Protective Order, which seeks to preclude Plaintiff from obtaining Dr. Deglin's report and conducting Dr. Deglin's deposition. Defendants' motion fails, however, to set forth any factual or legal basis to support the instant request for a protective order. In response to this motion, Plaintiff has filed the within Cross-Motion to Compel Dr. Deglin's report and/or deposition pursuant to Fed.R.Civ.P. 35.

---

[1] This issue was recently addressed in Plaintiff's letter of November 21, 2003, to Your Honor. Plaintiff's counsel respectfully requested that Your Honor compel the Defendant's to produce Dr. Deglin's report and/or compel Dr. Deglin's deposition pursuant to Fed.R.Civ.P. 35.

2

## II. ARGUMENT

### A. THE COURT SHOULD DENY DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AS IT IS WITHOUT FACTUAL OR LEGAL BASIS AND GRANT PLAINTIFF'S CROSS-MOTION TO COMPEL DR. DEGLIN'S REPORT AND/OR DEPOSITION.

Federal Rule of Civil Procedure 26(c) allows a party to move for a protective order when it seeks to preclude a party from obtaining discovery for any of the following reasons:

(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed.R.Civ.P. 26(c). Defendants' motion fails to identify the specific subsection of Fed.R.Civ.P. 26(c) that the instant application for a protective order is sought under and instead, argues that Plaintiff should be precluded from obtaining Dr. Deglin's report and/or deposition pursuant to Fed.R.Civ.P. 26(b)(4)(B).

Fed.R.Civ.P. 26(b)(4)(B) pertains to discovery of information from an expert who has been retained or specially employed by the party in anticipation of litigation or preparation for trial, but who is not expected to be called as a witness. Fed.R.Civ.P. 26(b)(4)(B). Under this rule, party may discover facts known or opinions held by such an expert "**only as provided in Rule 35(b)** or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

3

Fed.R.Civ.P. 26(b)(4)(B) (emphasis added). Federal Rule of Civil Procedure 35(b) pertains to reports by medical examiners and provides, in pertinent part, as follows:

> (b) Report of Examiner.
>
> (1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition. After delivery the party causing the examination shall be entitled upon request to receive from the party against whom the order is made a like report of any examination, previously or thereafter made, of the same condition, unless, in the case of a report of examination of a person not a party, the party shows that the party is unable to obtain it. The court on motion may make an order against a party requiring delivery of a report on such terms as are just, and if an examiner fails or refuses to make a report the court may exclude the examiner's testimony if offered at trial.
> …    …    …
>
> (3) This subdivision applies to examinations made by agreement of the parties, unless the agreement expressly provides otherwise. This subdivision does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provisions of any other rule.

Fed.R.Civ.P. 35(b).

Historically, Rule 35(b) has been interpreted to mean that the person examined has an "absolute right to a copy of the report of an examining physician." DeCristo v. Southwestern Motor Transport, Inc., 1990 WL 156457, 1 (E.D.Pa. 1990) (citations omitted). The examined party is always entitled to receive a copy of the examining physician's report regardless of whether the examination was conducted by agreement or ordered by the court pursuant to Rule 35(a). Keil v. Himes, 13 F.R.D. 451 (E.D.Pa. 1952). In light of the examined party's entitlement to such a report, Rule 26(b)(4)(B) makes a specific exception to allow discovery pursuant to Rule 35(b) where medical experts are concerned. Goldberg v. APCOA, Inc., 1998 WL 531822, 1 (D.N.J. 1998). In Goldberg, the Court explained:

4

> This exception makes practical good sense. Physicians presumably are less involved in trial strategy than other types of experts, so that revealing their opinions and findings is not likely to intrude on counsel's thought processes. Given the complexity of the human body coupled with the possibility of day to day or week to week changes in health, it is not necessarily true that the results of a particular examination can be duplicated weeks, months or years later by another exam. Finally, any person who is injured has an interest, independent of the litigation, in learning the results of any medical examination or test.

Goldberg v. APCOA, Inc., 1998 WL 531822, 1. Although the issue was not raised in Goldberg, the Court went on to state that:

> Rule 35 on its face does not deal with depositions, but subsection (b)(3) makes clear that 'This subdivision does not preclude discovery of a report of an examiner or the taking of a deposition of the examiner in accordance with the provision of any other rule.' See also, Buffington v. Wood, 351 F.2d 292 (3d Cir.1965). It probably can be argued that Rule 35 implicitly permits the deposition of any medical examiner whose reports are discoverable.

