# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
:
SCOTT GANGLOFF,                          :     Civil Action No. _02-CV-4615_
:
                Plaintiff,                :
:
          v.                            :
:
SEARS ROEBUCK & CO., and                 :
VAUGHAN & BUSHNELL MANUFACTURING CO.     :     Hon. Eduardo C. Robreno
:
            Defendants,               :
_____ :

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

      Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby files the within Motion to Compel Discovery and for Sanctions against Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan"). For the reasons set forth in the attached Memorandum of Law, it is respectfully requested that this Honorable Court grant Plaintiffs' motion in its entirety.

                                    Respectfully Submitted,

                                    SHERIDAN & MURRAY

DATE: _February 13, 2004_    BY: _____
                                  Thomas W. Sheridan, Esquire (ID# 56939)
                                  Sean E. Quinn, Esquire (ID# 86346)

                                  3800 Centre Square West
                                  Philadelphia, Pennsylvania 19102
                                  (215) 972-7800

                                  Attorneys for the Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| SCOTT GANGLOFF, | : Civil Action No. 02-CV-4615 |
| Plaintiff, | : |
| v. | : |
| SEARS ROEBUCK & CO., and | : |
| VAUGHAN & BUSHNELL MANUFACTURING CO. | : Hon. Eduardo C. Robreno |
| Defendants, | : |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby respectfully submits this Memorandum of Law in Support the within Motion to Compel Discovery and for Sanctions against Defendants, Sears Roebuck & Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan").

I.      **STATEMENT OF FACTS**

This is a products liability action brought by Plaintiff, Scott Gangloff, against Defendants, Sears and Vaughan, as a result of serious and permanent injuries sustained while using a defective Craftsman hammer on June 17, 2000.  On that date, Plaintiff was using the hammer in a foreseeable manner when, suddenly and without warning, a sharp metal fragment broke away from the hammer and propelled into Plaintiff's right eye. The metal fragment became deeply lodged within Plaintiff's eye and has caused serious and permanent injury to the Plaintiff.  The

injuries sustained by the Plaintiff are the direct and proximate result of Defendants' defective manufacture, design, and failure to warn Plaintiff of the known dangers associated with this hammer.  This hammer was sold by Defendant Sears and manufactured by Defendant Vaughan. In the Complaint, Plaintiff sets forth claims against Defendants, Sears and Vaughan, sounding in negligence, breach of warranty, and strict products liability in light of the hammer's manufacture, design, and warning defects.

II.    **PROCEDURAL HISTORY**

This civil action was instituted in the Court of Common Pleas of Philadelphia County on June 14, 2002, against Defendants, Sears and Vaughan. On July 11, 2002, Defendants filed a Notice of Removal seeking the removal of this matter to the United States District Court for the Eastern District of Pennsylvania. Since the institution of this lawsuit, the Defendants have used various dilatory tactics to abuse the discovery process and frustrate Plaintiff's ability to prepare this case for trial. The Defendants' refusal to produce discoverable information and documents to the Plaintiff during the past year is well documented and for the sake of brevity, will not be rehashed.

On October 22, 2003, this Honorable Court issued a Second Amended Scheduling Order (Doc. No. 32), which set forth various dates for the completion of discovery, the production of expert reports, and the scheduling of trial in this matter. See Exhibit "A".  Given the nature of the ongoing discovery disputes between the parties, the Second Amended Scheduling Order specifically required the parties to exchange correspondence detailing the outstanding discovery issues and meet in-person to discuss all discovery disputes.  See Exhibit "A" at Footnote 1.  In the event that the parties failed to reach an agreement at this

meeting, the Second Amended Scheduling Order required the parties to submit all remaining discovery disputes to the Court for adjudication by November 21, 2003. See Exhibit "A" at Footnote 1.  Specifically, the Second Amended Scheduling Order required the Plaintiff to provide the Court with a written submission detailing the discovery sought, but not produced by the Defendants.  The Defendants were required to submit a specific and detailed explanation as to why Plaintiff is not entitled to the discovery requested. See Exhibit "A" at Footnote 1.

Pursuant to the Second Amended Scheduling Order, the parties exchanged correspondence detailing the outstanding discovery issues and conducted an in-person meeting on November 19, 2003, to discuss these issues.  At this meeting, the parties were able to resolve many discovery-related issues, but were unable to resolve all discovery disputes due to the Defendants' continued refusal to provide all discoverable information.[1]  In light of this failure to reach an agreement, Plaintiff submitted a letter to the Court on November 21, 2003, which detailed the unresolved and outstanding disputes between the parties in accordance with the Second Amended Scheduling Order. See Exhibit "B".   The Defendants failed, however, to provide the Court with a written submission explaining the reasons that it refused to provide Plaintiff with the discovery requested.

On December 16, 2003, this Honorable Court conducted a hearing and heard oral argument on Defendants' Motion to Compel Expert Discovery (Doc. No. 34), Defendants'

---

[1]    At the November 19, 2003 meeting, the Defendants agreed to provide Plaintiff with the following: (1) full and complete responses to Plaintiff's Expert and Surveillance discovery requests; (2) copies of all medical records received pursuant to authorization; (3) executed verifications certifying all of Defendants' discovery responses; (4) Supplemental Responses to Plaintiff's Request for Production of Documents; (5) copies of the 1990 and 1991 catalogs which include the Craftsman hammer at issue; (6) a complete list of all changes, modifications, and alterations to the model of hammer at issue and any documents related thereto; (7) the present addresses and positions of employees identified in Defendants' supplemental response to Interrogatory No. 5(a); (8) Supplemental Responses to Interrogatory Nos. 17(b) – (d) and 25; and (9) the depositions of Vaughan's representatives, Farlin Caufield and Dan Chambers, and Sears' representative, Jim Davidson.   Despite these assurances, the Defendants have failed to provide Supplemental Responses to Plaintiff's Request for Production of Documents and Supplemental Responses to Interrogatory Nos. 17(b) – (d) and 25.

Motion for a Protective Order (Doc. No. 35), Plaintiff's Cross-Motion to Compel Dr. Deglin's Rule 35 Report (Doc. No. 37), and the outstanding discovery disputes enumerated in Plaintiff's November 21, 2003 letter to the Court.   During the hearing, the Honorable Eduardo Robreno advised Defendants' counsel that the Defendants failed to comply with the Second Amended Scheduling Order, which required the Defendants to serve a written submission upon the Court in response to Plaintiff's November 21, 2003 letter.   After the hearing, the Court issued a Third Amended Scheduling Order (Doc. No. 41), which denied Defendants' Motion to Compel Expert Discovery and Motion for a Protective Order, granted Plaintiff's Cross-Motion to Compel Dr. Deglin's Rule 35 report, and ordered the Defendants to produce all documents and materials enumerated in Plaintiff's November 21, 2003 letter to the Court by December 30, 2003. See Exhibit "C".[2]   The Defendants failed, however, to comply with this Honorable Court's directives and violated the Third Amended Scheduling Order.   Instead, Defendants' counsel faxed a letter to Plaintiff's counsel on December 30, 2003, at approximately 5:00 p.m., purporting to address the deficiencies in Defendants' prior discovery responses. See Exhibit "D".[3]   Upon

---

[2]         Pursuant to the Court's directives and the Third Amended Scheduling Order, Defendants were compelled to provide Plaintiff with the following:  (1) all information, records, and documents pertain to the distribution and sale of the hammer; (2) all records and documents which indicate when and where Defendant Sears received shipments of hammers from Defendant Vaughan; (3) all documents, records, and information pertaining to prior complaints, accidents, and incidents, including copies of all complaints, pleadings, discovery, and/or the identity of the attorneys that represented Defendants in those lawsuits; (4) Supplemental response to Interrogatory No. 14, which relates to the cost of manufacturing the hammer; (5) Supplemental responses to Interrogatory Nos. 31 and 32, including any documents or information pertaining to the sale or distribution of the hammer; (6) Supplemental response to Interrogatory No. 42(f) for the identification of the individual with the most knowledge of the other complaints from both Vaughan and Sears; (7) Supplemental response to Interrogatory No. 48(b), which requires information pertaining to microstructure and hardness testing of the hammer; (8) Supplemental responses to Interrogatory Nos. 49 and 50, identifying all incidents; (9) Supplemental response to Interrogatory No. 52, which requires the production of all information pertaining to whether testing was conducted to determine whether the hammer posed a danger to users; (10) Additional documents and/or responses to Request Nos. 4, 5, 8, 12, 13, 14, 20, 23, 25, 26, 27, 29, 30, 35, and 36; (11) the identify the individual(s) with the most knowledge concerning the packaging and instructions provided with the hammer at time of sale in response to Interrogatory No. 42(e); and (12) all information pertaining to any and all warranties provided with the hammer pursuant to Interrogatory No. 34.  See Exhibit "B".

[3]         Plaintiff's counsel did not have an opportunity to review Defendants' letter of December 30, 2003, until January 2, 2004, due to the closure of Plaintiff's counsel's office for the holiday.

review of Defendants' December 30, 2003, it was clear that the Defendants willfully ignored the Court's directives and Third Amended Scheduling Order by failing to provide full, complete, and verified Supplemental Responses to Plaintiff's discovery requests. Most notably, the Defendants did not provide Plaintiff with <u>any</u> documents along with the December 30, 2003 letter. This was yet another example of the Defendants efforts to subvert the discovery process and frustrate Plaintiff's ability to prepare this case for trial.

The Defendants' refusal to provide supplemental discovery responses in a timely manner was particularly egregious due to the fact that the corporate designee depositions of Defendants' representatives were scheduled to take place in Chicago, Illinois, on January 7 and 8, 2004.  On January 2, 2004, Plaintiff's counsel faxed and mailed a letter to defense counsel advising that Defendants' December 30, 2003 letter did not comply with the Court's directives and Third Amended Scheduling Order, as it failed to produce the documents and materials set forth in Plaintiff's November 21, 2003 letter to the Court.  <u>See</u> Exhibit "E".  Due to impending deposition of Defendants' corporate designees, Plaintiff's counsel demanded that full, complete, and verified discovery responses be provided by January 5, 2004, to avoid the necessity of seeking judicial intervention. <u>See</u> Exhibit "E".

On January 5, 2004, counsel for the Defendants contacted Plaintiff's counsel several times to "discuss" and essentially, debate the deficiencies in Defendants' discovery responses. Based upon these conversations, Plaintiff's counsel determined that the Defendants had no intention of provide Plaintiff with the supplemental discovery requested in advance of the corporate designee depositions and decided to seek judicial intervention. As a result, Plaintiff's counsel faxed and mailed a letter to this Honorable Court on January 5, 2004, advising that the Defendants failed to produce supplemental discovery responses in accordance with the

Court's Third Amended Scheduling Order and requesting that sanctions be imposed against the Defendants. See Exhibit "F".  On the same date, Defendants' counsel faxed a letter to Plaintiff's counsel at approximately 10:45 p.m., which maintained that the Defendants' December 30, 2003 letter complied with the Third Amended Scheduling Order and alleged that all discovery was already provided to Plaintiff. See Exhibit "G". Upon receipt of defense counsel's January 5, 2004 letter the following day, Plaintiff's counsel's suspicion that the Defendants had no intention of providing supplemental discovery responses was confirmed. The Defendants' January 5, 2004 letter was little more than a recitation of the same non-responsive answers previously supplied and ignored the Court's clear directives to provide all documents and materials enumerated in Plaintiff's November 21, 2003 letter to the Court. See Exhibit "G".

Notwithstanding the unresponsive nature of Defendants' January 5, 2004 letter, it is important to note that while the Defendants argued that all discovery responses were previously supplied, it produced two critical pieces of information and documentation for the first time. See Exhibit "G".  Specifically, the Defendants produced information pertaining to the cost of manufacturing the hammer and six documents entitled "Information Recap on Product Liability Claim." See Exhibit "G". The production of this critical information and documentation at such a late date is particularly telling and indicative of the dilatory tactics employed by the Defendants to prejudice the Plaintiff through discovery abuses. Moreover, the Defendants decision to knowingly withhold this information and documentation from Plaintiff until the day before conducting corporate designee depositions is sanctionable and further demonstrates that the Defendants failed to produce all supplemental discovery by December 30, 2003, as required by the Third Amended Scheduling Order.

Despite the Defendants' discovery abuses, Plaintiff's counsel proceed with the corporate designee depositions of Jim Davidson of Defendant Sears on January 7, 2004, and Farlin Caufield of Defendant Vaughan on January 20, 2004.[4]  During the deposition of Farlin Caufield, Plaintiff's counsel learned of the existence of various documents and information that had not been previously disclosed by the Defendants.  Specifically, Mr. Caufield testified regarding the existence of various contractual agreements between Vaughan and Sears concerning the sale of products, including the hammer at issue in this case.  See Caufield Deposition Transcript at p. 11 - 13, attached as Exhibit "H".  With respect to prior claims history, Mr. Caufield also testified that he, personally, maintains a "claim record" on behalf of Defendant Vaughan, which contains a log of all claims and lawsuits asserted against Vaughan. See Exhibit "H", at p. 47 – 48.  Mr. Caufield also testified that he prepared the "Information Recap on Product Liability Claim" documents in connection with prior claims and that he is aware that John Combites of Vaughan also maintained a "claim record" prior to his death. See Exhibit "H", at p. 40 – 41 and 54.

During this deposition, Mr. Caufield testified that Sears would periodically send reports to Vaughan indicating the amount of returns for specific tools manufactured by Vaughan and sold by Sears. See Exhibit "H", at p. 23 – 25.  Mr. Caufield also testified that the milled face used on the model 38094 hammer at issue in this case is not unique to Vaughan hammers and is used on other hammers manufactured by Vaughan. See Exhibit "H", at p. 217.[5]  With respect to the warnings on the model 38094 hammer, Mr. Caufield testified about the

---

[4]    The deposition of Farlin Caufield of Defendant Vaughan was rescheduled from January 8, 2004 to January 20, 2004 at the request of the Defendants.

[5]    In light of this fact, Plaintiff respectfully submits that is necessary to expand the discovery of prior claims history to all hammers manufactured by Vaughan possessing the same or similar milled face as the model 38094 hammer.

development, placement, and types of warnings of this hammer and its predecessor model. <u>See</u> Exhibit "H", at p. 127 – 130.   Plaintiff's counsel also learned that Robert Bachta of Defendant Vaughan was involved in the handling claims relative to the model 38094 hammer. <u>See</u> Exhibit "H", at p. 27.   Based upon the testimony of Farlin Caufield, Plaintiff served Defendants with a Supplemental Request for Production of Documents on January 22, 2004, requesting all documents and information responsive to the testimony of Mr. Caufield.   <u>See</u> Exhibit "I".

This case is now rapidly approaching trial and a significant amount of discoverable information pertinent to Plaintiff's claims against the Defendants has yet to be provided by the Defendants.   The Defendants have ignored this Honorable Court's directives and deliberately violated the Third Amended Scheduling Order.   From the outset of this case, the Defendants have used dilatory tactics to abuse the discovery process and prejudice Plaintiff's ability to prepare this case for trial.   Plaintiff now moves before this Honorable Court seeking an order sanctioning Defendants for their failure to comply with the Third Amended Scheduling Order and compelling Defendants to provide full, complete, and verified Supplemental Responses to Plaintiffs' Interrogatories, Request for Production of Documents, and Supplemental Request for Production of Documents. Moreover, Plaintiff respectfully requests that this Honorable Court extend the time period for Plaintiff to serve expert reports by thirty (30) days to ensure that Plaintiff has sufficient opportunity to obtain all outstanding discovery.

Accordingly, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel Discovery and for Sanctions against the Defendants.

III.    **LEGAL ARGUMENT**

(A)    **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide for liberal and broad discovery. See Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Federal Rule of Civil Procedure 26 governs discovery in civil actions and provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevancy should be broadly construed at the discovery stage of litigation and it is not limited to the precise issues set forth in the complaint or to the merits of the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351. 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); Davis v. General Accident Ins. Co., 1999 WL 228944, at 2 (E.D.Pa. Apr. 15, 1999). It must be stressed that information inadmissible at trial is still discoverable if it is reasonably calculated to lead to the discovery of admissible evidence. Medmarc Casualty Ins. Co. v. Arrow International, Inc., 2002 WL 1870452, at 2 (E.D.Pa. July 29, 2002).

The federal discovery rules are premised on the assumption that voluntary compliance by the parties is to be expected. Stein v. Foamex International, Inc., 2001 WL 856722, at 2 (E.D.Pa. July 23, 2001); Transportes Aereos De Angola v. Ronair, Inc., 104 F.R.D. 482, 498 (D.Del. 1985). Under Federal Rule of Civil Procedure 37, any party may apply to the court for an order compelling disclosure or discovery by another party where that party failed to respond

or completely answer discovery requests.  Fed.R.Civ.P. 37(a).  For purposes of a motion to compel, evasive or incomplete disclosures, answers, or responses are to be treated as a failure to disclose, answer, or respond. Fed.R.Civ.P. 37(a)(3).  If a motion to compel is granted or the disclosure or request compelled by the court, the court shall, after affording the violating party an opportunity to be heard, award the moving party reasonable attorneys fees incurred in making the motion. Fed.R.Civ.P. 37(a)(4). In <u>Stein</u>, Judge Kelly ordered plaintiff to pay defendant's counsel fees incurred in filing a motion to compel, even though plaintiff produced most documents after the filing of the motion, because the was no substantial justification for such delay. <u>Id.</u>

Pursuant to Federal Rule of Civil Procedure 37(b)(2), a party is permitted to file a motion with the court seeking sanctions where another party has failed to comply with an order pertaining to discovery and/or the disclosure of information. Fed.R.Civ.P. 37(b)(2). Fed.R.Civ.P. 37(b)(2) authorizes the court to impose various sanctions for discovery violations, including but not limited to, the following:

(A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C)    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or ***rendering a judgment by default against the disobedient party***;

(D)    In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E)    Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.

Fed.R.Civ.P. 37(b)(2) (emphasis added). In addition, Rule 37 allows to the court to order the violating party to make payment for the attorney's fees, costs, and expenses incurred by the moving party in making a motion for sanctions. Fed.R.Civ.P. 37(b)(2).It is well established that Rule 37 empowers district courts with the discretionary authority to determine the appropriate sanction for a particular case and to impose severe sanctions where appropriate.  National Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); Ware Communications, Inc. v. Rodale Press, Inc., 2002 WL 89604 (E.D.Pa. Jan. 23, 2002).


**(B)    THE DEFENDANTS SHOULD BE SANCTIONED FOR VIOLATING THE THIRD AMENDED SCHEDULING ORDER BY FAILING TO PROVIDE PLAINTIFF WITH SUPPLEMENTAL DISCOVERY RESPONSES AND COMPELLED TO PRODUCE FULL, COMPLETE, AND VERIFIED RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS.**

On December 16, 2003, this Honorable Court conducted a hearing and heard oral argument on various discovery-related issues. During this hearing, the Honorable Eduardo Robreno advised Defendants' counsel that the Defendants failed to comply with the Second Amended Scheduling Order, which required the Defendants to serve a written submission upon the Court in response to Plaintiff's November 21, 2003 letter.  Following the hearing, the Court issued a Third Amended Scheduling Order, which denied Defendants' Motion to Compel Expert Discovery and Motion for a Protective Order, granted Plaintiff's Cross-Motion to Compel Dr. Deglin's Rule 35 report, and ordered the Defendants to produce all documents and

materials enumerated in Plaintiff's November 21, 2003 letter to the Court by December 30, 2003. <u>See</u> Exhibit "C".

The documents and materials set forth in Plaintiff's November 21, 2003 letter are as follows: (1) all information, records, and documents pertain to the distribution and sale of the hammer; (2) all records and documents which indicate when and where Defendant Sears received shipments of hammers from Defendant Vaughan; (3) all documents, records, and information pertaining to prior complaints, accidents, and incidents, including copies of all complaints, pleadings, discovery, and/or the identity of the attorneys that represented Defendants in those lawsuits; (4) Supplemental response to Interrogatory No. 14, which relates to the cost of manufacturing the hammer; (5) Supplemental responses to Interrogatory Nos. 31 and 32, including any documents or information pertaining to the sale or distribution of the hammer; (6) Supplemental response to Interrogatory No. 42(f) for the identification of the individual with the most knowledge of the other complaints from both Vaughan and Sears; (7) Supplemental response to Interrogatory No. 48(b), which requires information pertaining to microstructure and hardness testing of the hammer; (8) Supplemental responses to Interrogatory Nos. 49 and 50, identifying all incidents; (9) Supplemental response to Interrogatory No. 52, which requires the production of all information pertaining to whether testing was conducted to determine whether the hammer posed a danger to users; (10) Additional documents and/or responses to Request Nos. 4, 5, 8, 12, 13, 14, 20, 23, 25, 26, 27, 29, 30, 35, and 36; (11) the identify the individual(s) with the most knowledge concerning the packaging and instructions provided with the hammer at time of sale in response to Interrogatory No. 42(e); and (12) all information pertaining to any and all warranties provided with the hammer pursuant to Interrogatory No. 34. <u>See</u> Exhibit "B".

The Defendants failed, however, to comply with this Honorable Court's directives and violated the Third Amended Scheduling Order. Instead, Defendants' counsel faxed a letter to Plaintiff's counsel on December 30, 2003, at approximately 5:00 p.m., purporting to address the deficiencies in Defendants' prior discovery responses. <u>See</u> Exhibit "D".[6] Upon review of Defendants' December 30, 2003, it was clear that the Defendants willfully ignored the Court's directives and Third Amended Scheduling Order by failing to provide full, complete, and verified Supplemental Responses to Plaintiff's discovery requests. Most notably, the Defendants did not provide Plaintiff with <u>any</u> documents along with the December 30, 2003 letter.

The Defendants' refusal to provide supplemental discovery responses in a timely manner was particularly egregious due to the fact that the corporate designee depositions of Defendants' representatives were scheduled to take place in Chicago, Illinois, on January 7 and 8, 2004. On January 2, 2004, Plaintiff's counsel faxed and mailed a letter to defense counsel advising that Defendants' December 30, 2003 letter did not comply with the Court's directives and Third Amended Scheduling Order, as it failed to produce the documents and materials set forth in Plaintiff's November 21, 2003 letter to the Court. <u>See</u> Exhibit "E". Due to impending deposition of Defendants' corporate designees, Plaintiff's counsel demanded that full, complete, and verified discovery responses be provided by January 5, 2004, to avoid the necessity of seeking judicial intervention. <u>See</u> Exhibit "E".

On January 5, 2004, counsel for the Defendants contacted Plaintiff's counsel several times to "discuss" and essentially, debate the deficiencies in Defendants' discovery responses. Based upon these conversations, Plaintiff's counsel determined that the Defendants had no

---

[6] Plaintiff's counsel did not have an opportunity to review Defendants' letter of December 30, 2003, until January 2, 2004, due to the closure of Plaintiff's counsel's office for the holiday.

intention of provide Plaintiff with the supplemental discovery requested in advance of the corporate designee depositions and decided to seek judicial intervention. As a result, Plaintiff's counsel faxed and mailed a letter to this Honorable Court on January 5, 2004, advising that the Defendants failed to produce supplemental discovery responses in accordance with the Court's Third Amended Scheduling Order and requesting that sanctions be imposed against the Defendants. See Exhibit "F".  On the same date, Defendants' counsel faxed a letter to Plaintiff's counsel at approximately 10:45 p.m., which maintained that the Defendants' December 30, 2003 letter complied with the Third Amended Scheduling Order and alleged that all discovery was already provided to Plaintiff. See Exhibit "G". Upon receipt of defense counsel's January 5, 2004 letter the following day, Plaintiff's counsel's suspicion that the Defendants had no intention of providing supplemental discovery responses was confirmed. The Defendants' January 5, 2004 letter was little more than a recitation of the same non-responsive answers previously supplied and ignored the Court's clear directives to provide all documents and materials enumerated in Plaintiff's November 21, 2003 letter to the Court. See Exhibit "G".

Notwithstanding the unresponsive nature of Defendants' January 5, 2004 letter, it is important to note that while the Defendants argued that all discovery responses were previously supplied, it produced two critical pieces of information and documentation for the first time. See Exhibit "G".  Specifically, the Defendants produced information pertaining to the cost of manufacturing the hammer and six documents entitled "Information Recap on Product Liability Claim." See Exhibit "G". The production of this critical information and documentation on the eve of corporate designee depositions is particularly telling and indicative of the dilatory tactics employed by the Defendants to prejudice the Plaintiff through discovery abuses.

Moreover, the Defendants decision to knowingly withhold this information and documentation from Plaintiff until the day before conducting corporate designee depositions is sanctionable and further demonstrates that the Defendants failed to produce all supplemental discovery by December 30, 2003, as required by the Third Amended Scheduling Order.

Despite the Defendants' discovery abuses, Plaintiff's counsel proceed with the corporate designee depositions of Jim Davidson of Defendant Sears on January 7, 2004, and Farlin Caufield of Defendant Vaughan on January 20, 2004.[7]   During the deposition of Farlin Caufield, Plaintiff's counsel learned of the existence of various documents and information that had not been previously disclosed by the Defendants.   Specifically, Mr. Caufield testified regarding the existence of various contractual agreements between Vaughan and Sears concerning the sale of products, including the hammer at issue in this case.   See Caufield Deposition Transcript at p. 11 - 13, attached as Exhibit "H".   With respect to prior claims history, Mr. Caufield also testified that he, personally, maintains a "claim record" on behalf of Defendant Vaughan, which contains a log of all claims and lawsuits asserted against Vaughan. See Exhibit "H", at p. 47 – 48.   Mr. Caufield also testified that he prepared the "Information Recap on Product Liability Claim" documents in connection with prior claims and that he is aware that John Combites of Vaughan also maintained a "claim record" prior to his death. See Exhibit "H", at p. 40 – 41 and 54.

During this deposition, Mr. Caufield testified that Sears would periodically send reports to Vaughan indicating the amount of returns for specific tools manufactured by Vaughan and sold by Sears. See Exhibit "H", at p. 23 – 25.   Mr. Caufield also testified that the milled face used on the model 38094 hammer at issue in this case is not unique to Vaughan hammers and

---

[7]      The deposition of Farlin Caufield of Defendant Vaughan was rescheduled from January 8, 2004 to January 20, 2004 at the request of the Defendants.

is used on other hammers manufactured by Vaughan. See Exhibit "H", at p. 217.[8]  With respect to the warnings on the model 38094 hammer, Mr. Caufield testified about the development, placement, and types of warnings of this hammer and its predecessor model. See Exhibit "H", at p. 127 – 130.  Plaintiff's counsel also learned that Robert Bachta of Defendant Vaughan was involved in the handling claims relative to the model 38094 hammer. See Exhibit "H", at p. 27.  Based upon the testimony of Farlin Caufield, Plaintiff served Defendants with a Supplemental Request for Production of Documents on January 22, 2004, requesting all documents and information responsive to the testimony of Mr. Caufield.  See Exhibit "I".

This case is now rapidly approaching trial and a significant amount of discoverable information pertinent to Plaintiff's claims against the Defendants has yet to be provided by the Defendants.  The Defendants have ignored this Honorable Court's directives and deliberately violated the Third Amended Scheduling Order.  From the outset of this case, the Defendants have used dilatory tactics to abuse the discovery process and prejudice Plaintiff's ability to prepare this case for trial.  Plaintiff now moves before this Honorable Court seeking an order sanctioning Defendants for their failure to comply with the Third Amended Scheduling Order and compelling Defendants to provide full, complete, and verified Supplemental Responses to Plaintiffs' Interrogatories, Request for Production of Documents, and Supplemental Request for Production of Documents. Moreover, Plaintiff respectfully requests that this Honorable Court extend the time period for Plaintiff to serve expert reports by thirty (30) days to ensure that Plaintiff has sufficient opportunity to obtain all outstanding discovery.

---

[8]      In light of this fact, Plaintiff respectfully submits that is necessary to expand the discovery of prior claims history to all hammers manufactured by Vaughan possessing the same or similar milled face as the model 38094 hammer.

Accordingly, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel Discovery and for Sanctions against the Defendants.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully requested that this Honorable Court grant Plaintiff's Motion to Compel Discovery and for Sanctions against Defendants and enter an order that: (1) compels Defendants to provide full, complete, and verified responses to Plaintiff's Interrogatories, Request for Production of Documents, and Supplemental Request for Production of Documents within seven (7) days; (2) sanctions Defendants in the amount of $500.00 for the costs associated with the preparation of this motion; and (3) extend the deadline for Plaintiff to serve expert reports by thirty (30) days.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE:  February 13, 2004    BY:  _____
                                 Thomas W. Sheridan, Esquire (ID# 56939)
                                 Sean E. Quinn, Esquire (ID# 86346)

                                 3800 Centre Square West
                                 Philadelphia, Pennsylvania 19102
                                 (215) 972-7800

                                 Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                              :

SCOTT GANGLOFF,                   :   Civil Action No. <u>02-CV-4615</u>
                              :

             Plaintiff,      :
                              :

             v.                :
                              :

SEARS ROEBUCK & CO., and      :
VAUGHAN & BUSHNELL MANUFACTURING CO.  :   Hon. Eduardo C. Robreno
                              :

             Defendants,   :
_____

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2003, it is hereby ORDERED AND DECREED that Plaintiff's Motion to Compel Discovery and for Sanctions against Defendants, Sears Roebuck & Co. and Vaughan & Bushnell Manufacturing Co., is GRANTED. It is further ORDERED that: (1) the Defendants are hereby compelled to produce full, complete, and verified responses to Plaintiff's First Set of Interrogatories, Request for Production of Documents, and Supplemental Request for Production of Documents within seven (7) days from the date of this Order; (2) the Defendants make payment of $500.00 to Plaintiff for the costs associated with bringing this motion; and (3) deadline for Plaintiff to serve expert reports is extended by thirty (30) days.

                                        BY THE COURT:


                                        _____
                                        Honorable Eduardo C. Robreno

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
SCOTT GANGLOFF,                         :    Civil Action No.  02-CV-4615
                                        :
                    Plaintiff,          :
                                        :
             v.                         :
                                        :
SEARS ROEBUCK & CO., and                :
VAUGHAN & BUSHNELL MANUFACTURING CO.    :    Hon. Eduardo C. Robreno
                                        :
                    Defendants,         :
_____ :

## <u>ATTORNEY CERTIFICATION OF GOOD FAITH</u>

The undersigned counsel for the Plaintiffs hereby certifies and attests that he has conferred with opposing counsel by way of multiple letters and telephone calls in regard to the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

CERTIFIED TO THE COURT BY:


DATE:  February 13, 2004        BY:    _____
                                       Thomas W. Sheridan, Esquire (ID# 56939)
                                       Sean E. Quinn, Esquire (ID# 86346)

                                       3800 Centre Square West
                                       Philadelphia, Pennsylvania 19102
                                       (215) 972-7800

                                       Attorneys for the Plaintiffs

                                       *(Signature of Respondent's counsel is not required)*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the Plaintiffs' Motion to Compel Discovery against Defendants, Sears Roebuck & Co. and Vaughan & Bushnell Manufacturing Co., was served upon the following via facsimile and/or first class mail on <u>February 15, 2004</u>:

Michael R. Lettrich, Esquire
Cipriani & Werner
Two Chatham Center
Suite 1100
Pittsburgh, PA  15219-3437

SHERIDAN & MURRAY

BY:    _____
Thomas W. Sheridan, Esquire (ID# 56939)
Sean E. Quinn, Esquire (ID# 86346)

3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiffs