## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
SCOTT GANGLOFF,                              :    Civil Action No.  02-CV-4615
:
Plaintiff,           :
:
v.                          :
:
SEARS ROEBUCK & CO., and                    :
VAUGHAN & BUSHNELL MANUFACTURING CO.        :    Hon. Eduardo C. Robreno
:
Defendants,          :
_____

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, respectfully

submits the following Proposed Jury Instructions and requests that this Honorable Court

charge the jury in the following respects.

Respectfully Submitted,

SHERIDAN & MURRAY

BY: _____SEQ1855_____
THOMAS W. SHERIDAN, ESQUIRE
SEAN E. QUINN, ESQUIRE
Attorneys for Plaintiff

Date:   July 9, 2004

**1.26 (Civ)**

## OATH ADMINISTERED TO JURY

Do you solemnly swear or affirm that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you? *[Juror should be required to answer "I do."]*

**1.32 (Civ)**

## FORMAL WELCOME

Members of the jury: Allow me to formally welcome you now as official sworn members of the jury in this case. Before we begin, I have a few preliminary instructions for you.

**1.33 (Civ)**

# ALTERNATES

You will note that 14 of you now sit in the jury box. Two of you have been selected as alternates. At the conclusion of this case, the remaining 12 will deliberate and return a verdict. Since we do not know now which jurors will be the final jurors, in case anyone gets ill or has a personal emergency and is required to leave their jury service, all jurors should pay careful attention to the evidence as it is presented and to the court's rulings that are applicable to the case.

**1.34 (Civ)**

## DUTY OF JURY

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. That is how you will reach your verdict.

As the jury in this case, you and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. My role is to be the judge of the law, that is to say, I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions on the facts. You are to judge the facts in this case solely based upon the evidence presented to you. This evidence will consist of the testimony of witnesses, the exhibits marked into evidence, and any material that we read to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**1.36 (Civ)**

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney will make an opening statement to you. Next, the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence will show. The opening statements are designed to highlight for you the disagreements and factual differences between the parties in order to help you judge the significance of the evidence when it is presented. [A party is not required to make an opening statement.]

Once the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.

The plaintiff goes first because they have the burden of proof, which I will discuss in greater detail later. The plaintiff will present witnesses whom counsel for the defendant[s] may cross-examine. Following the plaintiff's case, the defendant may present its evidence and plaintiff's counsel may cross-examine their witnesses.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in an attempt to highlight the significant evidence that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence.

Once the closing arguments are completed, I will then instruct you in more detail on the law and legal principles that apply to the case. After that you will retire to the jury room to deliberate on your verdict in this case.

**1.37 (Civ)**

## BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. Please understand that while you are waiting, we are working.

It is my responsibility, as the trial judge, to be sure evidence is presented to you, the jury, appropriately under the law. The purpose of these discussions is not to keep important information from you, but to be sure questions are asked of witnesses and evidence submitted to you properly.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a recess.

**1.38 (Civ)**

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence I told you to disregard.

Please be assured that my rulings on evidentiary issues are based solely on the rules of evidence. They have nothing whatsoever to do with whether or not I believe a witness or favor one party over the other. In the courtroom, as the judge of the law, it is my responsibility to serve as the "referee" under the rules as established and developed over the past 200 years of law in our country.

To the best of your ability, please try not to be distracted by these rulings.

**1.42 (Civ)**

### BURDEN OF PROOF AND PREPONDERANCE OF EVIDENCE

The plaintiff is seeking damages in this case based upon of strict products liability and negligence. In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him or her to relief. The plaintiff has the burden of proving his case by a preponderance of the evidence.

A fair preponderance of the evidence means you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of the "scales of justice," which is really an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly, in favor of the plaintiff, your verdict must be for the plaintiff. If the scales are equally balanced or tip in favor of the defendant, your verdict must be for the defendant.

In this case, the plaintiff has the burden of proving the following propositions: *[use the following in the ordinary negligence case]* that the defendant was negligent, and that that negligence was a substantial factor in bringing about the harm. *[In other cases, the contentions should be listed seriatim.]* If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

I will review the elements of the claims and the law at greater length at the end of the trial for you.

**1.44 (Civ)**

## CREDIBILITY OF WITNESSES GENERALLY

As judges of the facts, you are the only judges of the credibility of the witnesses and their testimony. This means that you must judge the truthfulness and accuracy of each witness' testimony and decide whether to believe all, or part, or none of that witness' testimony. The following are some of the factors that you may and should consider when judging credibility and deciding whether or not to believe witnesses.

(1)    Was the witness able to see, hear, or know the things about which he or she testified?

(2)    How well could the witness remember and describe those things?

(3)    Was the ability of the witness to see, hear, know, remember, or describe those things affected by youth or old age or by any physical, mental, or intellectual deficiency?

(4)    Did the witness testify in a convincing manner? How did the witness look, act, and speak while testifying? Was the testimony uncertain, confused, self-contradictory, or presented in any kind of evasive manner?

(5)    Did the witness have any interest in the outcome of the case, or any bias, or any prejudice, or any other motive that might have affected the testimony?

(6)    How well does the testimony of the witness square with the other evidence in the case, including the testimony of other witnesses? Was it contradicted or supported by the other evidence and testimony?

(7)    Does the testimony make sense to you?

(8)    If you believe some part of the testimony of a witness to be inaccurate, consider whether that inaccuracy cast doubt upon the rest of that same witness' testimony. This may depend on whether the inaccuracy is in an important matter or in a minor detail.

(9)    You should also consider any possible explanation for the inaccuracy. Did the witness make an honest mistake or simply forget, or was there a deliberate attempt to present false testimony to you?

(10)   If you find that a witness deliberately testified falsely on a material point, that is, on a matter that might affect the outcome of the trial, you may, for that reason alone, choose to disbelieve other parts or all of that same witness' testimony. But you are not required to do so. You should consider all the other factors that bear on credibility in determining whether to believe other parts of that witness' testimony.

(11)   While you are judging the credibility of each witness, you are likely to be judging the credibility of other witnesses or other evidence in the case. If there is a real irreconcilable conflict, it is up to you to decide which, if any, of the conflicting testimony or evidence you believe.

As the only judges of credibility and fact in this case, you, the jurors, are responsible to give the testimony of every witness, and all the other evidence, whatever credibility and weight you think it is entitled to receive.

**1.45 (Civ)**

## DISCREPANCIES IN TESTIMONY

Discrepancies in a witness's testimony or between such witness's testimony and that of other witnesses, if there were any, do not necessarily mean that [any] [such] witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**1.46 (Civ)**

## WITNESS WILLFULLY FALSE

A witness false in one part of his or her testimony may be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

**1.48 (Civ)**

## EVIDENCE

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits in court. It also may include any facts that have been stipulated to or formally agreed to by the parties [and any facts that have been judicially noticed—that is, facts that I say you must accept as true].

Certain things are not evidence. I will list those things for you now:

(1)    Statements, arguments, questions, and comments by lawyers are not evidence.

(2)    During the course of the trial, you will hear from the attorneys on numerous occasions. Always bear in mind that the attorneys are *not* witnesses and what they say is *not* evidence in the case, whether they are arguing, objecting, or asking questions. The attorneys are here as advocates and spokespersons for their clients' positions.

(3)    Objections are not evidence. Lawyers have a right to object. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

(4)    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(5)    Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

**1.49 (Civ)**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may either be direct evidence or circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You may decide the case solely based on circumstantial evidence.

**1.50 (Civ)**

## NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time-consuming for the court reporter to [read] [play back] lengthy testimony. I urge you to pay close attention to the testimony as it is given.

If at any point in the trial you cannot hear or understand a witness, a lawyer, or me, or see an exhibit, please let us know in order that we may resolve it immediately for you.

**1.51 (Civ)**

## NOTE-TAKING BY JURORS

*[First Alternative—Note-Taking Not Permitted]*

[You will not be permitted to take notes during this trial. The concern is that note-taking would be distracting, that notes would often be incomplete, and that undue weight may be given to the notes. We want you to rely upon your combined recollection of all the evidence.]

*[Second Alternative—Note-Taking Permitted]*

[If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

[At the conclusion of my introductory remarks] [After the parties have completed their opening statements], my tipstaff will be giving each of you an envelope containing a yellow tablet and pen so that you can take any notes that you wish during the trial of this case. There is no requirement that jurors take notes. How many notes, if any, that you want to take is entirely up to you. Obviously, you cannot take down everything and there is always a fear that a juror will focus so much on note-taking that he or she will miss the big picture. Make sure that note-taking does not prevent you from getting an overall picture of what is involved in this case.

Your notes are memory aids; they are not evidence. Jurors who take few or no notes should not permit their independent recollection of the evidence to be influenced solely by the fact that other jurors have taken notes.

You are not permitted to take your notes outside the courtroom or the courthouse until you are ready to deliberate. At the beginning of each recess you should put your notes into the envelope *[the names should be written on the envelope]* and place the envelope on your chair. My staff is responsible for making sure that no one looks at your notes. At the end of the day, my staff will collect your envelopes and place them in a locked drawer.

I want to emphasize that these are your notes. No one else is permitted to look at them at any time. This includes the lawyers and myself. Immediately after you have finished your deliberations and have rendered a verdict that has been accepted by the court, my staff will destroy your notes.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.]

**1.52 (Civ)**

# CONDUCT OF THE JURY

This case is very important to all the parties involved. They are entitled to your full attention throughout the trial and to your fair and impartial consideration of the case. It is important, therefore, that to ensure fairness, you as jurors follow the following rules:

(1)　　Do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict. It may be tempting—however, please realize that some people are more easily influenced than others. It is only fair to allow each juror the opportunity to keep an open mind throughout the entire trial. Do not make up your mind about the verdict until you have heard all the witnesses and, of course, have been advised about the applicable law, which I do not present until the end of the trial.

(2)　　Do not talk with anyone in the courthouse about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

When you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It denotes you are someone very special who is not to be approached in any way.]

(3)　　Do not talk with anyone outside the courthouse or at home. Do not discuss this case with anyone not on the jury. This includes your family and friends. When you go home, you may tell your family or best friend you have been selected as a juror in a civil case and the expected length of the trial. You should not tell them anything more about the case. Even though a further explanation by you may begin innocently, once you finish talking, the other person is not going to just stand there and say nothing. That person will say something and that response may influence your thinking. Your thinking should be influenced only by what you learn in the courtroom. [No matter what kind of case, you will see someone downtown you know over lunch today perhaps. Some friends feel compelled to tell you what your verdict should be, not having heard any of the evidence nor knowing what the law is. So please ask them to respect your role as a juror and the oath you have taken.]

(4)    Do not watch or listen to any news programs, or read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over, I suggest that you avoid reading any newspapers or new journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.]

(5)    Do not conduct any independent research or investigation about the case on your own. You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. You must not make any independent investigation of the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works for additional information.

(6)    Keep an open mind. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have thoroughly discussed the evidence.

**2.05 (Civ)**

**DEPOSITION TESTIMONY**

The sworn testimony of *[name],* taken by [deposition] [videotape] prior to this trial, is about to be presented to you. The testimony of a [witness] [party] who for some proper reason cannot be present to testify in person, may be presented in this form. Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. [The use of videotape permits you to see and hear the witness as [he] [she] appeared and testified under questioning by counsel.] This form of testimony is entitled to neither more nor less consideration by the jury because of the manner of its submission.

**2.10 (Civ)**

**ADMISSIONS OF FACT**
**(Pleadings, Answers to Interrogatories or Requests**
**for Admissions, Depositions, Statements)**

The admission[s] of fact made by the [agent of the] [defendant] [plaintiff] in the answer to the [complaint] *[or other pleading, document, statement, testimony]* [has] [have] been offered by the [plaintiff] [defendant] and received in evidence. The [defendant] [plaintiff] is bound by [this] [these] admission[s].

**2.11 (Civ)**

## STIPULATIONS OF FACT

*[First Alternative]*

The stipulation of fact[s] that has been offered and received in evidence constitutes an agreement by the opposing parties, through their attorneys, that [this] [these] fact[s] may be accepted as undisputed. [This fact] [These facts] require[s] no further proof, and no contradictory evidence will be permitted. [This fact is] [These facts are] to be accepted by you as binding and conclusive for the purposes of this trial.

*[Second Alternative]*

You have heard the stipulation, or agreement, by the parties through their attorneys, as to the testimony that would be given by *[name]* if [he] [she] testified as a witness in this case. This is simply evidence that you will consider with all the other evidence in the case and you may accept or reject all or any part of such evidence.

**2.20 (Civ)**

# IMPEACHMENT OR CORROBORATION OF WITNESS
## BY PRIOR INCONSISTENT OR CONSISTENT STATEMENT

*[Inconsistent Statement—First Alternative]*

You have heard evidence that the witness made [an] earlier statement[s] inconsistent with the witness' testimony at this trial. You may consider the statement[s] for two purposes: first, to evaluate the credibility of the witness' testimony; second, as evidence of the truth of what the statement[s] say[s].

*[Inconsistent Statement—Second Alternative]*

You have heard evidence that the witness made [an] earlier statement[s] inconsistent with the witness' testimony at trial. You may consider the statement[s] only to evaluate the credibility of the witness' testimony. You may not consider the statement[s] for the truth of what the statement[s] say[s].

*[Consistent Statement—First Alternative]*

You have heard evidence that the witness made [an] earlier statement[s] consistent with the witness' testimony at this trial. You may consider the statement[s] as evidence that the witness' testimony was not [fabricated as a result of bias, or improper influence or motive] [a product of faulty memory]. You may not consider the statement[s] for the truth of what the statement[s] say[s].

*[Consistent Statement—Second Alternative]*

You have heard the evidence that the witness made [an] earlier statement[s] consistent with the witness' testimony at this trial. You may consider the statement[s] as evidence that support[s] the witness' denial or explanation of having made [a] prior statement[s] about which the witness was asked. You may not consider the consistent statement[s] for the truth of what the statement[s] say[s].

3.00 (Civ)

## ISSUES IN THE CASE AND FACTUAL CAUSE

The plaintiff claims that [he] [she] was injured and sustained damage as a result of the negligent conduct of the defendant. The plaintiff has the burden of proving [his] [her] claims.

The defendant denies the plaintiff's claims [and asserts as an affirmative defense that the plaintiff was [himself] [herself] negligent and that such negligence was a factual cause in bringing about the plaintiff's injuries. The defendant has the burden of proving this affirmative defense].

Based upon the evidence presented at this trial, the only issues for you to decide in accordance with the law as I will give it to you, are:

First: Was the defendant negligent?

Second: Was the defendant's conduct a factual cause in bringing about harm to the plaintiff?

[Third: Was the plaintiff [himself] [herself] negligent and was such negligence a factual cause in bringing about the plaintiff's injury?]

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

*[Use the following where the action is against more than one defendant]* [A defendant's negligent conduct need only be *a* factual cause of the plaintiff's harm. It does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the harm. If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.]

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, the defendant's conduct need not be the only factor. The fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the defendant from liability as long as [his] [her] own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of [other defendants or] the plaintiff. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances.

**3.01 (Civ)**

## NEGLIGENCE—DEFINITION

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

**3.02 (Civ)**

## ORDINARY CARE—DEFINITION

Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case. It is the duty of every person to use ordinary care not only for his or her own safety and the protection of his or her property, but also to avoid injury to others. What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there. The amount of care required by the law must be in keeping with the degree of danger involved.

**3.03 (Civ)**

## CONTRIBUTORY NEGLIGENCE

The defendant claims that the plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a plaintiff that is a factual cause of the plaintiff's injury. The burden is not on the plaintiff to prove [his] [her] freedom from contributory negligence. The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the defendant has proven that the plaintiff, under all the circumstances present, failed to use reasonable care for [his] [her] own protection.

*[Set forth concisely the defendant's specific grounds of contributory negligence that are supported by evidence. For example: in failing to keep a reasonable lookout; in failing to yield the right of way, etc.]*

[(The defendant claims that the plaintiff had a choice of two ways in which to proceed, one of which was perfectly safe and the other of which was obviously dangerous, and that the plaintiff unreasonably chose the obviously dangerous way.)]

Even if you find that the plaintiff was negligent, you must also determine whether the defendant has proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's injury. If the defendant has not sustained that burden of proof, then the defense of contributory negligence has not been made. In determining legal cause, you will refer to my previous instruction.

**3.03A (Civ)**

## COMPARATIVE NEGLIGENCE AND APPORTIONMENT
## AMONG JOINT TORTFEASORS

The court has already instructed you about what you may consider in determining whether the defendant[s] [was] [were] negligent, whether the plaintiff was contributorily negligent, and whether such negligence, if any, was a factual cause in bringing about the plaintiff's harm. If you find, in accordance with these instructions, that the defendant[s] [was] [were] negligent and such negligence was a factual cause in bringing about the plaintiff's harm, you must then consider whether the plaintiff was contributorily negligent. If you find that the plaintiff was contributorily negligent and such contributory negligence was a factual cause in bringing about [his] [her] harm, then you must apply the Comparative Negligence Act, which provides in section 1:

The fact that a plaintiff (decedent) may have been guilty of contributory negligence shall not bar a recovery by the plaintiff (his legal representative) where such negligence was not greater than that causal negligence of the defendant, or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff (decedent).

[(Just as the law provides that a plaintiff's damages should be diminished in proportion to the amount of negligence attributable to the plaintiff, so too it provides that an award should be divided among the defendants in proportion to their relative degrees of causal negligence. If you find that more than one defendant is liable to the plaintiff, you must also apply section 2 of the Comparative Negligence Act, which provides:

Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.)]

Under this act, if you find that [the defendant] [any defendant or more than one defendant] was causally negligent and you find that the [plaintiff] [decedent] was also causally negligent, it is your duty to apportion the relative degree of causal negligence between [the defendant] [all of the defendants found negligent] and the plaintiff. In apportioning the causal negligence you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this [accident] [occurrence] as you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than [the causal negligence of the defendant] [the combined causal negligence of those defendants you find to have been negligent], then the plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiff's causal negligence was equal to or less than [the causal negligence of the defendant] [the combined causal negligence of the defendants you find to have been causally negligent], then you must set forth the percentages of causal negligence

attributable to the plaintiff and the percentage of causal negligence attributable to [the defendant] [each of the defendants you find to have been causally negligent]. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if [he] [she] had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff.

To further clarify these instructions, the court will now distribute to each of you a verdict form containing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the court clerk; this will constitute your verdict. The verdict form reads as follows:

Question 1:

Do you find that [the defendant] [any of the defendants] [was] [were] negligent?

      Defendant A         Yes ____      No ____

      Defendant B         Yes ____      No ____

      Defendant C         Yes ____      No ____

If you answer Question 1 ["No"] ["No" as to all defendants], the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

Question 2:

Was [the defendant's negligence] [the negligence of those defendants you have found to be negligent] a factual cause of any harm to the plaintiff?

      Defendant A         Yes ____      No ____

      Defendant B         Yes ____      No ____

      Defendant C         Yes ____      No ____

If you answer Question 2 ["No"] ["No" as to all defendants you have found to be negligent], the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

Question 3:

Was the plaintiff contributorily negligent?

      Yes ____      No ____

If your answer Question 3 "No," proceed to Question 5.

Question 4:

If you answered Question 3 "Yes," was the plaintiff's contributory negligence a factual cause of any harm to [him] [her]?

      Yes ____      No ____

Question 5:

Taking the combined negligence that was a factual cause of any harm to the plaintiff as

100 percent, what percentage of that causal negligence was attributable to [the defendant] [each of the defendants you have found causally negligent] and what percentage was attributable to the plaintiff?

Percentage of causal negligence attributable to Defendant A (Answer only if you have answered "Yes" to Questions 1 and 2 for Defendant A).    _____%

Percentage of causal negligence attributable to Defendant B (Answer only if you have answered "Yes" to Questions 1 and 2 for Defendant B).    _____%

Percentage of causal negligence attributable to Defendant C (Answer only if you have answered "Yes" to Questions 1 and 2 for Defendant C).    _____%

Percentage of causal negligence attributable to the plaintiff (Answer only if you have answered "Yes" to Questions 3 and 4).    _____%

Total 100%

If you have found the plaintiff's causal negligence to be greater than 50 percent, then the plaintiff cannot recover and you should not answer Question 6 and should return to the courtroom.

Question 6:

State the amount of damages, if any, sustained by the plaintiff as a result of the [accident] [occurrence], without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the plaintiff. $_____

*[The judge continues with the charge as follows:]*

After you return your answers to these questions on the verdict form, signed by your foreman, the court will determine the amount to be awarded to the plaintiff, if any, by reducing the amount of damages found by you in proportion to the percentage of the plaintiff's causal contributory negligence, if any. I again caution you that you are not to make this reduction yourselves in reaching the amount of the plaintiff's damages, as set forth by you in answer to Question 6.

**3.04 (Civ)**

## ASSUMPTION OF RISK

The defendant claims that the plaintiff assumed the risk of injury and the defendant has the burden of proving this was so. The elements of assumption of the risk are that the plaintiff fully understood the specific danger that caused [his] [her] injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger.

This is a subjective test. The question is not whether a reasonable person in the plaintiff's position would have understood the risk, but whether the plaintiff [himself] [herself] actually did.

The plaintiff's knowledge and understanding of the specific danger may be proven by circumstantial evidence. Direct evidence is not required.

Not all voluntary risk-taking amounts to an assumption of the risk. The defense applies only to preliminary and deliberate conduct with an awareness of the specific risk. It does not apply to conduct close in time and place to the accident. Conduct more immediately leading to an accident may be negligent, but negligence is not a defense to a strict products liability action.

[The defense also does not apply to the risks inherent in machinery an employee must use in performing his or her job.] It is for you to determine whether the plaintiff had a choice about encountering the risks.

You must therefore determine whether the defendant has met its burden of proof. If you find that the plaintiff intelligently and voluntarily accepted the specific risk that caused the plaintiff's injuries, your verdict must be for the defendant.

**3.17 (Civ)**

## RECKLESS CONDUCT—DEFINED

Reckless conduct is intentional acting or failing to act in complete [reckless] disregard of a risk of harm to others that is known or should be known to be highly probable and with a conscious indifference to the consequences. Reckless conduct is [also] acting or failing to act when existing danger is actually known and with an awareness that harm is reasonably certain to result.

**3.25 (Civ)**

## FACTUAL CAUSE

The plaintiff must prove to you that the defendant's conduct caused the plaintiff's damages. This is referred to as "factual cause." The question is: "Was the defendant's negligent conduct a factual cause in bringing about the plaintiff's damages?"

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

*[Use the following where the action is against more than one defendant]* [A defendant's negligent conduct need only be a factual cause of the plaintiff's harm. It does not need to be the only cause. The existence of other causes of the harm does not relieve the defendant from liability as long as the defendant's negligent conduct was a factual cause of the injury. If you find that one of the alleged acts of a defendant was negligent and a factual cause of the harm, this is sufficient to subject that defendant to liability.]

*[Use the following if you have not already used Instruction 3.00 (Issues in the Case and Factual Cause) or if you wish to reiterate the definition of "factual cause" to the jurors.]* [In order for conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the negligent conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff. Under Pennsylvania law, conduct can be found to be a contributing factor if the action or omission alleged to have caused the harm was an actual, real factor, not a negligible, imaginary, or fanciful factor, or a factor having no connection or only an insignificant connection with the injury. However, factual cause does not mean it is the only, primary, or even the most important factor in causing the injury. A cause may be found to be a factual cause as long as it contributes to the injury in a way that is not minimal or insignificant.

To be a contributing factor, the defendant's conduct need not be the only factor. The fact that some other cause concurs with the negligence of the defendant in producing an injury does not relieve the defendant from liability as long as [his] [her] own negligence is a factual cause of the injury.

The negligence of a defendant may be found to be a factual cause of a plaintiff's harm even though it was relatively minor as compared to the negligence of [the other defendant or] the plaintiff. In effect, the test for factual causation has been met when the conduct in question has such an effect in producing the harm as to lead reasonable persons to regard it as one of the contributing causes that is neither insignificant nor inconsequential considering all the circumstances.]

*[Use the following summary definition of "factual cause" if you have used Instruction 3.00 and do not want to reiterate the entire definition again.]* [Remember, a factual cause is an actual, real factor, although the result may be unusual or unexpected. A factual cause can not be an imaginary or fanciful factor having no connection or only a significant connection with the injury. Although a factual cause can not be minimal or insignificant with regard to the injury, it can be relatively minor in relation to other factors and need not be quantified as being either considerable or large.]

**3.26 (Civ)**

## CONCURRING CAUSES

There may be more than one factual cause of the harm suffered by the plaintiff. When negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of these persons is fully responsible for the harm suffered by the plaintiff regardless of the relative extent to which each contributed to the harm. A cause is concurrent if it was operative at the moment of the incident, and acted with another cause as a factual cause in bringing about the harm.

**3.27 (Civ)**

## CONCURRING CAUSES—EITHER ALONE SUFFICIENT

Where the negligent conduct of a defendant combines with other circumstances and other forces to cause the harm suffered by the plaintiff, the defendant is responsible for the harm if [his] [her] negligent conduct was a factual cause of the harm, even if the harm would have occurred without it.

**3.30A (Civ)**

## EVIDENCE OF NEGLIGENCE—VIOLATION OF
## OSHA REGULATION OR ANSI STANDARD

An [OSHA regulation] [ANSI standard] was in effect at the time this accident occurred, which provided in part: *[here, quote relevant regulatory provision]*. This [regulation] [standard] was developed to protect a person in the position of the plaintiff[s] in this case and dictates the duty of care required of someone in the same situation as the defendant. If you find that there was a violation of this [regulation] [standard], this violation would be evidence that you should consider along with all other evidence presented on the question of whether the defendant was negligent.

**3.50 (Civ)**

## VERDICT DIRECTING SUMMARY

You will now retire to consider all of the evidence received in this trial in the light of the various factors I have presented to you and apply the law as I have given it to the facts as found by you.

If you find that the defendant was negligent, and that the defendant's conduct was a factual cause of the harm to the plaintiff, your verdict must be in favor of the plaintiff and against the defendant.

[However, if you find that the plaintiff was contributorily negligent, and that [his] [her] negligence was a factual cause of [his] [her] own injury, and that [his] [her] negligence was greater than that of [the defendant] [the combined negligence of the defendants], your verdict must be for the defendant[s].]

If you find that the defendant was not negligent, or that [his] [her] negligence was not a substantial factor in bringing about harm to the plaintiff, your verdict must be for the defendant.

If your verdict is in favor of the plaintiff, you must then determine what damage the plaintiff was and will be caused to suffer by reason of the defendant's negligence and return a verdict for the plaintiff in that amount.

**4.00C (Civ)**

## CORPORATION—EMPLOYEES (AGENCY/AUTHORITY DISPUTED; RATIFICATION)

Defendants Sears and Vaughan & Bushnell are corporations and can act only through its officers, agents, and employees. Any act or omission of an officer, agent, or employee of the corporation, performed within the scope of his or her [agency] [employment], is chargeable to the corporation.

The issue here for you to determine is whether *[name],* as *[status or position]* of the defendant corporation, was acting as an agent [or employee] of the corporation and within the scope of [his] [her] agency or authority. If you find that [his] [her] acts, in the situation here involved, were such as are customarily performed by one holding a position of a similar nature, and that they pertained to the ordinary business of the corporation, you may conclude that [he] [she] was authorized to perform such acts and that the corporation is liable for the consequences of such acts. [A person occupying the position of a general or managing agent implies, without further proof, his or her authority to do anything that the corporation itself may do as long as the act done pertains to the ordinary business of the corporation.]

[If you find that [he] [she] acted without authority or beyond the scope of [his] [her] agency or authority, but find also that [his] [her] acts were later ratified by the corporation, either expressly or by accepting and retaining the benefits of such acts, you may find the corporation responsible for the consequences of such acts.]

**5.03 (Civ)**

## NUMBER OF WITNESSES

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors that you should consider. Whether the witnesses appear to be biased or unbiased or whether they are interested or disinterested persons, are among the important factors that indicate the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance.

**5.04 (Civ)**

## CONFLICTING TESTIMONY

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been wilfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he or she remembers incorrectly. It is also true that two persons witnessing an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**5.05 (Civ)**

## WILLFULLY FALSE TESTIMONY

If you decide that a witness has deliberately testified falsely about a material point (that is, about a matter that could affect the outcome of this trial), you may for that reason alone choose to disbelieve the rest of the witness' testimony. But you are not required to do so. You should consider not only the deliberate falsehood, but also all other factors bearing on the witness' credibility in deciding whether to believe other parts of the witness' testimony.

**5.06 (Civ)**

## FAILURE TO PRODUCE EVIDENCE

*[Part I. General Introduction]*

In presenting this case, the [plaintiff] [defendant] did not [produce *[specify particulars]*] [call *[specify particulars]*]. The general rule is that where evidence that would properly be part of a case is within the control of, or available to, the party whose interest it would naturally be to produce it and that party fails to do so without satisfactory explanation, you may draw the inference that, if produced, it would be unfavorable to that party.

*[Part II. Failure to Produce an Object or Document]*

Applying that general rule to this case and to the [plaintiff's] [defendant's] failure to produce *[specify particulars]*, you may draw the inference that it would have been unfavorable to the [plaintiff] [defendant] if you find all of the following: that *[specify particulars]* exists and is within the [plaintiff's] [defendant's] control, that it would have naturally been in the [plaintiff's] [defendant's] interest to produce it, and that there has been no satisfactory explanation of the failure to produce.

*[Part II(A). Spoliation]*

If you find that *[specify particulars]* was within the [plaintiff's] [defendant's] control, and that the [plaintiff] [defendant] disposed of *[specify particulars]* before the [defendant] [plaintiff] had an opportunity to inspect it, and that *[specify particulars]* was relevant to this case, that is, that it should have been recognized as bearing on an issue that you will be deciding, then you may draw the inference that, if this evidence had been preserved for inspection by the [defendant] [plaintiff] and been available to be presented to you here in court, it would have been unfavorable to the party who made it unavailable.

*[Part II(B). Intentional Alteration or Destruction of Medical Records]*

If you find that there was an intentional alteration of destruction of medical records by the defendant[s] in this case, and that there has been no satisfactory explanation for that alteration or destruction, you may infer that the records or portions of records so altered or destroyed would have been unfavorable to the defendant[s].

The following are satisfactory explanations for alteration or destruction of medical records: (1) a healthcare provider may correct information on a patient's chart, where information has been entered erroneously, or where it is necessary to clarify entries made on the chart, provided that such corrections or additions are clearly identified as later additions by a date and time; (2) a healthcare provider may add information to a patient's chart where it was not available at the time the record was first created, provided that such additions are clearly dated as later entries, and that they are made within a reasonable time; and (3) a healthcare provider may routinely dispose of medical records, after certain time limits fixed by the law have passed; in this respect, the law requires that medical records be kept for a minimum of seven years following the discharge of a patient (or, if the patient is a minor, until his or her

majority, and then for seven years or as long as the records of adults are maintained).

Therefore, if you find that any of these three explanations applies to an intentional alteration or destruction of medical records in this case, you may not draw an inference unfavorable to the defendant[s] for that alteration or destruction. If, however, you find that none of these explanations apply, you may draw such an inference.

*[Part III. Failure to Call a Witness]*

In this case, the [plaintiff] [defendant] did not call *[name]* as a witness. The general rule as it applies in the case of failure to call a witness is as follows:

> where a potential witness is within the control of one of the parties and is shown to have special information relevant to the case, so that his or her testimony would not merely be cumulative, and where that witness' relationship to one of the parties is such that the witness would ordinarily be expected to favor that party, then if that party does not produce the witness' testimony, and there is no satisfactory explanation for the failure to do so, you may draw the inference that such testimony would not have been favorable.

Therefore, if you find that the person who was not called as a witness was within the control of the [plaintiff] [defendant], has special information that was relevant, and that [his] [her] testimony would not merely be cumulative, and that [his] [her] relationship to the [plaintiff] [defendant] is such that the witness would ordinarily be expected to favor the [plaintiff] [defendant], then if there is no satisfactory explanation for the [plaintiff's] [defendant's] failure to call that witness, you may infer that the testimony of the witness would have been unfavorable.

*[Part IV. Failure of a Party to Testify]*

You may infer from a party's failure to testify, without satisfactory explanation, that the party's testimony would have been unfavorable to him or her. The defendant's failure to testify will not constitute affirmative evidence of [negligence] *[specify particulars]*; the plaintiff still has the burden of proof of an issue. Nonetheless, from the defendant's failure to testify without satisfactory explanation, you may infer that this testimony would have been unfavorable to [him] [her].

**5.07 (Civ)**

## CIRCUMSTANTIAL EVIDENCE

In this case you have heard what the law calls circumstantial evidence. Circumstantial evidence consists of proof of facts, or circumstances, from which it is reasonable to infer the existence of another fact. You may consider circumstantial evidence and you should give it whatever weight you believe it deserves.

**5.30 (Civ)**

## EXPERT[S] TESTIMONY—CREDIBILITY GENERALLY

[You will recall that *[name of witness]* gave testimony of [his] [her] qualifications as an expert in the field of *[specify].* [Similarly, *[state name of the other expert(s) from the same field]* testified as to [his] [her] qualifications as an expert in this same field.]]

A witness who has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation may give an opinion as an expert as to any matter in which he or she is skilled. In determining the weight to be given to the expert's opinion, you should consider the qualifications and reliability of the expert and the reasons and facts given for the opinion. You are not bound by an expert's opinion merely because he or she is an expert; you may accept or reject it, as in the case of other witnesses. Give it the weight, if any, to which you deem it entitled.

**5.31 (Civ)**

## EXPERT OPINION—BASIS FOR OPINION GENERALLY

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

**5.33 (Civ)**

## WEIGHING CONFLICTING EXPERT TESTIMONY

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**5.40 (Civ)**

## CAUTIONARY CHARGE: JURY NOT TO ASSUME
## JUDGE HAS EXPRESSED AN OPINION ON THE EVIDENCE

I have invited your attention to various factors you may consider in evaluating [[*name*]'s testimony] [the evidence for the plaintiff and defendant]. In doing so, I have not attempted to indicate any opinion on my part concerning the weight you should give to the evidence or to any part of it and I would not want you to think that I had. In any event, it is for you and you alone to determine the credibility of each witness.

**5.50 (Civ)**

## BURDEN OF PROOF

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him or her to relief.

When a party has the burden of proof on a particular issue, the party's contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff. If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

In this case, the plaintiff has the burden of proving the following propositions: [in the ordinary negligence case,] that the defendant was negligent, and that the defendant's negligence was a factual cause in bringing about the accident. *[In other cases, the contentions should be listed seriatim.]* If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

**6.00 (Civ)**

## DAMAGES

If you find that the defendant is liable to the plaintiff, you must then find an amount of money damages you believe will fairly and adequately compensate the plaintiff for all the physical and financial injury [he] [she] has sustained as a result of the occurrence. The amount you award today must compensate the plaintiff completely for damage sustained in the past, as well as damage the plaintiff will sustain in the future.

**6.01 (Civ)**

## INJURIES TO ADULT NOT RESULTING IN DEATH

The damages recoverable by the plaintiff in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

    (1)    past pain and suffering

    (2)    future pain and suffering

    (3)    past lost wages

    (4)    medical expenses

    (5)    future medical expenses

In the event that you find in favor of the plaintiff, you will add these sums of damage together and return your verdict in a single, lump sum.

**6.01A (Civ)**

## MEDICAL EXPENSES

The plaintiff is entitled to be compensated in the amount of all medical expenses reasonably incurred for the diagnosis, treatment, and cure of his injuries in the past. These expenses, as alleged by the plaintiff, amount to $24,683.86; an exhibit will be submitted to you, itemizing these costs, for your consideration during deliberation.

**6.01B (Civ)**

## FUTURE MEDICAL EXPENSES

The plaintiff is entitled to be compensated for all medical expenses that you find he will reasonably incur in the future for the treatment and care of his continuing injuries.

**6.01E (Civ)**

## PAST PAIN AND SUFFERING

The plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find he has endured, from the time of the accident until today.

**6.01F (Civ)**

## FUTURE PAIN AND SUFFERING

The plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find he will endure in the future as a result of his injuries.

In determining the amount of just compensation, you may consider as part of the damages from the defendant's conduct, expert testimony regarding the probability that additional physical, emotional, and/or psychological effects from the injuries will occur in the future, such as *[list possibilities: recurrence of cancer, future metastasis, likelihood of infections, etc.]*

**6.01G (Civ)**

## EMBARRASSMENT AND HUMILIATION

The plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe he has endured and will continue to endure in the future as a result of his injuries.

**601I (Civ)**

## ENJOYMENT OF LIFE

The plaintiff is entitled to be fairly and adequately compensated for past, present, and future loss of his ability to enjoy any of the pleasures of life as a result of his injuries.

**6.21 (Civ)**

## DAMAGES—LIFE EXPECTANCY

If you find that the plaintiff's injuries will continue beyond today, you must determine the life expectancy of the plaintiff. According to statistics compiled by the United States Department of Health and Human Services, the average life expectancy of all persons of the plaintiff's age at the time of accident, sex, and race was *[number]* years. This figure is offered to you only as a guide, and you are not bound to accept it if you believe that the plaintiff would have lived longer or less than the average individual in his category. In reaching this decision, you are to consider the plaintiff's health prior to the accident, his manner of living, his personal habits, and other factors that may have affected the duration of his life.

**6.24 (Civ)**

## APPORTIONMENT OF DAMAGES
## (TWO OR MORE DEFENDANTS)—DISTINCT DAMAGES

The plaintiff claims that each of the defendants has contributed to [his] [her] damages. As I have told you, in order to recover in this case against one or more of the defendants, you must find that the conduct of the defendant whom you have found liable was a factual cause in bringing about the plaintiff's damages. If you find that a defendant caused distinct damages from that of another defendant, you must determine what percentage of the plaintiff's damages was caused by that defendant. The verdict slip will have a space in which you can write in the percentage figures.

**6.30 (Civ)**

## CONCURRING CAUSES

The plaintiff is entitled to recover damages for all injuries that the defendant's negligence was a factual cause in producing. The defendant's negligence need not be the sole cause of the injuries; other causes may have contributed to producing the final result. The fact that some other factor may have been a contributing cause of an injury does not relieve a defendant of liability, unless you find that such other cause would have produced the injury complained of independently of [his] [her] negligence. [Even though prior conditions or concurrent causes may have contributed to an injury, if the defendant's negligence was a factual cause in producing the injury, the defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.]

**8.01 (Civ)**

## GENERAL RULE OF STRICT LIABILITY

The *manufacturer and seller* of a product is liable for the injuries caused to the plaintiff by a defect in the article, which existed when the product left the possession of the *manufacturer and seller*. Such liability is imposed even if the *manufacturer and seller* has taken all possible care in the preparation and sale of the product.

**8.02 (Civ)**

## DEFINITION OF "DEFECT"

The *manufacturer and seller* of a product is a guarantor of its safety. The product must be provided with every element necessary to make it safe for [its intended] use, and without any condition that makes it unsafe for [its intended] use. If you find that the product, at the time it left the defendant's control, lacked any element necessary to make it safe for [its intended] use, or contained any condition that made it unsafe for [its intended] use, then the product was defective and the defendant is liable for all harm caused by the defect.

## WARNING DEFECT

An otherwise properly designed product may still be unreasonably dangerous and defective for strict liability purposes if the product is distributed without adequate or instructions necessary for safe use of the product and to apprise the ultimate user of the latent dangers in the product. See Pavlik v. Lane Ltd. Tobacco Exporters Int'l, 135 F.3d 876, 881 (3d Cir. 1988); Demmler v. SmithKline Beecham Corp., 448 Pa.Super. 425, 431, 671 A.2d 1151, 1154 (Pa.Super. 1996); Fletcher v. Raymond Corp., 424 Pa.Super. 605, 609-10, 623 A.2d 845, 847 (Pa.Super. 1993).   This principle has been consistently upheld since Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893, 899 (1975), which held in pertinent part:

> A "defective condition" is not limited to defects in design or manufacture. The seller must provide with the product every element necessary to make it safe for use. One such element may be warnings and/or instructions concerning the product. A seller must give such warnings and instructions as are required to inform the user or consumer of the possible risks and inherent limitations of his product. Restatement (Second) of Torts § 402A, comment H.  If the product is defective absent such warnings, and the defect is a proximate cause of the plaintiff's injury, the seller is strictly liable without proof of negligence.
> …       …       …
> Where warnings or instructions are required to make a product non-defective, it is the duty of the manufacturer to provide such warnings in a form that will reach the ultimate consumer and inform of the risks and inherent limits of the product. The duty to provide a non-defective product is non-delegable.

See Id., 462 Pa. at 100-03, 337 A.2d at 902-03.  In Philipps v. A-Best Products Co., 542 Pa. 124, 665 A.2d 1167 (Pa. 1995), the Pennsylvania Supreme Court confirmed the viability of a failure-to-warn case under § 402A by stating:

> As with the other two types of strict liability claims, a plaintiff raising a failure-to-warn claim must only establish two things: that the product was sold in a defective condition "unreasonably dangerous" to the user and that the defect caused plaintiff's injury.   To establish that the product was defective, the plaintiff must show that a warning of a particular danger was either inadequate or altogether lacking, and that this deficiency in warning made the produce "unreasonably dangerous."   For the plaintiff in a failure-to-warn claim to establish the second element, causation, the plaintiff must demonstrate that the

user of the product would have avoided the risk had he or she been warned of it by the seller.

Id., 542 Pa. at 131-32, 665 A.2d. at 1171.

In cases where warnings or instructions are required to make a product non-defective and a warning has not been given, the plaintiff enjoys the benefit of a rebuttable presumption that an adequate warning would have been heeded if it had been provided by the defendant. Pavlik, 135 F.3d at 881; Coward v. Owen-Corning Fiberglass Corp., 728 A.2d 614 (Pa.Super. 1998), alloc. granted, 560 Pa. 705, 743 A.2d 920 (Pa. 1999). In Pavlik, the Third Circuit predicted that the Pennsylvania Supreme Court would adopt the "heeding presumption" in the context of § 402A cases. The Pavlick court reasoned that:

> [I]n a failure to warn case, we focus our causation analysis on the additional precautions that might have been taken by the end user had the allegedly defective warning been different. (citation omitted). This analysis requires the fact finder at trial or a court on summary judgment to "consider not only what did occur, but also what might have occurred…Such a determination as to what might have happened necessarily requires a weighing of probabilities." (citations omitted). Comment j to § 402A is directed in part to this weighing process, providing that "where a warning is given, the seller may reasonably assume that it will be read and heeded." Generally speaking, comment j sets forth a presumption that works in favor of the manufacturer or seller of a product where an adequate warning has been provided. (citations omitted). From this, **it follows logically that the law should also presume that, when no warning or an inadequate warning is provided, the end-user would have read and heeded an adequate warning had one been given by the manufacturer**. (citations omitted)…This presumption assists the failure to warn plaintiff in satisfying his burden of showing proximate cause. (citation omitted).

> While comment j has been adopted in Pennsylvania, see Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206, 444 Pa. 299 (Pa. 1971), to date the Pennsylvania Supreme Court has not expressly decided whether the heeding presumption would apply under Pennsylvania's interpretation of § 402A. We now predict that Pennsylvania would adopt a rebuttable heeding presumption as a logical corollary to comment j. Since the very idea of imposing strict liability for the failure to warn is premised on the belief that the presence or absence of an adequate warning label will affect the conduct of a product user, it would be illogical, and contrary to the basic policy of § 402A, to accept that a product sold without an adequate warning is in a "defective condition", see Incollingo, while

simultaneously rejecting the presumption that the user would have heeded the warning had it been given. Indeed, in its most recent (albeit limited) discussion of comment j, the Pennsylvania Supreme Court stated plainly that "the law presumes that warnings will be obeyed." <u>Davis</u>, 690 A.2d at 190. We predict, therefore, that Pennsylvania would agree that "comment j provides ample support for application of the rebuttable 'heeding' presumption . . . to assist a plaintiff in proving the absence of a warning proximately caused harm."

<u>Pavlik</u>, 135 F.3d at 882-83 (emphasis added).

**8.03B (Civ)**

## DUTY TO WARN—"HEEDING PRESUMPTION,"
## FOR USER-CONSUMER/PLAINTIFF

If you find, instead, that there were warnings or instructions required to make this product nondefective, which were not [adequately] provided by the defendant, then you may not find for the defendant based on a determination that, even if there had been adequate warnings or instructions, the plaintiff would not have read or heeded them. Instead, the law presumes, and you must presume, that if there had been adequate warnings or instructions, the plaintiff would have followed them.

**8.03C (Civ)**

### DUTY TO WARN—CAUSATION, WHEN
### "HEEDING PRESUMPTION" FOR PLAINTIFF IS REBUTTED

If you find, instead, that there were warnings or instructions required to make this product nondefective, which were not [adequately] provided by the defendant, then you must determine whether that failure by the defendant was a factual cause of the harm to the plaintiff. The question, in other words, is whether the plaintiff would have been harmed if the needed warning had been provided. If you find that the plaintiff would have acted to avoid the underlying hazard if such a warning had been provided, then you should find on this issue in favor of the plaintiff. Otherwise, you should find for the defendant.

**8.04 (Civ)**

## FACTUAL CAUSE

If you find that the product was defective, the defendant is liable for all harm caused by such defective condition. A defective condition is the factual cause of harm if the harm would not have occurred absent the defect. [In order for the plaintiff to recover in this case, the defendant's conduct must have been a factual cause of the accident.]

[The plaintiff is not required to prove that the defect caused the accident or initial impact. If the defect increased the severity of the injury over what would have occurred without the defect, the [manufacturer] [seller] is liable for the increased injuries suffered by the plaintiff.]

**8.05 (Civ)**

## STRICT LIABILITY UPON PROOF OF MALFUNCTION

A plaintiff in a strict liability case may prove his or her case merely by showing the occurrence of a malfunction of a product during normal use. The plaintiff need *not* prove the existence of a specific defect in the product. The plaintiff must prove three facts: that the product malfunctioned, that it was given only normal or anticipated use prior to the accident, and that no reasonable secondary causes were responsible for the accident.

**8.06 (Civ)**

## STRICT LIABILITY RESPONSIBILITY NONDELEGABLE

A defendant in a strict liability case who puts a defective product into the market remains liable to the user or consumer, despite the foreseeable conduct, negligent or otherwise, of others, for the harm created by the product as a result of the defect.

**8.09 (Civ)**

## DEFENSE OF ASSUMPTION OF RISK

If the plaintiff knew of the specific defect eventually causing [his] [her] injury and voluntarily proceeded to use the product with knowledge of the danger caused by this specific defect, [he] [she] is barred from recovery. [He] [She] is not barred from recovery, however, if [he himself] [she herself] did not actually discover the defect prior to the accident or failed to recognize and appreciate its danger, regardless of what other persons might have done in the same circumstances. Nor is [he] [she] barred from recovery by any negligence on [his] [her] part. Voluntary exposure to a dangerous situation does not bar recovery, unless the danger known and recognized by the plaintiff was that caused by the specific defect eventually causing [his] [her] injury. It is the defendant's burden to prove that the plaintiff actually knew of the defect, appreciated its danger, and voluntarily chose to encounter it.

[Furthermore, I charge you that, if you find that the plaintiff was required to use this product in the course of [his] [her] employment, and that the plaintiff used the product as directed by [his] [her] employer, then you may not find that there was an assumption of risk by the plaintiff, that could bar [him] [her] from recovery. Where an employee, in doing a job, is required to use equipment as furnished by the employer, the defense of assumption of the risk is unavailable.]

**9.00 (Civ)**

### GENERAL INSTRUCTION ON WARRANTY

A warranty is a promise, either express or implied, made by a seller of goods that the goods he or she sells will possess a certain characteristic or characteristics. The plaintiff contends that the defendant made [a] [an express and/or implied] warranty that *[describe warranty]*. The defendant [denies making such a warranty] [admits making such a warranty but contends that the warranty was excluded or modified by *[state manner]*]. I will give you the legal definition[s] of warranty, and you will find upon the evidence either that a warranty was or was not in effect in the manner the plaintiff contends. If you find that the warranty was in effect in the manner the plaintiff contends, you must then decide whether the defendant breached the warranty. If you find that the defendant breached the warranty, you must finally decide whether the defendant's breach of the warranty was a substantial factor in causing the harm that the plaintiff claims [he] [she] has suffered. The three questions you must decide are, therefore: (1) whether a warranty existed, (2) whether the defendant breached the warranty, and (3) whether the breach of the warranty was a substantial factor in causing harm to the plaintiff. If you find in favor of the plaintiff on all three questions, you will return a verdict for the plaintiff. If you do not find in favor of the plaintiff on all three questions, you will return a verdict for the defendant.

**9.02 (Civ)**

## CREATION OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

Where the seller at the time of the sale has reason to know the specific use for which the buyer is purchasing the goods and that the buyer is [relying on] [being induced or influenced to purchase by] the seller's skill or judgment to select or furnish goods suitable for that use, an implied warranty is created that the goods will be fit for that particular purpose.

A seller need not actually know the specific use for which the buyer is purchasing the goods or of the buyer's reliance on the seller's skill or judgment, if the circumstances are such that the seller has reason to realize the purpose intended or that reliance exists.

**9.03 (Civ)**

## CREATION OF IMPLIED WARRANTY OF MERCHANTABILITY

A merchant is a person who deals in goods or has knowledge or skill peculiar to goods involved in the transaction. A merchant also can be one who employs others who have such knowledge or skill.

Agreement of sale means the bargain of the parties as found in the expressed language or conduct of the parties, or by implication from other circumstances. This includes any course of performance, course of dealing, or usage of trade.

A course of performance is that period during which the seller and buyer have engaged in transactions of such goods.

A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct.

A usage of trade is any particular method of dealing that has been regularly followed by persons in a particular place, trade, or vocation. Because a usage of trade is so regularly followed, a buyer must justifiably expect it to be followed by the seller in any sale.

If the seller is a merchant of goods of the kind sold, an implied warranty of merchantability exists:

(1)     that the goods as described or designated are of a quality comparable to that generally acceptable in the trade;

(2)     that where the goods are sold in units equivalent of any other unit, the units are of fair average quality for such goods;

(3)     that the goods are fit for the ordinary purposes for which such goods are used;

(4)     that the goods run, within variations permitted by the agreement of sale, of even kind, quality, and quantity within each unit and among all units involved;

(5)     that the goods are adequately contained, packaged, and labeled as the agreement of sale may require; and

(6)     that the goods conform to the promises or statements of fact made on the container or label.

In addition, other implied warranties may arise from course of dealing or usage of trade.

If you find that the evidence establishes both a course of dealing and a usage of trade that are in conflict, then the course of dealing controls.

**20.00 (Civ)**

## CONCLUDING INSTRUCTIONS

(1)    You now have all the rules of law to properly reach a verdict in this case. In a few minutes, you will begin your deliberations. Before you do so, I would like to give you a few final guidelines on conducting your deliberations and properly arriving at a verdict.

(2)    My responsibility, as judge, is to decide all questions of law; therefore, you must accept and follow my rulings and these instructions as to matters of law. But I am not the judge of the facts. You, the jurors, are the only judges of the facts. So your responsibility is to consider the evidence and decide what are the true facts. By applying the rules of law as given to you, to the facts as you find them, you must determine whether the plaintiff has proven [his] [her] [its] claims.

(3)    The decision in this case, as I am sure you understand, is a matter of considerable importance. Your responsibility, as jurors, is to reach a verdict based on the evidence presented during the trial, and upon your evaluation of that evidence. You must consider all the testimony you have heard, and all the other evidence presented during this trial, in order to determine the facts.

(4)    In deciding the facts, you may properly apply common sense and draw upon your own everyday practical knowledge of life. You should keep your deliberations free of any bias or prejudice. All parties have the right to expect you to consider the evidence conscientiously, and to apply the law as I have outlined it to you.

(5)    Before you begin to deliberate, you should select one of your group to be the foreperson. The foreperson will announce the verdict in this courtroom after you have finished deliberating. If, during deliberations, you have a serious doubt about some portion of these instructions, write your question in a note, signed by the foreperson. Give the note to the bailiff. The bailiff will give it to me for response. You should not, however, reveal to anyone how the jury stands numerically.

(6)    The verdict should be rendered only after careful and thoughtful deliberations. In the course of your deliberations, you should consult with each other and discuss the evidence freely and fairly, in a sincere effort to arrive at a just verdict. It is your obligation to consider the evidence and the issues presented with a view toward reaching agreement, if you can do so without violating your own individual judgment. Each juror must decide this case for him- or herself, after examining the issues and the evidence with proper regard to the opinions of other jurors. Proper consideration of the issues before you means that you should be willing to reexamine your views and change your opinion, if convinced that it is erroneous; but you are not required to surrender an honest conviction as to the weight or effect of the evidence only because of another juror's opinion, or solely for the purpose of returning a verdict.

(7)    Your verdict must represent the jury's considered, final judgment. While the view of every juror must be considered, your verdict need not be unanimous. A verdict rendered

by five-sixths of the jury shall constitute the verdict of the entire jury. Five- sixths of twelve is ten. So when ten of you have agreed that you have reached a verdict, indeed, you have. You should tell the bailiff, and we will reconvene court to accept your verdict. *[If this is a jury of less than twelve, the appropriate numbers should be inserted. For example, five-sixths of eight requires a verdict of seven.]*

(8)     Please keep in mind that this dispute between the parties is, for them, a most serious matter. They and the court rely upon you to give full and conscientious consideration to the issues and the evidence before you. Neither sympathy nor prejudice may influence your deliberations. You should not be influenced by anything other than the law and the evidence in this case, together with your own judgment and evaluation of that evidence. All parties stand equally before the court, and each is entitled to the same fair and impartial treatment in your hands.

(9)     In closing, I suggest that you will be able to deliberate more easily, and in a way that will be better for all concerned, if each of you treats your fellow jurors and their views with the same courtesy and respect as you want your views to be treated, and with the same courtesy and respect as you would treat any other person in your everyday life.

You may begin your deliberations.