IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SCOTT GANGLOFF

                v.                NO. 02-CV-4615

SEARS ROEBUCK & CO. and VAUGHAN
& BUSHNELL MANUFACTURING CO.


**PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, respectfully request that this Honorable Court permit voir dire of the jury on the following questions. Plaintiff' respectfully request that Plaintiff' counsel be permitted to examine the jury on the following questions and permitted to ask supplemental questions to prospective jurors as needed.  If this request is refused, Plaintiff alternatively request that this Honorable Court examine the jury on the following areas of inquiry. If the juror gives an affirmative response to any of the questions, it is respectfully requested that the Court ask additional questions so that all pertinent information from that juror is obtained so as to allow counsel to intelligently exercise their challenges for cause and their preemptory challenges.   If a negative response indicates that a juror should be questioned further, then the Court is respectfully requested to explore further with that juror the nature of the matter relating to that response in order to permit counsel to intelligently exercise challenges for cause and preemptory challenges. Plaintiff states that it is impossible at this time to make certain that all proper questions are herewith submitted and would respectfully request that he be granted the right to supplement

this list immediately prior to trial. Plaintiff further moves that these motions and the requested questions be made a part of the record of this case.

1.     Plaintiff, Scott Gangloff, has instituted this action against Defendants, Sears, Roebuck & Co. and Vaughan and Bushnell Manufacturing Co., to recover for the serious and permanent eye injuries he suffered while using a defective Craftsman hammer on June 17, 2000. On that date, Mr. Gangloff was using the hammer in a foreseeable manner when a sharp metal fragment suddenly broke away from the face of the Craftsman hammer and propelled into Mr. Gangloff's right eye. The metal fragment became deeply lodged within Mr. Gangloff's right eye and required multiple surgeries to remove and repair. This hammer was sold by Defendant Sears and manufactured by Defendant Vaughan. In this case, Plaintiff seeks to hold the manufacturer and seller of this defective hammer responsible for the serious injuries and economic damages that Plaintiff has been forced to endure as a result of the Defendants' negligence and defective manufacture, design, testing and failure to warn Plaintiff of the known dangers associated with this hammer. Would anything about these facts prevent you from impartially considering the evidence in this case and enter a verdict on behalf of the Plaintiff and against the Defendants and award significant monetary damages should the evidence support such verdict?

2.     What is your:

    (a)     Age and place of birth?

    (b)     Extent of formal education and training?

    (c)     Marital status?

    (d)     Occupation and that of your spouse?

        (1)     Name of employer?

                (2)    How long so employed?

        (e)    Place of residence?

                (1)    Part of city?

                (2)    How long there?

        (f)    High school and/or college attended?

3.    What other occupations have you had within the last ten years?

4.    Do you have any children?

        (a)    If so, age, male, female; and

        (b)    Their occupation?

5.    Is there anyone who generally feels that if you have been injured by a product and/or the wrongful conduct of another that you should not be able to bring your case to Court in front of a jury like this?

6.    Will anyone feel uncomfortable sitting as jurors in defective product case?

7.    Is there anything about this kind of lawsuit that you feel uncomfortable about or that would cause you to feel that you could not be fair to either party in the case?

8.    Does anyone here believe that a seller and manufacturer of a product should not be held accountable for the injuries sustained by a person as a result of their negligence and defective product?

9.    Have you ever served on a jury before?

        (a)    Was it civil or criminal?

        (b)    Did it reach a verdict?

10.    Does the result of your experience in the lawsuit as indicated (by your answers to the jury forms) affect your ability to sit as an impartial juror?

11. Have any of you developed any strong opinions about the legal process which may interfere with your ability to sit as an impartial juror in this case?

12. How many of you are generally a little suspicious of people who bring a lawsuit? Why do you feel that way?

13. With these suspicions of yours, do you think that both sides of the lawsuit are starting off on an even playing field or do you think that your suspicions cause you to start off leaning a little more towards the defense?

14. Does any panel member have a problem with their hearing or vision which would prevent them from sitting as a juror in this case?

15. Do any of you have any health problems, require medications, or substance needs, or pressing family or job demands that would in any way prevent you from being an involved, fair, and reliable juror?

16. Does any panel member have any special hardship that would prevent you from being a juror in this case?

17. If you were to find from the evidence in this case that Plaintiff was injured and that he suffered damages as a result of the Defendants' negligent conduct and/or defective product, would any of you be reluctant to award substantial monetary damages in an amount that would be justified by the evidence?

18. At the end of this case, the Court will instruct you that the Plaintiff must prove this case by a preponderance of the evidence. The preponderance of the evidence standard is established if you are persuaded that a particular issue is more probably accurate than not. In other words, if after you consider the comparative weight of the evidence, and you feel the scales tip, ever so slightly in favor of the Plaintiff, your verdict must be for the Plaintiff. Is there

any prospective juror who could not follow the Court's instructions on the preponderance of the evidence standard?

19. Has anyone formed an opinion as to the merits of this lawsuit, having not heard any evidence in this case, based solely on the type of case it is?

20. Do you have any beliefs which would prevent you from imposing liability on the Defendants and awarding substantial monetary damages to the Plaintiff in the appropriate case?

21. Do any of you have beliefs against the bringing of lawsuits in appropriate cases?

22. Are you personally acquainted with or to your knowledge is any member of your immediate family or close friends personally acquainted with or related in any way to any of the following witnesses in this case?

**Plaintiff's Fact Witnesses**

(1) Scott Gangloff

(2) Lawrence Gangloff

(3) Karen Gangloff

(4) Robert Watson

(5) John Kovolski

(6) Eric Reighter

(7) James Davidson of Sears

(8) George Farlin Caufield of Vaughan

(9) Daniel Chambers of Vaughan

   (a) If your response is affirmative to any of the above, please state whether it is you, a member of your family or close friend.

5

(b) With which particular witness are you, your family member or close friend acquainted?

(c) State the extent and nature of the acquaintance.

23. Are you personally acquainted with or to your knowledge is any member of your immediate family or close friends personally acquainted with or related in any way to any of the following expert witnesses who may testify in this case?

| **Plaintiff' Expert Witnesses** | **Defendants' Expert Witnesses** |
|---|---|
| 1. William Vigilante, Ph.D. | 1. Dennis J. Seal, Ph.D., P.E. |
| 2. Dennis Deegan, Ph.D. | 2. Charles J. McMahon, Jr., SCD |
| 3. Arunan Sivalingam, M.D. | 3. Edwin Deglin, M.D. |

(a) If your response is affirmative to any of the above, please state whether it is you, a member of your family or close friend.

(b) With which particular witness are you, your family member or close friend acquainted?

(c) State the extent and nature of the acquaintance.

24. Do any of you or any members of your immediate family know any of the attorneys or the firms for which they work? They are:

Thomas W. Sheridan, Esquire
Sean E. Quinn, Esquire
**Sheridan & Murray**
3800 Centre Square West
Philadelphia, PA 19102
(215) 972-7800
Counsel for Plaintiff, Scott Gangloff
Michael Adams, Esquire
Michael R. Lettrich, Esquire
**Cipriani & Werner**
Two Chatham Center, Suite 1100

6

Pittsburgh, PA  15219-3437
(412) 281-2500
Attorney for Defendants, Sears Roebuck & Co.
and Vaughan & Bushnell Manufacturing Co.

    (a)    If your response is affirmative, please state whether it is you, a family member or close friend who is acquainted with any of the above listed persons;

    (b)    With whom are you or they acquainted;

    (c)    The extent and nature of that acquaintance.

25. Are you or is any member of your immediate family or close friends, to your knowledge now a client of any of the lawyers in the law firm representing the Defendants?

    (a)    If so, state who is the client and who is the lawyer; and

    (b)    State the extent and nature of that representation.

26. Are any members of the panel or members of their immediate family or close personal friends attorneys or law students?

27. Is any member of the panel or their immediate families have any employment background in investigating claims or evaluating losses or injuries?

28. Is any member of the panel or their immediate families now or ever been employed as a claims adjuster or otherwise by a company engaged in the insurance industry and/or been involved in the adjustment of claims or the settlement of claims for damages for an insurance company?

29. Do you or any members of your family hold stock or have other financial interest in an insurance company which is engaged in the casualty insurance business?

30. Does anyone believe that a person should not be able to make a claim against a

company for negligence and making a defective product.

31. Is there anything that would prevent you from awarding significant monetary damages in this case for pain and suffering, disfigurement, depression, embarrassment, humiliation, and mental anguish if under the law and the evidence the Plaintiff proves she is entitled to such damages?

32. Is there anything or any reason that would prevent you from awarding significant monetary damages in this case for loss of wages if the Plaintiff proves that he is entitled to such damages under the law?

33. Have you ever been injured by a defective product?

    (a) If your answer is yes, how and when did it happen and what specific problems, if any, did you have?

34. Have you ever been injured by the negligence or carelessness of another?

    (a) If your answer is yes, how and when did it happen and what specific problems, if any, did you have?

35. Have you ever been a witness in a legal matter in Court?

    (a) If your answer is yes,

        (1) was this a criminal or civil matter;

        (2) did you testify for the winning or losing side?

36. Have you or any member of your immediate family or close friends ever been a Plaintiff in any lawsuit against another person?

    (a) If yes, what kind of lawsuit was it and what was the result?

37. Have you or any member of your immediate family or close friends ever made a claim for personal injuries?

    (a) If yes, who was the party involved as Plaintiff and what was the result?

38. Have you, any member of your immediate family or close friends to your knowledge, ever been injured or damaged by a defective product and/or the carelessness or negligence of person or company?

    (a) If yes, who was injured?

    (b) Describe how they were injured?

    (c) When?

    (d) Did they make a claim for the injuries?

    (e) What were the complications or problems?

39. Have you or any member of your immediate family or close friends ever been a Defendant in a lawsuit, that is, have you or any member of your family ever been sued?

    (a) If yes, what was the nature of the suit and what were the details?

40. Have you ever had a claim in a lawsuit made against you?

    (a) If yes, what was the nature of the claim?

41. If you, any member of your immediate family or close friends was injured in any accident of incident caused by a defective product and/or the fault of another, would you hesitate to file a lawsuit in order to collect monetary damages for the injury?

    (a) If so, would you please raise your hand.

42. Do any of you or members of your immediate families have any knowledge of this case?

43. The Court will instruct you at the end of this case on certain legal matters. Is there anyone on this jury that would have a problem in following the law as the Court gives it to you, even though you may not agree with that law?

44. If the evidence shows that the Plaintiff is entitled to a judgment in his favor, can you award the Plaintiff substantial monetary damages for the injuries that he has suffered?

45. Do any jurors believe that it is wrong in part or in whole for a person to sue a company for injuries arising out of the use of a product?

46. Have you or any member of your immediate family or close friends ever been employed in any way in an insurance related job?

    (a) If yes, who and state the nature of the position.

    (b) Would this fact in any way prevent you from sitting as a fair impartial juror in the case and deciding the case based on the evidence and the law as the Court instructed you?

47. Do any of you believe like I do that there are too many frivolous lawsuits being filed today? Have any of you heard about the McDonald's case? What is your impression of these cases?

48. Has any one heard or read anything or heard on the TV any articles, stories, reports, or news broadcasts relating to lawsuits that would in any way affect your verdict in this case?

    (a) If yes, what have you read or heard;

    (b) Do you think that the information you've read or heard is true?

    (c) Are you certain that what you have read or heard would not, in fact, really affect your ability to sit as an impartial juror in this case?

49. Has any one read or been influenced by insurance industry advertisements regarding the size of jury verdicts?

50. Has any one seen any television programs, either documentary or entertainment, regarding attorneys who represent injured parties?

    (a) If so, what was your opinion?

    (b) Was anything presented in the program which in any way influenced you or affected your attitude toward the legal profession?

51. Have you ever heard anything about tort reform and attempts to place caps on damages for pain and suffering?

52. Do any of you believe that there are currently caps or limits on the award of monetary damages that can be awarded in a case?

53. How many of you feel that lawsuits generally have a negative impact on you, your company, or someone close to you?

54. Do you believe that our legislators should be allowed to cap the amount of damages a Plaintiff can receive as a result of a lawsuit?

55. If it were up to you, how many of you would change our civil justice system to limit or cap the amount of money an individual could be awarded for injuries caused by another person's negligence?

56. Have you or anyone you know had to deal with a frivolous lawsuit? If so, please set forth the following:

    (a) Describe the lawsuit.

    (b) Why was it frivolous?

    (c) Might that experience affect your judgment in this case?

57. As a result of recent negative publicity against attorneys and plaintiffs, have you developed any distrust of the legal profession to the extent that you would not be able to focus

on the evidence presented during a trial of this case?

58. Would you be able to put aside any negative media images of the law and lawyers you may have seen and focus solely on the evidence presented at trial?

59. Is there anything about personal injury case stemming from the use of a defective product that would bother you or prevent you from returning a verdict in favor of the Plaintiff and against the Defendants, if under the law and the evidence the Plaintiff proves his is entitled to such a verdict?

60. Do you agree to treat the witnesses for the Plaintiff in the same manner as you treat the witnesses for the Defendants?

61. If you were the Plaintiff in this case, would you be satisfied to have a juror who is in your frame of mind sit as a juror on your case? If you would not be satisfied to have a juror like yourself on your own case, please raise your hand.

62. Have any of you ever been injured or know someone that has been injured while using a defective product or hammer?

    (a) Who and relationship?

    (b) The nature of the injury?

    (c) Where did the injury occur?

    (d) Was a claim made or a lawsuit started?

    (e) Do you believe that the claim or lawsuit was appropriate/justified?

63. Do you watch any television shows on a regular basis? If so, which shows?

64. Do you have any bumper stickers on your motor vehicle? If so, what does state or represent?

65. Raise your hand if you believe that if someone causes you harm, but the conduct

was not intentional, that the person should not have to pay for your injuries or other damages.

66. Have you or any member of family or your close friends ever been a customer of Vaughan & Bushnell?

    (a) When were you a customer of Vaughan?

    (b) What did you purchase?

    (c) Do you have an ongoing relationship with Vaughan?

    (d) Have you been satisfied with Vaughan's products?

    (e) Does your satisfaction with Vaughan's products lead you to believe that all of their products are free of defects?

    (f) Would you be able to hold Vaughan accountable for its negligent conduct and/or defective product?

67. Have you or any member of family or your close friends ever been a customer of Sears Roebuck & Co.?

    (a) When were you a customer of Sears?

    (b) What have you purchased?

    (c) Do you have an ongoing relationship with Sears?

    (d) Have you been satisfied with Sears' products?

    (e) Does your satisfaction with Sears' products lead you to believe that all of their products are free of defects?

    (f) Would you be able to hold Sears accountable for its negligent conduct and/or defective product?

68. Are you or is any member of your family or close friends associated in any way

with Sears or any of Sears' employees or suppliers?

    (a)    If yes, who is associate with whom; and

    (b)    State the full extent and nature of that association.

69.    Are you or is any member of your family or close friends associated in any way with Vaughan & Bushnell or any of Vaughan's employees?

    (a)    If yes, who is associate with whom; and

    (b)    State the full extent and nature of that association.

70.    Have you or anyone in your family or close friends ever suffered an eye injury?

71.    Do you understand that the Defendants in this case are not being charged any criminal behavior, but rather responsible for a defective product and negligent conduct?

72.    Do you or any of your family members or close friends work for a tool manufacturer?

    (a)    If yes, who is associate with whom.

73.    Does each member of the panel understand that the nature of our justice system only allows for jury to award monetary damages for injuries sustained in a civil suit?

74.    In the event you conclude that the defendants were decent companies after hearing all the evidence, whom nevertheless caused injury to my client as a result of their defective hammer and negligence, would you be able to render a verdict in favor of the Plaintiff or would your sympathy for the defendants interfere with your ability to do so?

                                                              SHERIDAN & MURRAY

BY:       SEQ1855
THOMAS W. SHERIDAN, ESQUIRE (ID #56939)
SEAN E. QUINN, ESQUIRE (ID #86346)
3800 Centre Square West
Philadelphia, PA  19102
(215) 972-7800

Attorneys for Plaintiff

Date:   July 9, 2004