UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

**ORDER**

AND NOW, this _____ day of _____, 2004, it is hereby ORDERED AND DECREED that Plaintiff's Supplemental Motion in Limine is GRANTED. It is further ORDERED that the Defendants shall be precluded from introducing any evidence, testimony, and/or argument at trial concerning industry standards, regulations, and/or codes, including but not limited to ANSI standards.

BY THE COURT:

_____
Honorable Eduardo C. Robreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                          :
SCOTT GANGLOFF,                           :   Civil Action No. 02-CV-4615
                                          :
            Plaintiff,                    :
                                          :
        v.                                :
                                          :
SEARS ROEBUCK & CO., and                  :
VAUGHAN & BUSHNELL MANUFACTURING CO.      :   Hon. Eduardo C. Robreno
                                          :
            Defendants,                   :
_____

**PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby files the within Supplemental Motion in Limine seeking to preclude Defendants, Vaughan & Bushnell Manufacturing Co. ("Vaughan") and Sears Roebuck & Co. ("Sears"), from introducing certain evidence at trial. For the reasons set forth in the attached Memorandum of Law, it is respectfully requested that this Honorable Court grant Plaintiff's motion in their entirety.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE: July 9, 2004          BY:          SEQ1855
                                 Thomas W. Sheridan, Esquire
                                 Sean E. Quinn, Esquire

                                 3800 Centre Square West
                                 Philadelphia, Pennsylvania 19102
                                 (215) 972-7800

                                 Attorneys for the Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT GANGLOFF, | Civil Action No. 02-CV-4615 |
| Plaintiff, | |
| v. | |
| SEARS ROEBUCK & CO., and VAUGHAN & BUSHNELL MANUFACTURING CO. | Hon. Eduardo C. Robreno |
| Defendants, | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**SUPPLEMENTAL MOTION IN LIMINE**

Plaintiff, Scott Gangloff, by and through his attorneys, Sheridan & Murray, hereby submits this Memorandum of Law in Support of Plaintiff's Supplemental Motion in Limine.

**I.   INTRODUCTION**

This matter comes before this Honorable Court by way of Plaintiff's Supplemental Motion in Limine seeking to preclude Defendants, Vaughan & Bushnell Manufacturing Co. ("Vaughan") and Sears Roebuck & Co. ("Sears"), from introducing any evidence, testimony or argument concerning industry standards, regulations, and/or codes. Plaintiff respectfully submits that the Defendants should be precluded from introducing any evidence, testimony or argument pertaining concerning industry standards, regulations, and/or codes

**II.  ARGUMENT**

    **A.  This Honorable Court Should Preclude the Defendants from Introducing Any Evidence, Testimony, and/or Argument Concerning Industry Standards, Regulations, and/or Codes.**

Plaintiff anticipates that Defendants, Vaughan and Sears, will attempt to introduce evidence, testimony and/or argument concerning the Defendants' alleged compliance with industry standards, particularly ANSI standards. In the context of a strict products liability claim, it is, however, inappropriate to introduce evidence concerning industry and ANSI standards and the Defendants' alleged compliance therewith. See Sheehan v. Cincinnati Shaper Co., 382 Pa.Super. 579, 555 A.2d 1352 (1988) (manufacturer precluded from introducing into evidence certain regulations promulgated by OSHA because it served to introduce the reasonableness of the manufacturer's conduct, which is irrelevant in a strict products liability claim). In this case, the Defendants should not be permitted to introduce evidence that they complied with ANSI standards in connection with the manufacture, design, and/or development of warnings for the hammer. Plaintiff intends to proceed solely with a strict products liability claim at trial and it is, therefore, inappropriate for the Defendants to inject evidence concerning ANSI standards. Accordingly, Plaintiff respectfully requests that this Honorable Court grant this Motion in Limine and preclude the introduction of any evidence concerning industry standards, regulations, and codes at the time of trial.

**III.  CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grants this Supplemental Motion in Limine and precludes the Defendants from introducing any evidence, testimony, and/or argument concerning industry standards, regulations, and codes.

Respectfully Submitted,

SHERIDAN & MURRAY

DATE: July 9, 2004     BY:     SEQ1855
Thomas W. Sheridan, Esquire
Sean E. Quinn, Esquire

3800 Centre Square West
Philadelphia, Pennsylvania 19102
(215) 972-7800

Attorneys for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Supplemental Motion in Limine have been served on counsel listed below, on July 9, 2004, via facsimile and/or United States first class mail, postage prepaid:

Michael Adams, Esquire
Michael R. Lettrich, Esquire
Cipriani & Werner
Two Chatham Center
Suite 1100
Pittsburgh, PA  15219-3437

                          BY: _____SEQ1855_____
                              THOMAS W. SHERIDAN, ESQUIRE
                              SEAN E. QUINN, ESQUIRE
                              Attorneys for Plaintiff