IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF | : | |
| 634 Fountain Street | : | CIVIL ACTION NO: 02-CV-4615 |
| Philadelphia, PA 19128, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEARS ROEBUCK & CO. | : | |
| 7300 Bustleton Avenue | : | |
| Philadelphia, PA 19152, | : | |
| | : | |
| and | : | |
| | : | |
| BAUGHAN & BUSHNELL | : | |
| MANUFACTURING CO. | : | |
| P.O. Box 390 | : | |
| 11414 Maple Avenue | : | |
| Hebron, Illinois 60034-0390 | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' PROPOSED BINDING INSTRUCTIONS
AND POINTS FOR CHARGE**

AND NOW, comes the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell

Manufacturing Co., by and through their undersigned counsel, and file the within proposed

binding instructions and points for charge:

**BINDING INSTRUCTIONS**

1.      Under all of the law and evidence, you are directed to return a verdict in favor of

the Defendants.

_____ Granted       _____ Denied       _____ Modified       _____ Covered

2. Plaintiff failed to retain the particle that he claims to have been removed from his eye.  While he claims that he did not dispose of the particle himself, this is of no consequence. The Defendants did not dispose of the particle, either. It is the responsibility of a person bringing a lawsuit to take the steps necessary to retain the evidence important to the lawsuit.  Because Plaintiff failed to take the steps necessary to preserve the particle, I instruct you that you are to consider that if the particle had been retained so that it could be inspected and tested, the results of those tests and inspections of the particle would not have been favorable to Plaintiff, and would have been favorable to the Defendants.

_____ Granted  _____ Denied  _____ Modified  _____ Covered

## **POINTS FOR CHARGE**

### **STRICT LIABILITY**

1.      The sellers and manufacturers of a product are liable for the injuries caused to a plaintiff by a defect in the article which existed when the product left the possession of the seller. Such liability is imposed even if the seller has exercised all possible care in the preparation and sale of the product.  *Pennsylvania Standard Jury Instructions (Pa. SSJI)* 8.01 (Civ).


\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Modified          \_\_\_\_\_ Covered

2.     "The product, therefore, must be provided with every element necessary to make it safe for use and without any condition that makes it unsafe for use. If you find that the product at the time it left defendants' control lacked any element necessary to make it safe for use or contained any condition that made it unsafe for use, then the product was defective and the defendant is liable for all harm caused by that defect." *Pascale v. Hechinger Co. of Pa.* 627 A.2d 750, 752 (Pa. Super. 1993); *Pa. SSJI* 8.02 (Civ).


\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Modified          \_\_\_\_\_ Covered

3.     "A product is not in a defective condition when it is safe for normal use and handling. The manufacturer of a product is not liable for all injuries, only those caused by a product which is unsafe. An unsafe product is one which left the manufacturer's control, lacking any element necessary to make it safe for its intended use." *Pascale v. Hechinger Co. of Pa.* 627 A.2d 750, 752 (Pa. Super. 1993).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

4.       "Liability is not imposed on a manufacturer or a seller for failing to make an already safe product somewhat safer. Or for failing to utilize the safest of all possible designs. In other words, if the plaintiff was using the product in a way not intended by the manufacturer or the seller, you may consider this fact when determining whether the defendant; that is, the manufacturer and the seller are responsible for the plaintiff's injuries. It is important to bear in mind that the law does not require the manufacturer or the seller to make and sell a product which is incapable of causing harm." *Pascale v. Hechinger Co. of Pa.*  627 A.2d 750, 752 (Pa. Super. 1993).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

5.      Sears neither designed nor manufactured the Gangloff hammer.  While Lawrence Gangloff claims that he purchased the hammer from Sears in 1989, neither party has any records or documentation of such a sale.  It is for you, as the finder of fact to determine if Sears sold this hammer.  If you find that Sears did not, then you must find in Sears' favor.  <u>Restatement (Second) of Torts</u>, §402A, adopted by *Webb v. Zern*, 220 A.2d 853, 854 (Pa. 1966).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

6.      Even a perfectly made and designed product may be defective if not accompanied by proper warnings and instructions concerning its use. A supplier must give the user or consumer any warnings and instructions of the possible risks of using the product that may be required, or that are created by the inherent limitations in the safety of such use. If you find that such warnings or instructions were not given, the defendant is liable for all harm caused by the failure to warn. *Pa. SSJI* 8.03 (Civ).

\_\_\_\_\_ Granted        \_\_\_\_\_ Denied        \_\_\_\_\_ Modified        \_\_\_\_\_ Covered

7.      If you find, instead, that the defendant did provide the needed warning, then you may not find the defendant liable for a failure to warn based on a determination that the plaintiff did not read or heed the warning provided by the defendant. When a seller provides warnings and/or instructions that are proper and adequate, the seller is entitled to presume – and the law presumes – that those warnings and instructions will be read and heeded.  *Pa. SSJI* 8.03A (Civ).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

8.      If you find, instead, that there were warnings or instructions required to make this product nondefective, which were not adequately provided by the defendant, then you must determine whether that failure by the defendant was a factual cause of the harm to the plaintiff. The question, in other words, is whether the plaintiff would have been harmed if the needed warning had been provided. If you find that the plaintiff would have acted to avoid the underlying hazard if such a warning had been provided, then you should find on this issue in favor of the plaintiff. Otherwise, you should find for the defendant. *Pa. SSJI* 8.03C (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

9.      "[W]here a warning is given, a seller may reasonably assume that it would be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in a defective condition." <u>Restatement (Second) of Torts</u>, §402A, comment j (adopted by the Pennsylvania Supreme Court in *Incollingo v. Ewing*, 282 A.2d 206 (Pa. 1971)).

_____ Granted       _____ Denied       _____ Modified       _____ Covered

10.     It is not necessary for a defendant to warn of the potential dangers if a user does not follow the warnings provided.  If a product is safe if the warning is heeded, then the warning label is not required to "warn against the dangers that may arise if the stated warnings are not heeded." *Davis v. Berwind Corp.,* 698 A.2d 186, 190 (Pa. 1997) (citing *Baldino v. Castagna*, 478 A.2d 804 (Pa. 1984)).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

11.    A seller is responsible only for defects that exist at the time the product leaves his or her control. The seller is not liable for defective conditions created by substantial changes in the product occurring after the product has been sold. There is, however, an important qualification to this rule. If you do find that defective conditions were created by substantial changes in the product occurring after it was sold, that finding would not, in itself, relieve the seller of liability. Rather, the seller would still be liable, in that circumstance, unless you also find that the changes were ones that could not reasonably have been foreseen or expected by the seller. That is because a seller's responsibility, under our law, extends to all dangers that result from foreseeable changes to the product. *Pa. SSJI* 8.08 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

12.    If you find that the hammer was defective, the defendants may only be held liable if you find that this defect was both the factual cause and the legal cause of the Plaintiff's injury. A defective condition is the factual cause of harm if the harm would not have occurred absent the defect. *Pa. SSJI* 8.04 (Civ).


_____ Granted        _____ Denied        _____ Modified        _____ Covered

13.    In order for the Plaintiff to recover in this case, the Defendants' conduct must have been a substantial factor in bringing about the accident.  This is what the law recognizes as legal cause.  A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the accident. *Pa.SSJI* 3.25 (Civ.); *Parks v. Allied Signal, Inc.*, 113 F.3d 1327, 1332 (3rd Cir. 1997) (citing *Trude v. Martin*, 660 A.2d 626, 632 (Pa. Super. 1995).

Therefore, if you find that there was a defect in the hammer, you must determine whether it was the cause of the injury to the Plaintiff.  If you find both that the harm would not have occurred absent the defect, and that the defect was a substantial factor in bringing about Plaintiff's injury, you may find for the Plaintiff.  If you find either that the harm would have occurred absent the defect or that the defect was not a substantial factor in bringing about Plaintiff's injury, you must find for the Defendants.

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Modified          \_\_\_\_\_ Covered

**BREACH OF WARRANTY**

14.    A warranty is a promise, either express or implied, made by a seller of goods that the goods he or she sells will possess a certain characteristic or characteristics. The Plaintiff contends that the Defendants made an express warranty, an implied warranty of merchantability, and an implied warranty of fitness for a particular purpose.  There is no evidence that Defendant Vaughan made any express warranty in this case, so I instruct you not to consider that. Defendant Sears acknowledges that it has a lifetime return policy on its hand tools, but denies that this warranty was breached.  Both Defendants deny that they breached any implied warranty with the Plaintiff. I will give you the legal definitions of these three types of warranty, and you will find upon the evidence either that any of these warranties were or were not in effect in the manner the Plaintiff contends. If you find that the warranties were in effect in the manner the Plaintiff contends, you must then decide whether the Defendants breached the warranties. If you find that the Defendants breached the warranties, you must finally decide whether the Defendants' breach of the warranties was a substantial factor in causing the harm that the plaintiff claims he has suffered. The three questions you must decide are, therefore: (1) whether a warranty existed, (2) whether the Defendants breached the warranty, and (3) whether the breach of the warranty was a substantial factor in causing harm to the Plaintiff.  If you find in favor of the Plaintiff on all three questions, you may return a verdict for the Plaintiff. If you do not find in favor of the Plaintiff on all three questions, you must return a verdict for the Defendants. *Pa.SSJI* 9.00 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

16

15.     When a seller states a fact or makes a promise or causes another person to state a fact or make a promise relating to the goods he or she sells, the seller has created an express warranty that the goods will conform to that statement or promise.

A description by the seller of the goods he or she sells creates an express warranty that the goods sold will conform to that description.

An express warranty may be made before, at the time of, or after the sale of goods.

A statement as to the value of the goods or a statement purporting to be merely the seller's own opinion of the quality of the goods does not create an express warranty *Pa.SSJI* 9.01 (Civ).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

16.     Where the seller at the time of the sale has reason to know the specific use for which the buyer is purchasing the goods and that the buyer is relying on the seller's skill or judgment to select or furnish goods suitable for that use, an implied warranty is created that the goods will be fit for that particular purpose.

A seller need not actually know the specific use for which the buyer is purchasing the goods or of the buyer's reliance on the seller's skill or judgment, if the circumstances are such that the seller has reason to realize the purpose intended or that reliance exists. *Pa.SSJI* 9.02 (Civ).

_____ Granted     _____ Denied     _____ Modified     _____ Covered

17.    A merchant is a person who deals in goods or has knowledge or skill peculiar to goods involved in the transaction. A merchant also can be one who employs others who have such knowledge or skill.

Agreement of sale means the bargain of the parties as found in the expressed language or conduct of the parties, or by implication from other circumstances. This includes any course of performance, course of dealing, or usage of trade.

A course of performance is that period during which the seller and buyer have engaged in transactions of such goods.

A course of dealing arises from the previous conduct between the buyer and seller. The course of dealing establishes a common basis for understanding each other's expressions or conduct.

A usage of trade is any particular method of dealing that has been regularly followed by persons in a particular place, trade, or vocation. Because a usage of trade is so regularly followed, a buyer must justifiably expect it to be followed by the seller in any sale.

If the seller is a merchant of goods of the kind sold, an implied warranty of merchantability exists:

(1)    that the goods as described or designated are of a quality comparable to that generally acceptable in the trade;

(2)    that where the goods are sold in units equivalent of any other unit, the units are of fair average quality for such goods;

(3)    that the goods are fit for the ordinary purposes for which such goods are used;

(4)    that the goods run, within variations permitted by the agreement of sale, of even kind, quality, and quantity within each unit and among all units involved;

(5)    that the goods are adequately contained, packaged, and labeled as the agreement of sale may require; and

(6)    that the goods conform to the promises or statements of fact made on the container or label.

In addition, other implied warranties may arise from course of dealing or usage of trade.

If you find that the evidence establishes both a course of dealing and a usage of trade that are in conflict, then the course of dealing controls. *Pa.SSJI* 9.03 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

18.    In order to be "merchantable," goods do not need to "be the best quality, or the best obtainable."  The law only requires that the goods "have an inherent soundness which makes them suitable for the purpose for which they are designed, that they be free from significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used."  If you find that the hammer was sound for its designed purpose, that it was free of reasonable defects, and that it was of reasonable quality, you must find for the Defendants. *Phillips v. Cricket Lighters*, 2004 WL 12277978 at *4 (Pa. Super. June 10, 2004) (citing *Gall v. Allegheny County Health Dept.*, 555 A.2d 786, 789 (Pa. 1989).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

19.    Similarly, an implied warranty of merchantability requires that "the goods will pass without objection in the trade and are fit for the ordinary purposes for which such goods are used."  If you find that the hammer would pass without objection in the hammer trade, and that the hammer is fit for the ordinary purposes for which a milled faced framing hammer is used, then you must find for the Defendants. *Phillips v. Cricket Lighters*, 2004 WL 12277978 at *4 (Pa. Super. June 10, 2004) (citing *Gall v. Allegheny County Health Dept.*, 555 A.2d 786, 789 (Pa. 1989).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

20.     Words or conduct relevant to the creation of an express warranty and words or conduct tending to exclude or limit a warranty will be construed as consistent with each other whenever such a construction is reasonable. If you find that the seller has here used words or conduct relevant to the creation of an express warranty and has also used words or conduct tending to exclude or limit the warranty, it is your duty to attempt to construe them as consistent with each other, but if you find that they cannot reasonably be construed as consistent with each other, you will disregard the words or conduct tending to exclude or limit the warranty.  *Pa.SSJI* 9.04(Civ).

\_\_\_\_\_ Granted          \_\_\_\_\_ Denied          \_\_\_\_\_ Modified          \_\_\_\_\_ Covered

21.    All implied warranties of fitness for a particular purpose may be excluded by language that states "there are no warranties that extend beyond the description on the face hereof."  The exclusion of an implied warranty of fitness for a particular purpose in this manner is a matter of law for the court to decide. I find upon the evidence admitted in this case that as a matter of law no exclusion of the implied warranty of merchantability was made by the defendant in this manner. You, therefore, must consider whether the implied warranty of fitness for a particular purpose was excluded in any other manner. *Pa.SSJI* 9.07 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

22.     In order to recover for a breach of warranty, a buyer must notify the seller of the breach within a reasonable time after he or she discovers or should have discovered the breach. In determining whether notice was given within a reasonable time, you will apply a more lenient standard to a retail consumer than you would to a merchant buyer. A buyer notifies a seller by taking the steps that would reasonably be required to inform the seller in ordinary circumstances, regardless of whether the seller actually comes to know of the alleged breach. *Pa.SSJI* 9.09 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

**NEGLIGENCE**

23.     The legal term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise in the circumstances here presented.  Negligent conduct may consist of either an act or omission to act when there is a duty to do so. In other words, negligence is the failure to do something which a reasonably careful person would do, or the doing of something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case.  If is for you to determine how a reasonably careful person would act in those circumstances.  *Pa.SSJI* 3.01 (Civ).

_____ Granted         _____ Denied         _____ Modified         _____ Covered

24.     Ordinary care is the care a reasonably careful person would use under the circumstances presented in this case.  It is the duty of every person to use ordinary care not only for his own safety but also to avoid injury to others.  What constitutes ordinary care varies according to the particular circumstances and conditions existing then and there.  The amount of care required by the law must be in keeping with the degree of danger involved. *Pa.SSJI* 3.02 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

25.    The Defendants claim that the Plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a plaintiff that is a substantial factor in bringing about the plaintiff's injury.  The burden of proof is not on the Plaintiff to prove his freedom from contributory negligence.  The Defendants have the burden of proving contributory negligence by a fair preponderance of the credible evidence. You must determine whether the Defendants have proven that the Plaintiff, under all the circumstances present, failed to exercise reasonable care for his own protection.

Defendants' specific grounds for this contributory negligence include Plaintiff's failure to wear safety goggles or other eye protection, Plaintiff's failure to inspect the hammer before use, and the Plaintiff's use of the hammer not to strike nails, but rather as a wedge, striking it with another hammer to drive it between two boards.

Even if you find that the Plaintiff was negligent, you must also determine whether the Defendants have also proven that Plaintiff's conduct was a substantial factor in bringing about the Plaintiff's injury.  If the Defendants have not sustained this burden of proof, then the defense of contributory negligence has not been made out. *Pa.SSJI* 3.03 (Civ).


_____ Granted        _____ Denied        _____ Modified        _____ Covered

26.    The mere happening of an incident or injury does not raise an inference or presumption of negligence.  If the occurrence of the incident and the injury are the only evidence of negligence, then you must find for the Defendants.  *Hamil v. Bashline*, 392 A.2d 1280 (Pa. 1978); *Chonalla v. Barner*, 409 A.2d 83, 85 (Pa.Super. 1979).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

27.     A person may not recover for injuries which are received as a result of a failure on his or her own part to observe and avoid a danger which ordinary care for his or her own safety would have disclosed. *Skalos v. Higgins,* 449 A.2d 601 (Pa.Super. 1982).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

28.    The Plaintiff claims that he was injured and sustained damage as a result of the negligent conduct of the Defendants. The Plaintiff has the burden of proving his claims.

The Defendants deny the Plaintiff's claims and assert an affirmative defense that the Plaintiff was himself negligent and that such negligence was a substantial factor in bringing about Plaintiff's injuries.  The Defendants have the burden of proving this affirmative defense.

Based upon the evidence presented at trial, the issues for you to decide in accordance with the law as I shall give it to you, are:

First:  were the Defendants negligent?

Second: was the Defendants' conduct a substantial factor in bringing about harm to the Plaintiff?

Third: Was the Plaintiff himself negligent and was such negligence a substantial factor in bringing about Plaintiff's injury? *Pa.SSJI* 3.00 (Civ).


_____ Granted        _____ Denied        _____ Modified        _____ Covered

29.    The Defendants claim that the Plaintiff assumed the risk of injury and the Defendants have the burden of proving that this was so.  The elements of assumption of the risk are that the Plaintiff fully understood the specific danger that caused his injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger.

This is a subjective test.  The question is not whether a reasonable person in the Plaintiff's position would have understood the risk, but whether the Plaintiff himself actually did.

The Plaintiff's knowledge and understanding of the specific danger may be proven by circumstantial evidence.  Direct evidence is not required.

You must therefore determine whether the Defendants have met their burden of proof. If you find that the Plaintiff intelligently and voluntarily accepted the specific risk that caused the Plaintiff's injuries, your verdict must be for the Defendants. *Pa.SSJI* 3.04 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

30.    In civil cases such as this one, the Plaintiff has the burden of proving those contentions which entitle him to relief.

When a party has the burden of proof on a particular issue, his contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other, place all of the evidence favorable to the Defendants. If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the Plaintiff, your verdict must be for the Plaintiff. If the scales tip in favor of the Defendants, your verdict must be in favor of the Defendants.  If you find that the scales are equally balanced, Plaintiff has not met his burden, so your verdict must be for the Defendants. In this case, the Plaintiff has the burden of proving the following positions:

On Plaintiff's strict liability claim, he must prove that the hammer was defective, that the defect existed at the time of the sale of the hammer, that the Plaintiff's injuries would not have occurred absent the defect, and that the defect was a substantial factor in bringing about Plaintiff's injury.

On Plaintiff's negligence claim, he must prove that the Defendants breached a duty of care to the Plaintiff, and that such a breach was both the factual cause and a substantial factor in bringing about the Plaintiff's injuries.

On Plaintiff's warranty claims, he must prove that a warranty existed, that the Defendants breached the warranty, and that the breach of the warranty was a substantial factor in causing harm to the plaintiff.

If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiff. Otherwise your verdict should be for the Defendants. *Pa.SSJI* 5.50 (Civ).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

**TESTIMONY, WITNESSES, ETC.**

31.    The law treats corporate entities the same as individual human plaintiffs. Corporate entities are treated the same as persons under the law. I instruct you not to take any negative inferences from the fact that the Defendants are corporations.  All persons, real and fictional, are entitled to the same consideration by you under our system of laws.

_____ Granted          _____ Denied          _____ Modified          _____ Covered

32.     A witness who has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation may give his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his opinion. You are not bound by an expert's opinion merely because he is an expert; you may accept or reject, as in the case of other witnesses. Give it the weight, if any, to which you deem it entitled. *Pa.SSJI* 5.30 (Civ).

_____ Granted          _____ Denied          _____ Modified          _____ Covered

33.     In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, they come from his own personal knowledge, from some other proper source, or from some other combination of these.  *Pa. SSJI* 5.31 (Civ).


\_\_\_\_\_ Granted        \_\_\_\_\_ Denied        \_\_\_\_\_ Modified        \_\_\_\_\_ Covered

34.    If an expert has made it clear that his opinion is based on the assumption that a particular fact did exist, and from the evidence you find that it did not exist and it was material, you should give no weight to the opinion expressed. *Pa. SSJI* 5.32 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

35.      In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualification and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based. *Pa.SSJI* 5.33 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

.

36.    Discrepancies in a witness's testimony or between such witness's testimony and that of other witnesses, if there were any, do not necessarily mean that [any] [such] witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe. *Pa. SSJI* 1.45 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

37.    The number of witnesses offered by one side or the other does not in itself determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appear to you to be of the same quality, the weight of numbers assumes particular significance. *Pa. SSJI* 5.03 (Civ).

_____ Granted        _____ Denied        _____ Modified        _____ Covered

## **DAMAGES**

38.     You should not consider the question of damages in this case until you have first determined whether the Defendants are legally responsible for the injuries, if any, claimed by the Plaintiff.   If you find from the evidence and under the instructions of the Court that the Defendants are not legally responsible to Plaintiff, then you have no occasion at all to consider the question of damages.   The fact that the Court has given you instructions on the law of damages is not to be taken by you as any indication on the part of the Court that either Defendant is responsible for the damages to Plaintiff.

_____ Granted          _____ Denied          _____ Modified          _____ Covered

39.    Plaintiff must prove that each item of his claimed damages was caused by the claimed accident.  If Plaintiff fails to prove that a claimed item of damages was caused by the alleged accident, or if you conclude that a claimed item of damage was caused solely by some non-accident related condition or cause, you must not award the Plaintiff any money for that claimed item of damage.

_____ Granted        _____ Denied        _____ Modified        _____ Covered

40.    The Court has already instructed you about what you may consider in determining whether the Defendants were negligent, whether the Plaintiff was contributorily negligent, and whether such negligence, if any, was a substantial factor in bringing about the Plaintiff's harm. If you find, in accordance with these instructions, that the Defendants were negligent and such negligence was a substantial factor in bringing about the Plaintiff's harm, you must then consider whether the Plaintiff was contributorily negligent.   If you find that the Plaintiff was contributorily negligent and such contributory negligence was a substantial factor in bringing about his harm, then you must apply the Comparative Negligence Act, which provides in Section 1:

> The fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than that causal negligence of the defendant, or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

Under this Act, if you find that the Defendants were causally negligent and you find that the Plaintiff was also causally negligent, it is your duty to apportion the relative degree of causal negligence between the Defendants and the Plaintiff.  In apportioning the causal negligence one should use common sense and experience to arrive at a result that is fair and reasonable under the facts of this occurrence, as you have determined them from the evidence.

If you find that Plaintiff's causal negligence was greater than the causal negligence of the Defendants, then the Plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that Plaintiff's causal negligence was equal to or less than the causal negligence of the Defendants, then you must set forth the percentages of causal negligence

attributable to the Plaintiff and the percentage of causal negligence attributable to each Defendant. The total of these percentages must be 100 percent.  You will then determine the total amount of damages to which the Plaintiff would be entitled if he had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault.  After you return your verdict, the Court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff.

To further clarify these instructions, the Court will now distribute to each of you a verdict form containing specific questions. At the conclusion of your deliberations, one copy of this form should be signed by your foreman and handed to the Court clerk; this will constitute your verdict. The verdict form reads as follows:

**Question 1**:    Do you find that either Defendant was negligent?

Yes ____        No ____

If you answer Question 1 "No", the Plaintiff cannot recover and you should not answer any further questions and should return to the Courtroom.

**Question 2:**  Was that Defendant's negligence a substantial factor in bringing about the Plaintiff's harm?

Yes ____        No ____

If you answer Question 2 "No", the Plaintiff cannot recover and you should not answer any further questions and should return to the Courtroom.

**Question 3**:    Was Plaintiff contributorily negligent?

Yes _____        No _____

If you answer Question 3 "Yes," proceed to Question 4.  If you answer Question 3 "No," proceed to Question 6.

**Question 4**:   If you answered Question 3 "Yes," was his contributory negligence a substantial factor in bringing about his harm?

Yes _____        No _____

**Question 5**:   Taking the combined negligence that was a substantial factor in bringing about the Plaintiff's harm as 100 percent, what percentage of that causal negligence was attributable to the Defendants and what percentage was attributable to the Plaintiff?

Percentage of causal negligence attributable to both Defendants        _____%

Percentage of causal negligence attributable to Plaintiff            _____%

Total        100%

If you have found Plaintiff's causal negligence to be greater than 50%, then the plaintiff cannot recover and you should not answer any more questions and should return to the Courtroom.

**Question 6**:    State the amount of damages, if any, sustained by the Plaintiff as a result of the occurrence, without regard to and without reduction by the percentage of causal negligence, if any, that you have attributed to the Plaintiff.

_____

**Question 7:**    If you found both Defendant Vaughan & Bushnell and Defendant Sears to be liable, state the percentage of liability attributable to each Defendant. This total must equal 100%.

| | |
|---|---|
| Vaughan | _____% |
| Sears | _____% |
| Total | 100% |

41.    Pennsylvania law permits a jury to award nominal damages.  Nominal damages equal $1.00.  *Stevenson v. Economy Bank of Ambridge*, 197 A.2d 721 (Pa. 1964).

_____ Granted         _____ Denied         _____ Modified         _____ Covered

$_____

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY:    _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that the within DEFENDANTS' PROPOSED BINDING INSTRUCTIONS AND POINTS FOR CHARGE was served upon plaintiff's counsel via first class mail, postage prepaid, on July 9, 2004, as follows:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102


CIPRIANI & WERNER, P.C.


BY:    _____

Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants