IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA 19128, | : <br> : <br> : | CIVIL ACTION NO: 02-CV-4615 |
| Plaintiff, | : | |
| v. | : | |
| SEARS ROEBUCK & CO.   and<br>VAUGHAN & BUSHNELL<br>MANUFACTURING CO. | : <br> : <br> : | Hon. Eduardo C. Robreno |
| Defendants. | : | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S LAY OPINION AS TO THE SOURCE OF THE PARTICLE**

AND NOW, comes the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell Manufacturing Co., by and through their undersigned counsel, and file the within Motion in Limine to Exclude Plaintiff's Lay Opinion as to the Source of the Particle. For the reasons set forth in the accompanying brief, it is respectfully requested that this Honorable Court enter an order prohibiting Plaintiff from offering opinions as to the source of the particle removed from his eye.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

1

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF | : | |
| 634 Fountain Street | : | CIVIL ACTION NO: 02-CV-4615 |
| Philadelphia, PA  19128, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEARS ROEBUCK & CO.   and | : | Hon. Eduardo C. Robreno |
| VAUGHAN & BUSHNELL | : | |
| MANUFACTURING CO. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER OF COURT**

AND NOW, this _____ day of _____, 2004, in consideration of the foregoing Defendants' Motion in Limine to Exclude Plaintiff's Lay Opinion As To The Source Of The Particle, it is hereby ORDERED, ADJUDGED and DECREED that the aforesaid Motion is GRANTED.  Plaintiff shall not offer any opinion testimony as to what he believes to be the source of the particle, nor shall he offer any opinion as to whether the hammer is defective.

BY THE COURT:


_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA 19128, | :<br>: CIVIL ACTION NO: 02-CV-4615<br>: |
| Plaintiff, | : |
| v. | : |
| SEARS ROEBUCK & CO.   and<br>VAUGHAN & BUSHNELL<br>MANUFACTURING CO. | :<br>: Hon. Eduardo C. Robreno<br>: |
| Defendants. | : |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S LAY OPINION AS TO
THE SOURCE OF THE PARTICLE**

AND NOW, come the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell Manufacturing Co., by and through their undersigned counsel, and file the within Brief In Support Of Defendants' Motion In Limine To Exclude Plaintiff's Lay Opinion As To The Source Of The Particle.

I.   FACTUAL BACKGROUND

This case arises out of an alleged accident in which a ferromagnetic particle became lodged in Plaintiff's eye which allegedly came from a claw hammer manufactured and sold by Defendants.

Plaintiff describes the alleged incident as follows: On June 17, 2000, a hot tub had been delivered to the Gangloff home that was shipped on a wooden pallet. After the hot tub had been removed from the pallet, Plaintiff and his friend John Kovolski proceeded to break the pallet

1

apart. As they were nearly finished tearing down the wooden pallet, Plaintiff placed the Craftsman hammer in his left hand, turned it upside down, and placed the Craftsman hammer's claws between two boards of the pallet. He simultaneously took hammer in his right hand and struck the head of the Craftsman hammer in an attempt to pry the two boards apart. (Depo. of Plaintiff at p. 81).

When Plaintiff struck the Craftsman hammer with the Greatneck hammer, he testified that it felt like something hit him in the right eye, *but did not see an object enter it*. (Depo. of Plaintiff at p.84). Specifically, Defense counsel asked Plaintiff "Did you see an object or particle go into your eye?" to which he responded, "No, I just felt it. I wouldn't say I felt it go in my eye, but I felt it hit my eye. That's what it felt like. Felt like something --like an eyelash went in your eye, and it gets all itchy." *Id*. He rinsed out his eye, then sought medical attention. (Depo. of Plaintiff at pp. 90-91).

At the Wills Eye Hospital, a foreign body was removed from Plaintiff's eye. The pathology report identifies this foreign body as a 1.5 x .5 mm "hard and black metallic foreign body." (Wills Eye Hospital pathology report, attached hereto as Exhibit "A").

Plaintiff failed to retain this particle, which was ultimately discarded by the pathology lab. As such, it cannot be visually, chemically or radiologically tested to determine if, in fact, it came from the Craftsman hammer. While the various experts in this case have varying opinions as to whether or not this particle in fact came from the Craftsman hammer, it would be improper for Plaintiff to testify to his lay opinion as to the source of the particle, as the best that he can say is that he saw nothing and simply felt something "like an eyelash" in his eye. Similarly, Plaintiff should not be permitted to offer his lay opinion as to whether the hammer was defective.

II.   **ARGUMENT**

The admissibility of lay opinion testimony is governed by Rule 701 of the Federal Rules of Evidence, which provides as follows:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences that are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

F.R.E. 701.  In *Asplundh Manufacturing Division v. Benton Harbor Engineering*, 57 F.3d 1190 (3d Cir. 1995), the Third Circuit established the following rule for the admission of lay testimony under F.R.E. 701:

> [T]he admissibility of opinion evidence under the strictures of Rule 701 is not without limit. Rule 701's requirement that the opinion be "rationally based on the perception of the witness" demands more than that the witness have perceived something firsthand; rather, it requires that the witness's perception provide a truly rational basis for his or her opinion. Similarly, the second requirement--that the opinion be "helpful to a clear understanding of the witness's testimony or the determination of a fact in issue"--demands more than that the opinion have a bearing on the issues in the case; in order to be "helpful," an opinion must be reasonably reliable. In other words, Rule 701 requires that a lay opinion witness have a reasonable basis grounded either in *experience or specialized knowledge* for arriving at the opinion that he or she expresses.

*Id*. at 1201 (emphasis in the original).  As Plaintiff's deposition testimony makes abundantly clear, he did not see anything going into his eye.  He merely felt something in his eye like an eyelash.  Any lay opinion which might be expressed by Plaintiff as to the source of the particle would not be "rationally based on [his] perception" as required by F.R.E. 701, and would not be helpful as to the determination of a fact at issue.

Similarly, Plaintiff should be prohibited from offering his lay opinion as to whether he believes the hammer to be defective, as he is without any experience or specialized knowledge to render such an opinion.  The Third Circuit in *Asplundh* mandated that such lay opinion be "rigorously scrutinized" by the trial courts:

3

> In sum, for lay opinion as to technical matters such as product defect or causation to be admissible, it must derive from a sufficiently qualified source as to be reliable and hence helpful to the jury. In order to satisfy these Rule 701 requirements, the trial judge should rigorously examine the reliability of the lay opinion by ensuring that the witness possesses sufficient special knowledge or experience which is germane to the lay opinion offered.

*Id*.  Plaintiff has no "special knowledge or experience" with the design or manufacture of hammers or hand tools.  In fact, he claims that he did not even know that he was supposed to wear safety goggles to protect his eyes when using these tools.  As he did not see the particle enter his eye, never inspected the particle following its removal from his eye, and has no specialized training or knowledge regarding the design or manufacture of the hammer, his lay opinion as to whether the hammer is defective is improper and impermissible.

The Defendants respectfully request that this Honorable Court rigorously scrutinize the lack of basis for any such opinion testimony and enter an order precluding Plaintiff from offering such testimony at trial.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500
Counsel for the Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the within Motion in Limine to Exclude Plaintiff's Lay Opinion as to the Source of the Particle and Brief in Support was served upon plaintiff's counsel via first class mail, postage prepaid, on July 9, 2004, as follows:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102

CIPRIANI & WERNER, P.C.

BY: _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants