IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA  19128, | : <br> : <br> : <br> : | CIVIL ACTION NO:  02-CV-4615 |
| Plaintiff, | : <br> : | |
| v. | : <br> : | |
| SEARS ROEBUCK & CO.   and<br>VAUGHAN & BUSHNELL<br>MANUFACTURING CO. | : <br> : <br> : <br> : | Hon. Eduardo C. Robreno |
| Defendants. | : | |

**<u>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN
INADMISSIBLE TESTIMONY OF WILLIAM VIGILANTE</u>**

AND NOW, comes the defendants, Sears, Roebuck and Co. and Vaughan & Bushnell Manufacturing Co., by and through their undersigned counsel, and file the within Motion in Limine to Exclude Certain Inadmissible Testimony of William Vigilante. For the reasons set forth in the accompanying brief, it is respectfully requested that this Honorable Court enter an order prohibiting Mr. Vigilante from testifying or offering opinions regarding certain American National Standards Institute regulations that are not applicable to this product as well as from offering opinions regarding the Sears' catalogs which are not applicable to the facts in this case.

Respectfully submitted,

CIPRIANI & WERNER, P.C.

BY: _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
(412) 281-2500
Counsel for the Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF<br>634 Fountain Street<br>Philadelphia, PA  19128, | : <br>: <br>: <br>: | CIVIL ACTION NO:  02-CV-4615 |
| Plaintiff, | : <br>: | |
| v. | : <br>: | |
| SEARS ROEBUCK & CO.   and<br>VAUGHAN & BUSHNELL<br>MANUFACTURING CO. | : <br>: <br>: <br>: | Hon. Eduardo C. Robreno |
| Defendants. | : <br>: | |

**ORDER OF COURT**

AND NOW, this _____ day of _____, 2004, in consideration of the foregoing Defendants' Motion in Limine to Exclude Certain Inadmissible Testimony of William Vigilante, it is hereby ORDERED, ADJUDGED and DECREED that the aforesaid Motion is GRANTED.  William Vigilante shall not testify or offer opinions regarding the American National Standard Institute ("ANSI") Z535.4-1991, ANSI Z35.1-1972, or regarding the Sears' catalogs as set forth in his expert report.

BY THE COURT:


_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT GANGLOFF | : | |
| 634 Fountain Street | : | CIVIL ACTION NO: 02-CV-4615 |
| Philadelphia, PA  19128, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SEARS ROEBUCK & CO.   and | : | Hon. Eduardo C. Robreno |
| VAUGHAN & BUSHNELL | : | |
| MANUFACTURING CO. | : | |
| | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE CERTAIN INADMISSIBLE TESTIMONY OF WILLIAM VIGILANTE**

AND NOW, come the defendants, Sears, Roebuck and Co. ("Sears") and Vaughan & Bushnell Manufacturing Co. ("Vaughan & Bushnell"), by and through their undersigned counsel, and file the within Brief in Support of Defendants' Motion in Limine to Exclude Certain Inadmissible Testimony of William Vigilante.

I.   **FACTUAL BACKGROUND**

This case arises out of an alleged accident in which a ferromagnetic particle became lodged in Plaintiff's eye which allegedly came from a claw hammer manufactured and sold by Defendants.  Plaintiff's Complaint sets forth causes of action against the Defendants sounding in, *inter alia*, strict liability and negligence for the design, manufacture and warnings accompanying the hammer.

1

Plaintiff has retained William J. Vigilante, Ph.D. of Robson Lapina, a self-described "human factors expert" with experience primarily in the pharmaceutical and computer industries, to offer opinions in support of Plaintiff's warnings claims. (A true and correct copy of his expert report and curriculum vitae is attached hereto as Exhibit "A"). Dr. Vigilante's expert report offers various opinions on the adequacy of the warning system employed on the hammer.

Dr. Vigilante's opinions are premised in part on American National Standard Institute (ANSI) standard Z535.4-1991. *See* Vigilante report at pp. 11-17. This standard was introduced in 1991- two years after this hammer had been manufactured and allegedly sold to Plaintiff's father. Deposition of Lawrence Gangloff at p. 27. An ANSI standard introduced years after the manufacture of the hammer has no relevance to the issues in this case, and will only serve to confuse the jury.

Dr. Vigilante's expert report also offers opinions based upon the Sears' Craftsman tool catalogs from 1990 and 1991 in which he criticizes the fact that the catalog uses the terms "light duty eye guards, protective goggles, mask impact goggles, [and] polycarbonate glasses" instead of the term "safety goggles"; and that these devices are listed in a section for accessories for table saws, radial saws, and routers. Vigilante report at pp. 7, 15-16. However, the Gangloff hammer was not purchased from a tool catalog. To the contrary, Plaintiff's father testified that he purchased the hammer in a Sears' store in 1989 as a Christmas gift for Plaintiff's older brother, Robert Watson, who was beginning a carpentry vocational training program. Plaintiff's father testified that he went into the store without knowing specifically which model of hammer he would be purchasing, and was directed to the subject hammer by a salesman. Plaintiff's father did not rely on either Sears' catalog in purchasing this hammer. Plaintiff himself was only

eight years old at the time. There is no evidence Plaintiff ever relied on these catalogs, or even saw them before they were produced by Defendants in discovery.

**II.    ARGUMENT**

The anticipated testimony of Dr. Vigilante based on his report both as to ANSI standard Z535.4-1991, a standard that did not come into existence until years after the manufacture and sale of the Gangloff hammer, and as to the Sears' catalogs, which were neither reviewed nor relied upon by either Plaintiff or his father, have no relevance to the issues in this lawsuit and will result in unfair prejudice to the Defendants. To prevent confusion of the jury and the unfair prejudice which will necessarily result from the introduction of this irrelevant evidence, Defendants respectfully request that the Court enter an Order prohibiting Dr. Vigilante from offering such testimony.

As the Court is well aware, Rule 402 of the Federal Rules of Evidence mandates that "Evidence which is not relevant is not admissible." F.R.E. 402. Relevant evidence is defined by Rule 401 as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

F.R.E. 401. Applying this standard, the anticipated testimony regarding ANSI standard Z535.4-1991 and the Sears' catalogs has no relevance to any issue of consequence in this lawsuit.

Plaintiff's causes of action include strict products liability and negligence in the design, manufacture, and warnings of the hammer. Plaintiff's Complaint also sets forth causes of action for breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

3

The elements of Plaintiff's proof in these causes of action are well known to the Court. In order to prove a claim in strict liability, a plaintiff must prove: (1) the product was defective; (2) the defect existed while the product was in the control of the manufacturer; and (3) the defect was the proximate cause of the injuries. *Habecker v. Clark Equipment Co.,* 36 F.3d 278, 284 (3d Cir. 1994) (citing *Walton v. Avco Corp.*, 610 A.2d 454, 458-59 (Pa. 1992)).

In a negligence claim, it is Plaintiff's burden to prove: (1) a duty requiring the defendant to conform to a certain standard of care; (2) failure to conform to such standard; (3) a causal connection between the failure to conform and an injury; and (4) actual loss or damage. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995) (citing *Griggs v. BIC Corp.*, 981 F.2d 1429, 1434 (3d Cir. 1992)).

### A.    ANSI Z535.4-1991 was not in effect at the time of the hammer's design or manufacture, has no relevance to the issues in this lawsuit.

The product on trial in this case is a hammer manufactured in 1989. There is no relevance of ANSI Z535.4-1991, an industry guideline developed two years *after* the hammer had been manufactured and, according to Plaintiff's father, sold to him. Had this standard been in effect at the time of manufacture, which it was not, it may have had some relevance to the conduct of the manufacturer. Indeed, there was an ANSI standard in effect regarding the warnings to be provided with a nail hammer at the time of manufacture – ANSI B173.1-1982, which is also cited by Dr. Vigilante in his report. (Vigilante report at pp.5, 10). As to ANSI Z535.4-1991, however, common sense dictates that if an industry guideline or standard was not in existence at the time of this hammer's design or manufacture, it has no relevance to the design or manufacture of the hammer and any reference to it should be excluded at trial.

**B.     With regard to ANSI Z535.4-1991, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.**

With regard to ANSI Z535.4-1991, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues under Rule 403 of the Federal Rules of Evidence, which provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403. It would be manifestly unfair to allow Plaintiff's expert to attempt to hold Defendants to a standard that did not exist at the time. In fact it did not even come into effect until two years after the hammer at issue in this case. Defendants request that this Court exercise its discretion under Rule 403 by excluding this evidence as patently unfair and prejudicial.

Further, testimony regarding this standard, not even in existence at the time, would result in confusion to the jury in this complex products liability case. There was an applicable ANSI standard in place at the time – ANSI B173.1-1982. Testimony regarding standards introduced after the fact will unfairly prejudice the Defendants by suggesting that they violated a standard that was not in existence at the time of design or manufacture.

Dr. Vigilante's anticipated testimony regarding ANSI Z535.4-1991 has no relevance to any issue in this lawsuit. In addition, Defendants respectfully request that the Court exercise its discretion under Rule 403 to exclude this evidence to prevent confusion of the issues and avoid prejudice.

      **C.**    **ANSI Z35.1-1972 is not relevant to the issues in this lawsuit, as it relates to environmental signs, not to product warning labels.**

In addition to ANSI Z535.1-1991, Dr. Vigilante's report also offers opinions based on ANSI Z35.1-1972. This provision is not applicable to warning labels. To the contrary, it relates to environmental accident prevention signs. Indeed, Dr. Vigilante's report notes that Z35.1-1972 is titled "Specifications for Accident Prevention Signs". (Vigilante report at p.11 n.49).

Accident prevention signs are not at issue in this lawsuit, product warning labels are. Dr. Vigilante's anticipated testimony as to ANSI Z35.1-1972 is not relevant to the issues in this lawsuit. Further, allowing his anticipated testimony as to Z35.1-1972 to be presented to the jury will confuse the issues in this matter and result in substantial unfair prejudice to the Defendants. Therefore, Defendants respectfully request that the Court exercise its discretion under Rule 403 to exclude this evidence to prevent confusion of the issues and avoid prejudice.

      **D.**    **Dr. Vigilante's anticipated testimony as to the Sears' catalogs has no relevance to the issues in this lawsuit, as the hammer was not purchased through a catalog and there is no evidence of record, i.e. lack of foundation to any reference to them.**

It is uncontested that Plaintiff did not purchase the hammer. Rather, Plaintiff claims that it was purchased by his father, Lawrence Gangloff. Deposition of Plaintiff at p. 20. Plaintiff's father testified that he did not purchase the hammer from a Craftsman tool catalog. Rather, he testified that he purchased the hammer in a Sears store in 1989 as a Christmas gift for Plaintiff's older brother, Robert Watson, who was beginning a carpentry vocational training program. Deposition of Lawrence Gangloff at p. 27. Clearly, Plaintiff's father did not rely on any Sears' catalog in purchasing this hammer.

6

Similarly, Plaintiff did not review or rely on the 1990 or 1991 catalogs. Indeed, Plaintiff himself was only eight years old at the time. *Id.* at p. 67. There is no evidence Plaintiff ever relied on these catalogs, or even saw them before they were produced by Defendants in discovery.

Dr. Vigilante's report suggests that he intends to testify that the catalogs were somehow inadequate in that the catalog uses the terms "light duty eye guards, protective goggles, mask impact goggles, [and] polycarbonate glasses" instead of the term "safety goggles"; and that these devices are listed in a section for accessories for table saws, radial saws, and routers. Vigilante report at pp. 7, 15-16.

As to both strict liability and negligence claims, Plaintiff has the burden of proof as to proximate causation. It is ludicrous to even suggest that the alleged insufficiencies contained within a catalog, which were neither seen nor relied upon by Plaintiff or his father, was a substantial factor in bringing about Plaintiff's injury. These catalogs and Dr. Vigilante's anticipated testimony regarding them are not relevant to any issue in this case and should be excluded under Rule 402.

### E. With regard to Dr. Vigilante's anticipated testimony regarding the catalogs, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

Although the product at issue, the model 38094 claw hammer, is not a complex device, the issues the jury must consider and resolve in this case are quite complex, as Plaintiff has a multi-faceted complaint, including multiple theories of liability. As such, the jury must evaluate essentially every conceivable products liability cause of action, including claims of strict liability for allegedly defective warnings, for allegedly defective design, and for allegedly defective manufacture, claims of negligent manufacture, negligent design, and negligent warning, as well

7

as express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose.

The introduction of testimony and evidence regarding alleged insufficiencies in the catalogs, when the product was not purchased from a catalog, the purchaser did not rely on a catalog to make his selection, and the plaintiff himself was only eight years old when the catalog was current will improperly confuse the issues and has no factual foundation in this case.

Dr. Vigilante's anticipated testimony regarding the 1990 and 1991 Craftsman tool catalogs has no relevance to any issue in this lawsuit.  In addition, Defendants respectfully request that the Court exercise its discretion under Rule 403 to exclude this evidence to prevent confusion of the issues and avoid prejudice.

    Respectfully submitted,

    CIPRIANI & WERNER, P.C.


BY: _____
    Anthony W. Hinkle, Esquire
    Pa. I.D. No. 49702
    Suite 111
    482 Norristown Road
    Blue Bell, PA  19422-2352
    (610) 567-0700

    Mike Adams, Esquire
    Pa. I.D. No. 49688
    Michael R. Lettrich, Esquire
    Pa. I.D. No. 80653
    1100 Two Chatham Center
    Pittsburgh, PA 15219
    Phone: (412) 281-2500

    Counsel for the Defendants

### III. CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within Motion in Limine to Exclude Certain Inadmissible Testimony of William Vigilante and Brief in Support was served upon plaintiff's counsel via first class mail, postage prepaid, on July 9, 2004, as follows:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102

CIPRIANI & WERNER, P.C.

BY: _____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants