IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SCOTT GANGLOFF                          :
634 Fountain Street                     :        CIVIL ACTION NO:  02-CV-4615
Philadelphia, PA  19128,                :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :
SEARS ROEBUCK & CO.   and               :        Hon. Eduardo C. Robreno
VAUGHAN & BUSHNELL                      :
MANUFACTURING CO.                       :
                                        :
        Defendants.                     :
                                        :

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE

AND NOW, come the Defendants, Sears, Roebuck and Co. and Vaughan & Bushnell

Manufacturing Co., by and through their undersigned counsel, and file the within Response in

Opposition to Plaintiff's Supplemental Motion in Limine.

Plaintiff's Supplemental Motion in Limine seeks to prohibit any reference to the

American National Standards Institute ("ANSI") standards, and indicates for the first time that

Plaintiff intends to withdraw all causes of action except strict products liability and proceed on a

strict liability theory only.  To the extent reference to the ANSI standards by the Defendants is

precluded on that basis, then any reference or suggestion by the Plaintiff that the testing of the

model 38094 hammer was inadequate should be excluded as well.

Pennsylvania law draws a firm distinction in products liability cases between strict

liability and negligence theories.  In *Griggs v. BIC Corp.,* 981 F.2d 1429 (3d Cir.1992), the Third

Circuit explained, "In strict liability, the focus is on a defect in the product, regardless of fault . .

. In negligence, the focus is on the reasonableness of a defendant's conduct." *Griggs*, 981 F.2d at 1438.  In *Phillips v. Cricket Lighters*, 576 A.2d 1000, 1008 (Pa. 2003), the Pennsylvania Supreme Court reaffirmed this distinction, holding that:

> Negligence and strict liability are distinct legal theories.  Strict liability examines the *product itself*, and sternly eschews considerations of the conduct of the manufacturer.  In contrast, a negligence cause of action revolves around an examination of the *conduct of the defendant*.

*Phillips v. Cricket Lighters*, 576 A.2d 1000, 1008 (Pa. 2003) (Emphasis added).

Because strict liability focuses on the product itself, and not the conduct of the defendant, evidence of industry practices and trade customs are generally inadmissible in strict liability cases as this evidence relates to the reasonableness of a defendant's conduct.  *See, e.g. Majdic v. Cincinnati Machine Co.*, 537 A.2d 334 (Pa. Super. 1988) (excluding evidence of ANSI standards to demonstrate industry custom, as it goes to the reasonableness of a defendant's conduct, not to the existence of a defect).

In this case, if Plaintiff is proceeding under a strict liability theory, and seeks to exclude all references to the ANSI standards, the Court should also prohibit Plaintiff from entering any evidence as to the testing of the model 38094 hammer.  Plaintiff intends to introduce the testimony of Dennis Deegan, Ph.D., a metallurgist who mentions in his report that he would like to have seen more testing of the hammer before it was placed into the stream of commerce.  (A true and correct copy of Dr. Deegan's report is attached hereto as Exhibit "A.")  This conclusory opinion has no factual basis.  For example, Dr. Deegan does not even suggest what type of "testing" he would have liked to have been used.  Nonetheless, this statement in his report suggests that Plaintiff intends to pursue this theory, which relates to the conduct of the Defendants.

The subject hammer is a standard carpentry hammer.  The design of these hammers complies with the applicable industry standards as to shape, materials, hardness, and all other pertinent design features, all of which have been developed over the course of decades in the hammer manufacturing industry. These qualities and parameters are detailed in the ANSI standards.  A true and correct copy of the applicable ANSI standards are attached hereto as Exhibit "B".  These standards were developed in connection with industry studies of the spalling or chipping of hammers, including the Battelle Institute report of 1958.  (A true and correct copy of this report is attached hereto as Exhibit "C.")  Exclusive of any demonstrative showing of the reasonableness of the Defendants' conduct, the ANSI standards demonstrate the history and deliberation that resulted in the applicable design parameters of the model 38094 hammer. Under the circumstances of this case, the jury should be permitted to understand the reasons why the hammer was manufactured to the specifications that it was.

To the extent that Plaintiff proceeds with a strict liability case only and evidence relative to the ANSI standards is to be excluded because it goes to the reasonableness of Defendants' conduct, then any questions regarding the testing of the model 38094 should be similarly excluded, because it also goes to the reasonableness of Defendant's conduct.  *See Phillips,* 576 A.2d at 1008.  Indeed, as the case cited in Plaintiff's Supplemental Motion makes clear, "The reasonableness of the manufacturer's conduct in choosing a particular design is not an issue. *Sheehan v. Cincinnati Shaper Co.* 555 A.2d 1352, 1355 (Pa.Super.1989) (citing. *Majdic,* 537 A.2d at 337). It would be patently unfair to permit Plaintiff to introduce testimony suggesting that the conduct of the Defendants was unreasonable as to the testing of the hammer, then to deny the Defendants the opportunity to demonstrate that the design parameters of this hammer were the result of decades of industry consensus and testing as set forth in the ANSI standards.

## **CONCLUSION**

Defendants respectfully request that this Honorable Court deny Plaintiff's Supplemental Motion in Limine and permit the Defendants to introduce evidence regarding the ANSI standards, or in the alternative, preclude the introduction of any evidence of the reasonableness or unreasonableness of the Defendants, including the degree and adequacy of the testing of the hammer.

Respectfully submitted,

BY:     AH861_____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500
Counsel for the Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the within Defendants' Response In Opposition To

Plaintiff's Supplemental Motion In Limine was served upon plaintiff's counsel via first class

mail, postage prepaid, on July 23, 2004, as follows:

Thomas Sheridan, Esquire
Sheridan & Murray
3800 Centre Square West
Philadelphia, PA  19102

CIPRIANI & WERNER, P.C.

BY:    AH861_____
Anthony W. Hinkle, Esquire
Pa. I.D. No. 49702
Suite 111
482 Norristown Road
Blue Bell, PA  19422-2352
(610) 567-0700

Mike Adams, Esquire
Pa. I.D. No. 49688
Michael R. Lettrich, Esquire
Pa. I.D. No. 80653
1100 Two Chatham Center
Pittsburgh, PA 15219
Phone: (412) 281-2500

Counsel for the Defendants