Goldberg, 1998 WL 531822, 2. Based upon the clear mandate of Rule 35(b), the Goldberg, Keil, and DeCristo Courts compelled the production of medical reports and permitted discovery of the very same information that the Defendants', in the instant case, seek to preclude.

This Honorable Court should deny Defendants' Motion as it fails to articulate any factual and legal basis supporting its application for a protective order. Defendants have failed to cite any case law, rule, or statutory authority, which supports their position. Instead, Defendants contend, without any reason or basis, that it is unfair to produce Dr. Deglin's report because Plaintiff has not identified a medical expert and produced an expert report. This argument is disingenuous and does not constitute a proper basis for a protective order.

Plaintiff has provided Defendants' with each and every medical record and report that he has in his possession concerning his medical treatment to date. These records and reports clearly identify the physicians and medical experts that have provided treatment to the Plaintiff as a result of the Defendants' defective hammer. Plaintiff has supplemented these records

5

and reports by providing the Defendants with a complete list of all medical providers that have treated Plaintiff and executing authorizations so that the Defendants may obtain all medical records and reports directly from his providers. Defendants suggestion that Plaintiff is required to identify any medical experts that will testify at the time of trial and provide formal expert reports before they are required to produce Dr. Deglin's report is incredulous and demonstrates a lack of understanding of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, discovery may be conducted "in any sequence" and there is no requirement that Plaintiff produce formal medical expert reports before Dr. Deglin's report of examination and/or deposition can be obtained. See Fed.R.Civ.P. 26(d) and 35. In addition, the production of formal expert reports applies to those experts that have been "retained or specially employed to provide expert testimony in the case." Fed.R.Civ.P. 26(a)(2)(B). A treating physician, for example, may testify as an expert without any requirement for a formal expert report with the context of Rule 26. See Edwards v. Scott Paper Co., 1997 WL 288578, 2 (E.D.Pa. 1997); Fed.R.Civ.P. 26 advisory committee's note (1993). Plaintiff's treating physicians have not been retained for litigation purposes. Notwithstanding this fact, this argument lack merit and should not even be entertained by this Court, as Rule 35(b) clearly requires the production of Dr. Deglin's report.

In filing a Cross-Motion with this Court, Plaintiff seeks an order compelling the production of Dr. Deglin's report and/or deposition consistent with the mandate of Rule 35(b). Plaintiff has a very serious interest in determining the results of Dr. Deglin's examination and testing and his opinion regarding Plaintiff's eye injury. It is important to keep in mind that Plaintiff suffered a serious injury to his eye, which has required multiple surgeries to repair, and has vested interest in his own health, separate and apart from this litigation. Dr. Deglin's report

6

many contain information vital in this regard and must be produced. In the event that Dr. Deglin has not prepared a report, Plaintiff has alternatively proposed to take the deposition of Dr. Deglin to discover information pertaining to his September 22, 2003, independent medical examination of Plaintiff. The Federal Rules of Civil Procedure do not preclude the taking of Dr. Deglin's deposition. To the contrary, Rule 35(b)(3) specifically provides that taking a deposition is appropriate means of discovery. See Fed.R.Civ.P. 35(b)(3); Goldberg, *supra*, 1998 WL 531822, 2. As a result, Plaintiff respectfully requests that this Court enter an order compelling the production of Dr. Deglin's report and/or compelling his deposition.

Accordingly, Plaintiff requests that this Court deny Defendants' Motion a Protective Order and grant Plaintiff's Motion to Compel Dr. Deglin's Report and/or Deposition.

### III.   CONCLUSION

For the reasons set forth above, it is respectfully requested that this Honorable Court deny Defendants' Motion a Protective Order and grant Plaintiff's Motion to Compel Dr. Deglin's Report and/or Deposition.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE:  December 3, 2003        BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiff

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the Plaintiffs' Opposition to Defendants' Motion for a Protective Order and Cross-Motion to Compel Dr. Deglin's Report and/or Deposition was served upon the following via facsimile and/or first class mail on   December 3, 2003  :

Michael R. Lettrich, Esquire
Cipriani & Werner
Two Chatham Center
Suite 1100
Pittsburgh, PA  15219-3437


SHERIDAN & MURRAY


BY: _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)
3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiffs